ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
ROYE ZUR, State Bar No. 273875
*rzur@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Proposed Attorneys for Debtor-in-Possession
S&W Blue Jay Way, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION**

In re

S&W BLUE JAY WAY, LLC,

Debtor and
Debtor-in-Possession.

Case No. 9:23-bk-10672-RC

Chapter 11

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEBTOR'S MOTION FOR ORDER APPROVING BIDDING PROCEDURES FOR THE SALE OF THE DEBTOR'S REAL PROPERTY**

**[Relates to Docket No. 2]**

**Hearing Date & Time:**
Date: August 22, 2023
Time: 2:00 p.m.
Place: Courtroom 201
1415 State Street
Santa Barbara, CA

Hon. Ronald A. Clifford III



ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

**TO THE HONORABLE RONALD A. CLIFFORD III, U.S. BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

Pursuant to Rule 201 of the Federal Rules of Evidence, S&W Blue Jay Way, LLC (the "Debtor"), debtor and debtor-in-possession in the above-referenced Chapter 11 case, hereby submits this Request for Judicial Notice ("RJN") in support of its *Motion for Order Approving Bidding Procedures for the Sale of the Debtor's Real Property* (the "Motion") [Docket No. 2].

The grounds for judicial notice are that the attached documents are true and correct copies of documents filed in the Debtors' bankruptcy case, and their authenticity "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonable questioned." See, Rule 201(b) of the Federal Rules of Evidence; *Velasquez v. GMAC Mortgage Corp*., 605 F. Supp. 2d 1049, 1058 (C.D. Cal 2008).

**Exhibit A:** Complaint for: 1) Judicial Foreclosure of Deed of Trust; 2) Judicial Foreclosure of Deed of Trust; (3) Money Due; 4) Open Book Account; 5) Declaratory Relief filed on June 22, 2023 in the Superior Court of the State of California for the County of Los Angeles, Case No. 23SMCV02921.

DATED: August 4, 2023

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By: [signature]
ROYE ZUR
Proposed Attorneys for Debtor-in-Possession
S&W Blue Jay Way, LLC

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles
6/22/2023 6:45 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Coleman, Deputy Clerk

Ronald N. Richards (State Bar No. 176246)
LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C.
P.O. Box 11480
Beverly Hills, CA 90213
Telephone: (310) 556-1001
Facsimile: (310) 277-3325
Email: ron@ronaldrichards.com

Geoffrey S. Long (State Bar No. 187429)
LAW OFFICES OF GEOFFREY LONG, A.P.C.
1601 N. Sepulveda Blvd., No. 729
Manhattan Beach, CA 90266
Telephone: (310) 480-5946
Facsimile: (310) 796-5663
Email: glong0607@gmail.com

Attorneys for Plaintiff BLUE JAY 180 LLC, a California limited liability company

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – WEST DISTRICT

| | |
|---|---|
| BLUE JAY 180 LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>S&W BLUE JAY WAY, LLC, a California limited liability company; 180 PCH, LLC, a California limited liability company; 1966 BJW, LLC, a Delaware limited liability company; RC/HS, LLC, a California limited liability company; HS BLUE JAY WAY, LLC, a California limited liability company; HS 270, LLC, a California limited liability company; PCH 1000, LLC, a California limited liability company; JOHN S. MOREIKO, an individual; BSM INVESTMENTS INC., a Nevada corporation; A.C.C. COMPANY, a California general partnership; F STREET CTY LLC, a California limited liability company; PARVIZ KAMALI, an individual; TSU HUA TSAI, an individual; WEN BING CHEN, an individual; MEI LIN CHEN YANG, an individual; and DOES 1 through 120, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>**1) JUDICIAL FORECLOSURE OF DEED OF TRUST**<br>**2) JUDICIAL FORECLOSURE OF DEED OF TRUST**<br>**3) MONEY DUE**<br>**4) OPEN BOOK ACCOUNT**<br>**5) DECLARATORY RELIEF** |

COMES NOW Plaintiff BLUE JAY 180 LLC, a California limited liability company ("Plaintiff") and hereby complains and alleges as follows:

**PARTIES**

1. Plaintiff is, and at all times relevant hereto was, a California limited liability company in good standing with its principal place of business in Los Angeles, California.

2. Defendant S&W BLUE JAY WAY, LLC ("S&W LLC") is a California limited liability company with its principal place of business in the City of Malibu, County of Los Angeles, State of California. Plaintiff is informed and believes that S&W LLC is a member managed California limited liability company. Its members are 1966 BJW, LLC ("1966 LLC") and RC/HS, LLC ("RC/HS") or HS BLUE JAY WAY, LLC ("HS Blue Jay"). Hushmand Sohaili ("Sohaili") is the manager of RC/HS and HS Blue Jay and Richard Weintraub ("Weintraub") is the ultimate manager of 1966 LLC.

3. Defendant 1966 LLC is a Delaware limited liability company registered to conduct business in the State of California with its principal place of business in California in the City of Malibu, County of Los Angeles, State of California.

4. Defendant RC/HS is a California limited liability company with its principal place of business in the County of Los Angeles, State of California. Sohaili has held himself out as the manager of RC/HS and executed contracts on its behalf, however, no such entity is registered with the California Secretary of State.

5. Defendant ("HS Blue Jay") is a California limited liability company with its principal place of business in the City of Santa Monica, County of Los Angeles, State of California. Sohaili is the manager of HS BLUE JAY.

6. Defendant 180 PCH, LLC ("180 PCH") is a California limited liability company with its principal place of business in the City of Malibu, County of Los Angeles, State of California. Weintraub is the manager of 180 PCH. Its members are HS 270, LLC ("HS 270") and PCH 1000, LLC ("PCH 1000"). Sohaili is the manager and sole member of HS 270. WERWER One Thousand, LLC ("WERWER") is the managing member of PCH 1000 and Weintraub is the manager and sole member of WERWER.

7. Defendant HS 270 is a California limited liability company with its principal place of business in the City of Los Angeles, County of Los Angeles, State of California.

8. Defendant PCH 1000 is a California limited liability company with its principal place of business in the City of Malibu, County of Los Angeles, State of California.

9. Plaintiff is informed and believes that Defendant JOHN S. MOREIKO is an individual residing in Orange County, State of California, and this defendant is named solely as a lienholder in the Blue Jay Property, as that term is defined herein, which is located in Los Angeles County, State of California.

10. Plaintiff is informed and believes that Defendant BSM INVESTMENTS INC. is a Nevada corporation with its principal place of business in California in Orange County, and this defendant is named solely as a lienholder in the Blue Jay Property, as that term is defined herein. Defendants JOHN S. MOREIKO, BSM INVESTMENTS INC, and DOE Defendants 1 through 30 are referred to collectively herein as the "BLUE JAY LIENHOLDERS."

11. Plaintiff is informed and believes that Defendant A.C.C. COMPANY is a California general partnership with its principal place of business in Los Angeles, California, and this defendant is named solely as a lienholder in the Malibu Lots, as that term is defined herein.

12. Plaintiff is informed and believes that Defendant F STREET CTY LLC is a California limited liability company with its principal place of business in Los Angeles County, California, and this defendant is named solely as a lienholder in the Malibu Lots, as that term is defined herein, which are located in Los Angeles County, State of California.

13. Plaintiff is informed and believes that Defendant PARVIZ KAMALI is an individual residing in Los Angeles County, California, and this defendant is named solely as a lienholder in the Malibu Lots, as that term is defined herein.

14. Plaintiff is informed and believes that Defendant TSU HUA TSAI is an individual residing in Los Angeles County, California, and this defendant is named solely as a lienholder in the Malibu Lots, as that term is defined herein.

15. Plaintiff is informed and believes that Defendant WEN BING CHEN is an individual residing in Los Angeles County, California, and this defendant is named solely as a

lienholder in the Malibu Lots, as that term is defined herein.

16. Plaintiff is informed and believes that Defendant MEI LIN CHEN YANG is an individual residing in Los Angeles County, California, and this defendant is named solely as a lienholder in the Malibu Lots, as that term is defined herein. Defendants A.C.C. COMPANY, F STREET CTY LLC, PARVIZ KAMALI, TSU HUA TSAI, WEN BING CHEN, MEI LIN CHEN YANG, and DOE Defendants 41 through 70 are referred to collectively herein as the "MALIBU LIENHOLDERS."

17. The true names and capacities of Defendants named herein as Does 1 through 120, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of those defendants after they have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this Complaint and that Plaintiff's damages as alleged in the Complaint were proximately caused by the acts or omissions of such defendant.

18. Plaintiff is informed and believes, and thereon alleges, that at all times alleged in this Complaint, Defendants, and each of them, were the partners, joint venturers, agents, employees, alter egos, and representatives of each other in doing the things herein alleged and, in doing so, were acting within the scope of their respective authorities as agents, employees and representatives, and are jointly and severally liable to Plaintiff.

## JURISDICTION AND VENUE

19. This Court has jurisdiction over this action because Defendants are California residents.

20. Venue in this Court is proper pursuant to California *Code of Civil Procedure*, sections 395 *et seq.*, because the acts and omissions complained of herein occurred in Los Angeles County, one or more of the Defendants reside in Los Angeles County, and the Plaintiff resides in Los Angeles County.

21. The real properties which are the subject matter of this action are located within

the judicial boundaries of this Court in the cities of Los Angeles and Malibu, County of Los Angeles, State of California. Pursuant to California *Code of Civil Procedure*, section 392(a)(2) *et seq*., this Court is the proper court for trial in this action.

## GENERAL FACTUAL ALLEGATIONS

22. In or about February 2013, Robert Cohen as Trustee of the Cohen Family Trust Dated March 13, 1986 as Restated December 31, 2005 ("Original Lender") agreed to make a loan to S&W LLC in the maximum principal amount of $2,500,000 ("Cohen Loan") for purposes of S&W LLC's acquisition of land located at 1633 Blue Jay Way, Los Angeles, California 90069 ("Blue Jay Property"), the legal description of which is set forth in Exhibit "A" attached hereto and incorporated herein, on which S&W LLC intended to develop a multi-million dollar single family "spec" home ("House").

23. The Cohen Loan from Original Lender to S&W LLC is evidenced by a Promissory Note Secured By Deed Of Trust ("Note") dated February 26, 2013, a true and correct copy of which is attached hereto as Exhibit "B" and incorporated herein. The terms of the Cohen Loan, except as amended by Original Lender and S&W LLC as alleged herein, are set forth in the Note, but in summary Original Lender agreed to loan S&W LLC the maximum principal sum of $2,500,000, with an initial advance in the amount of $1,750,000 at the time that S&W LLC closed on the purchase of the Blue Jay Property, with subsequent advances in the minimum amounts of $100,000. The Note was drafted by Sohaili, who was also Cohen's lawyer at the time.

24. The interest rate on the Cohen Loan under the Note is 12%/annum. The Note and Cohen Loan are exempt from California's usury law pursuant to, *inter alia,* California *Corporations Code*, section 25118(b) *et seq*. Plaintiff voluntarily agreed to only charge a contract interest rate of 10%/annum on the Note ("Contract Rate") until the issue of usury and exemption are decided in this action. Plaintiff is not waiving its right to charge the contract interest rate of 12%/annum and default rate of an additional 4%/annum, as alleged below, in the event the Court finds in favor of Plaintiff on these issues, as pled below in the declaratory relief cause of action.

25. The Note also provides for the Contract Rate to increase by 4% per annum in the event of default or non-payment by maturity.

26. The original maturity date on the Note and Cohen Loan was the earlier of August 26, 2015, or upon the closing of S&W LLC's sale of the Blue Jay Property.

27. The Note provides for the recovery of attorneys' fees in the event an attorney is engaged to enforce the Note or the Cohen Blue Jay DOT, as defined herein.

28. Pursuant to the Note, Original Lender did advance and loan S&W LLC the full amount of $2,500,000. S&W LLC repaid $550,000 of that principal and to date there remains an outstanding, unpaid principal balance due and owing in the amount of $1,950,000.

29. The Note and all payments and obligations thereunder was secured by a Deed of Trust with Assignment of Rents (Long Form) on the Blue Jay Property, dated March 5, 2013, and duly recorded in the Official Records, Recorder's Offices, Los Angeles County, California on March 19, 2013, as Document No. 20130411255 ("Cohen Blue Jay DOT"), a true and correct copy of which is attached hereto as Exhibit "C" and incorporated herein. The Cohen Blue Jay DOT was to be junior to a deed of trust granted by S&W LLC to East West Bank to secure additional funding in the amount not to exceed $3,000,000 for S&W LLC's initial acquisition of the Blue Jay Property.

30. In connection with the Cohen Loan and Note, Original Lender, Sohaili, Weintraub, and La Villa Contenta, LLC entered into an Indemnity Agreement dated February 22, 20213 ("Indemnity Agreement").

31. Among other things, the Indemnity Agreement summarizes the terms of the Cohen Loan and Note as follows:

a. S&W LLC shall obtain a land loan from East West Bank ("Land Loan Lender") in an amount not to exceed $3,000,000 ("Land Loan") in order to acquire the Blue Jay Property and for interest for money reserves, and plans and specifications with respect to the House.

b. At the time final permits are obtained and plans and specifications are completed for construction of the House, S&W LLC shall obtain a

construction loan from a bank or financial institution regularly engaged in the business of making such construction loans ("Construction Loan Lender") in order to repay the Land Loan and provide for the cost of construction, interest, marketing, and sale of the House ("Construction Loan").

c. At the time of the initial funding of the Construction Loan (which shall not be in an amount in excess of 65% of the appraised value of the completed House and not have an interest rate in excess of prime plus 3%), Original Lender shall subordinate the Cohen Blue Jay DOT to the deed of trust securing the Construction Loan.

32. Plaintiff is informed and believes that in or about February 2013, S&W LLC did take out the Land Loan with East West Bank in the amount of $3,000,000, which was secured by a senior deed of trust on the Blue Jay Property.

33. Plaintiff is informed and believes that on or about May 5, 2017, S&W LLC entered into a subsequent lending agreement with various individuals in the amount of $3,725,000 ("East West Takeout Loan"). The East West Takeout Loan was secured by a Long Form Deed of Trust and Assignment of Rents on the Blue Jay Property, dated May 5, 2017, duly recorded in the Official Records, Recorder's Offices, Los Angeles County, California on May 25, 2017, as Document No. 20170581676 ("Astro DOT").

34. Plaintiff is informed and believes that the East West Takeout Loan was not the "Construction Loan" provided for in the Indemnity Agreement because, among other reasons, it was not from a bank or financial institution regularly engaged in the business of making such construction loans as required by the Indemnity Agreement, but instead was a loan to payoff and satisfy the Land Loan from the Land Loan Lender and was also used for other purposes by the Defendants.

35. In connection with the East West Takeout Loan and the Astro DOT, Original Lender agreed to and did enter into a Subordination Agreement whereby Original Lender agreed to subordinate the Cohen Blue Jay Deed of Trust to the Astro DOT. That Subordination Agreement, dated May 1, 2017, was duly recorded in the Official Records, Recorder's Offices,

Los Angeles County, California on May 25, 2017, as Document No. 20170581675 ("Subordination Agreement"), a true and correct copy of which is attached hereto as Exhibit "G" and incorporated herein.

36. On May 1, 2017, Original Lender and S&W LLC entered into an Amendment to Promissory Note Secured by Deed of Trust ("Amendment to Note") which, among other things, extended the original majority date of the Cohen Loan and Note to the earlier of May 1, 2019, or the closing of the sale of the Blue Jay Property by S&W LLC. A true and correct copy of the Amendment to Note is attached hereto as Exhibit "H" and incorporated herein.

37. As consideration for the extension of the original majority date of the Cohen Loan and Note, S&W LLC agreed and promised as follows in the Amendment to Note:

> In consideration of the extension of the Maturity Date and Lender's agreement to subordinate as provided herein, Borrower shall execute and cause to be recorded a deed of trust substantially in the form attached hereto as Exhibit "A" (the **"Malibu Junior Deed of Trust")** on that certain real property commonly known as 33386 and 33398 Pacific Coast Highway, Malibu, California. Lender acknowledges and agrees that the Malibu Junior Deed of Trust shall be junior and subordinate to that certain Long Form Deed of Trust and Assignment of Rents dated as of December 15, 2015, recorded on January 6, 2016 as Instrument No. 20160011910 in the Official Records securing a loan in the amount of $2,700,000.00.

38. There was no Exhibit "A" attached to the Amendment to Note.

39. Although the Amendment to Note states that S&W LLC shall execute and cause the "Malibu Junior Deed of Trust" to be recorded as additional security for the Cohen Loan and Note, on or about May 1, 2017, it was 180 PCH that executed and caused to be recorded a Long Form Deed of Trust and Assignments of Rents, duly recorded in the Official Records, Recorder's Offices, Los Angeles County, California on May 25, 2017 as Document No. 20170581677 ("Malibu DOT"), whereby 180 PCH granted Original Lender a junior security interest in certain undeveloped real property located in Malibu, California ("Malibu Lots") to further secure the Note and all of S&W LLC's payment and obligations thereunder, a true and correct copy of which is attached hereto as Exhibit "H" and incorporated herein. The legal description of the Malibu Lots is set forth in Exhibit A of the Malibu DOT.

40. Contrary to the express representation and promise in the Amendment to Note

that S&W LLC would execute and record the Malibu DOT and the implicit representation that S&W LLC was the title owner of the Malibu Lots, it was 180 PCH who executed and recorded the Malibu DOT rather than S&W LLC, even though 180 PCH was not a party to the Amendment to Note.

41. S&W LLC did not pay all principal, interest and other amounts due and owing on the Note by May 1, 2019, the extended maturity date set forth in the Amendment to Note.

42. S&W LLC and its principals Sohaili and Weintraub contend that Original Lender orally agreed that maturity of the Note would be extended and no default would be declared on the Note, Cohen Blue Jay DOT or the Malibu DOT on the condition that S&W LLC continued making at least monthly 5% interest payments on the Note. Sohaili and Weintraub contend the maturity of the Note was extended pursuant to that agreement to March 2020 when S&W LLC stopped making any interest payments on the Note. Although S&W LLC resumed making monthly interest payments on the Note in December 2020, and stopped again in September 2022, by that date the Note was matured and S&W LLC was in default on the Note. Any oral extension is disputed by Plaintiff.

43. S&W LLC continued to make minimal monthly payments on the Note until February 2020 when it stopped making payments. S&W LLC restarted making minimal monthly payments on the Note in December 2020 until September 2022 when it stopped making payments. Each payment by S&W LLC on the Note restarted the statute of limitations herein pursuant to California *Code of Civil Procedure*, section 360, which provides in relevant part, "… any payment on account of principal or interest due on a promissory note made by the party to be charged shall be deemed a sufficient acknowledgment or promise of a continuing contract to stop, from time to time as any such payment is made, the running of the time within which an action may be commenced upon the principal sum or upon any installment of principal or interest due on such note, and to start the running of a new period of time, but no such payment of itself shall revive a cause of action once barred."

44. In exchange for good and valuable consideration, on or about April 25, 2023, Original Lender assigned and otherwise transferred to Plaintiff all of its right, title, interest, and

remedies in and to, *inter alia,* the Note, as amended by the Amendment to Note, the Cohen Blue Jay DOT, and the Malibu DOT.

45. In exchange for good and valuable consideration and pursuant to said assignment of the Note from Original Lender to Plaintiff, on or about April 25, 2023, Original Lender executed and delivered to Plaintiff an Allonge to Promissory Note Secured by Deed of Trust ("Allonge") making all amounts due and owing on the Note by S&W LLC payable to Plaintiff. A true and correct copy of said Allonge is attached hereto as Exhibit "I" and incorporated in full herein by reference. Pursuant to the Allonge, effective as of April 25, 2023, Plaintiff is the beneficiary and owner of all right, title, interest, and remedies in and to, *inter alia,* the Cohen Loan and Note, as amended by the Amendment to Note.

46. Said assignment of the Cohen Blue Jay DOT from Original Lender to Plaintiff is evidenced by an Assignment of Deed of Trust with Assignment of Rents (Long Form), dated April 26, 2023, recorded on May 3, 2023, in the Official Records, Recorder's Office, Los Angeles County, California as Document No. 20230286457 ("Assignment of Cohen Blue Jay DOT"), a true and correct copy of which is attached hereto as Exhibit "J" and incorporated in full herein by reference. Pursuant to said Assignment of Cohen Blue Jay DOT, Plaintiff is the beneficiary and owner of all right, title, interest, and remedies in and to the Cohen Blue Jay DOT.

47. Said assignment of the Malibu DOT from Original Lender to Plaintiff is evidenced by an Assignment of Long Form Deed of Trust and Assignment of Rents, dated April 26, 2023, recorded on May 2, 2023, in the Official Records, Recorder's Office, Los Angeles County, California as Document No. 20230283352 ("Assignment of Malibu DOT"), a true and correct copy of which is attached hereto as Exhibit "K" and incorporated in full herein by reference. Pursuant to said Assignment of Malibu DOT, Plaintiff is the beneficiary and owner of all right, title, interest, and remedies in and to the Malibu DOT.

48. S&W LLC is and remains in default of its obligations to Plaintiff, as assignee, under the Note, as amended by the Amendment to Note by, *inter alia*, failing to pay the total indebtedness due and owing on the Note. As of June 1, 2023, a conservative amount of

$1,950,000.00 is due, owing, and payable by S&W LLC to Plaintiff on the Note, which is the principal only. Interest, default interest, costs, attorneys' fees, and other sums are also currently due and owing thereunder and continue to accrue. Plaintiff will add those at the time of the foreclosure sale by the Court.

49. S&W LLC is and remains in default of its obligations to Plaintiff, as assignee, under the Cohen Blue Jay DOT by, *inter alia*, failing to pay the total indebtedness due and owing on the Note.

50. 180 PCH and/or S&W LLC are and remain in default of the obligations to Plaintiff, as assignee, under the Malibu DOT by, *inter alia*, S&W LLC failing to pay the total indebtedness due and owing on the Note.

**FIRST CAUSE OF ACTION FOR JUDICIAL FORECLOSURE OF DEED OF TRUST**
**(Against Defendants S&W LLC, JOHN S. MOREIKO, BSM INVESTMENTS INC., and DOE DEFENDANTS 1 through 40)**

51. Plaintiff realleges and incorporates by reference each and all of the allegations contained in Paragraphs 1 through 50, inclusive, of this Complaint as though set forth in full.

52. The Cohen Blue Jay DOT created a lien with power of sale upon the real property identified herein as the Blue Jay Property, the legal description of which is set forth in Exhibit "A" attached hereto and in the Cohen Blue Jay DOT, to secure S&W LLC's payment and performance obligations under the Note.

53. S&W LLC is and remains in default of its payment obligations under the Note by, *inter alia,* failing to repay the full indebtedness due and owing thereunder by the May 1, 2019 maturity date and/or by ceasing to make partial payments in September 2022.

54. There remains due and owing on the Note the principal sum of $1,950,000 together with contract interest at the rate of 10% per annum, default interest at the rate of 14% per annum, late charges, attorneys' fees and costs provided for in the Note and Cohen Blue Jay DOT.

55. Original Lender, and Plaintiff as its assignee, performed all the conditions, covenants, obligations, and promises on their part to be performed pursuant to the Note and

Cohen Blue Jay DOT.

56. As a result thereof, Original Lender provided notice to S&W LLC of those defaults and caused a Notice of Default and Election to Sell Under Deed of Trust to be recorded on January 12, 2023, in the Official Records of the County of Los Angeles, as Document No. 20230023621, a true and complete copy of which is attached hereto as Exhibit "I" and incorporated herein.

57. As of the filing of this Complaint, there was and still is due, owing and unpaid from S&W LLC on the Cohen Loan and Note the principal sum of $1,950,000, accrued unpaid interest, late charges, plus foreclosure costs, and other fees and charges pursuant to the Note and Cohen Blue Jay DOT, together with attorneys' fees and costs of suit in amounts not yet determined.

58. Plaintiff seeks an order adjudging the:

(a) Cohen Blue Jay DOT be foreclosed;

(b) usual judgment be made for the sale of the Blue Jay Property according to law by an appropriate person appointed by the Court;

(c) proceeds of the sale be applied in payment of the amounts due Plaintiff and the other lienholders, including but not limited to the BLUE JAY LIENHOLDERS, according to the priorities thereof;

(d) rents, income and profits be applied in payment of the amounts due Plaintiff and the other lienholders, including but not limited to the BLUE JAY LIENHOLDERS, according to the priorities thereof;

(e) S&W LLC, BLUE JAY LIENHOLDERS, and all persons claiming an interest in the Blue Jay Property, whether as lien claimants, judgment creditors, persons claiming rights under junior deeds of trust, purchasers, encumbrancers, or otherwise, be barred and foreclosed from all rights, claims, or equity redemption in the Blue Jay Property and every part of the Blue Jay Property when the time for redemption has elapsed; and

(f) for a deficiency judgment on the Note after sale against S&W LLC.

**SECOND CAUSE OF ACTION FOR JUDICIAL FORECLOSURE OF DEED OF TRUST**

**(Against Defendants 180 PCH, A.C.C. COMPANY, F STREET CTY LLC, PARVIZ KAMALI, TSU HUA TSAI, WEN BING CHEN, MEI LIN CHEN YANG, and DOE DEFENDANTS 41 through 80)**

59. Plaintiff realleges and incorporates by reference each and all of the allegations contained in Paragraphs 1 through 50, inclusive, of this Complaint as though set forth in full.

60. The Malibu DOT created a lien with power of sale upon the real property identified herein as the Malibu Lots, the legal description of which is set forth in Exhibit A to Exhibit "H" attached hereto, to secure S&W LLC's payment and performance obligations under the Note.

61. S&W LLC is and remains in default of its payment obligations under the Note by, *inter alia,* failing to repay the full indebtedness due and owing thereunder by the May 1, 2019 maturity date and/or by ceasing to make partial payments in September 2022.

62. There remains due and owing on the Note the principal sum of $1,950,000 together with contract interest at the rate of 10% per annum, default interest at the rate of 14% per annum, late charges, attorneys' fees and costs provided for in the Note.

63. Original Lender, and Plaintiff as its assignee, performed all the conditions, covenants, obligations, and promises on their part to be performed pursuant to the Note and Malibu DOT.

64. As a result thereof, Original Lender provided notice to 180 PCH and S&W LLC of those defaults and caused a Notice of Default and Election to Sell Under Deed of Trust to be recorded on January 12, 2023, in the Official Records of the County of Los Angeles, as Document No. 20230023656, a true and complete copy of which is attached hereto as Exhibit "I" and incorporated herein.

65. As of the date of the filing of this Complaint, there was and still is due, owing and unpaid from S&W LLC on the Cohen Loan and Note the principal sum of $1,950,000, accrued unpaid interest, late charges, plus foreclosure costs, and other fees and charges pursuant to the Note, together with attorneys' fees and costs of suit in amounts not yet determined.

66. Plaintiff seeks an order adjudging the:

(a) the Malibu DOT be foreclosed only after the foreclosure of the Cohen Blue Jay DOT and sale of the Blue Jay Property;

(b) usual judgment be made for the sale of the Malibu Lots, only after the sale of the Blue Jay Property, according to law by an appropriate person appointed by the Court;

(c) proceeds of the sale be applied in payment of the remaining amounts due Plaintiff and the other lienholders, including the MALIBU LIENHOLDERS, according to the priorities thereof;

(d) rents, income and profits be applied in payment of the remaining amounts due Plaintiff and the other lienholders, including the MALIBU LIENHOLDERS, according to the priorities thereof;

(e) 180 PCH, MALIBU LIENHOLDERS, and all persons claiming an interest in the Malibu Lots, whether as lien claimants, judgment creditors, persons claiming rights under junior deeds of trust, purchasers, encumbrancers, or otherwise, be barred and foreclosed from all rights, claims, or equity redemption in the Malibu Lots and every part of the Malibu Lots when the time for redemption has elapsed; and

(f) for a deficiency judgment on the Note after sale against S&W LLC.

**THIRD CAUSE OF ACTION FOR MONEY DUE**

**(Against Defendants S&W LLC and DOE DEFENDANTS 81 through 90)**

67. Plaintiff realleges and incorporates by reference each and all of the allegations contained in Paragraphs 1 through 50, inclusive, of this Complaint as though set forth in full.

68. Within the past four years, S&W LLC became indebted to Plaintiff, as assignee of the Original Lender, in the principal sum of $1,950,000 for money paid to and received by S&W LLC, for S&W LLC's benefit, at S&W LLC's request.

69. No part of said sum has been paid, although payment has been demanded, and there is now due, owing and unpaid from S&W LLC to Plaintiff, as assignee of Original Lender,

the principal sum of $1,950,000, plus interest at the legal rate according to proof at time of trial or entry of judgment.

**FOURTH CAUSE OF ACTION FOR OPEN BOOK ACCOUNT**

**(Against Defendants S&W LLC and DOE DEFENDANTS 91 through 100)**

70. Plaintiff realleges and incorporates by reference each and all of the allegations contained in Paragraphs 1 through 50, inclusive, of this Complaint as though set forth in full.

71. Within the past four years, as a result of the Cohen Loan, as evidenced by the Note, S&W LLC became indebted to Plaintiff, as assignee of Original Lender, in the principal sum of $1,950,000, plus interest which continues to accrue and entered on account, late fees, and costs which continue to accrue.

72. Original Lender, as Plaintiff's assignor, in the regular course of its financial affairs and records, kept account of the debits and credits involved in the Cohen Loan and the transactions with S&W LLC as alleged herein.

73. S&W LLC owes Plaintiff, as assignee of Original Lender, the principal sum of $1,950,000 on account, plus interest at the legal rate according to proof at time of trial or entry of judgment.

**FIFTH CAUSE OF ACTION FOR DECLARATORY RELIEF**

**(Against S&W LLC, RC/HS, HS Blue Jay, 1966 LLC, 180 PCH, HS 270, PCH 1000, and DOE DEFENDANTS 101 through 120)**

74. Plaintiff realleges and incorporates by reference each and all of the allegations in Paragraphs 1 through 66, inclusive, of this Complaint as though set forth in full.

75. The Amendment to Note provides that S&W LLC shall execute and cause the "Malibu Junior Deed of Trust" to be recorded on the Malibu Lots as additional security for S&W LLC's obligations under the Cohen Loan and Note. Contrary to S&W LLC's representations and promises in the Amendment to Note, it was 180 PCH that executed and recorded the Malibu DOT and not S&W LLC.

76. A dispute has arisen and an actual controversy exists between Plaintiff, 180 PCH, S&W LLC and their members RC/HS, HS Blue Jay, 1966 LLC, 180 PCH, HS 270, PCH 1000,

regarding whether 180 PCH is a "surety" for S&W LLC's obligations under the Note and whether the Malibu DOT is pledged by 180 PCH as additional collateral of a surety on behalf of S&W LLC as the principal.

77. Plaintiff is informed and believes that 180 PCH, its members, and S&W LLC, and its members, contend that 180 PCH is in the position of a surety of S&W LLC's obligations under the Note and that the Malibu DOT is pledged by 180 PCH only as additional collateral of a surety on behalf of S&W LLC, as principal.

78. Plaintiff is further informed and believes that 180 PCH contends, pursuant to California *Civil Code*, section 2845, that Plaintiff is required to first proceed against S&W LLC and foreclose on the Cohen Blue Jay DOT and sell the Blue Jay Property prior to proceeding against 180 PCH and foreclosing on the Malibu DOT and selling the Malibu Lots.

79. Plaintiff contends that S&W LLC was required by the Amendment to Note to execute and record the Malibu DOT as additional collateral from it as the borrower/principal and not as collateral of any third-party surety. Plaintiff contends that this was a material representation and promise.

80. Plaintiff contends that S&W LLC and 180 PCH are alter egos of each other, and that 180 PCH is not a surety but is a principal and one and the same as or the alter ego of S&W LLC. Plaintiff contends that both S&W LLC and 180 PCH have the same ultimate principals/owners, that both entities knew of the requirements and obligations of the Amendment to Note, and that 180 PCH executed and recorded the Malibu DOT and pledged the Malibu Lots as additional security for the Note as a principal and not as a surety.

81. Plaintiff contends that California *Civil Code*, section 2845, has no application with respect to S&W LLC, 180 PCH, the Cohen Blue Jay DOT nor the Malibu DOT and is not controlling or binding on Plaintiff. Plaintiff contends that it may proceed against S&W LLC and 180 PCH, foreclose on the Cohen Blue Jay DOT and the Malibu DOT, and sell the Blue Jay Property and Malibu Lots in any order it prefers and that it is not required to first proceed S&W LLC, the Cohen Blue Jay DOT, and the Blue Jay Property. Plaintiff contends that the Malibu

DOT and 180 PCD will not be exonerated if Plaintiff does not proceed against S&W LLC and the Cohen Blue Jay DOT before proceeding against the Malibu DOT.

82. A dispute has arisen and an actual controversy exists between Plaintiff, 180 PCH, S&W LLC and their members RC/HS, HS Blue Jay, 1966 LLC, 180 PCH, HS 270, PCH 1000, regarding whether 180 PCH has been exonerated of its duties and obligations under the Malibu DOT as a result of the Amendment to Note and alleged modifications to the obligations secured by the Malibu DOT.

83. Plaintiff is informed and believes that 180 PCH and its members contends that pursuant to California *Civil Code*, section 2819, due to alleged modifications to the Note made in the Amendment to Note, allegedly without 180 PCH's consent, that 180 PCH has been exonerated of all duties, obligations, and liabilities under the Malibu DOT.

84. Plaintiff contends that the Amendment to Note, and any alterations/modifications of the original obligations of S&W LLC resulting therefrom, was made with the knowledge and consent of 180 PCH and its members/managers, who are identical as the members/managers of S&W LLC, and, therefore, California *Civil Code*, section 2819, does not apply and 180 PCH and the Malibu DOT have not been exonerated. *G & W Warren's, Inc. v. Dabney*, 11 Cal.App.5th 565 (2017).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

**AS TO THE FIRST CAUSE OF ACTION**:

1. Against S&W LLC only, for damages according to proof at time of trial or entry of judgment;

2. Plaintiff seeks an order adjudging that the:

(a) Cohen Blue Jay DOT be foreclosed;

(b) usual judgment be made for the sale of the Blue Jay Property according to law by an appropriate person appointed by the Court;

(c) proceeds of the sale be applied in payment of the amounts due Plaintiff and the

other lienholders, including but not limited to the BLUE JAY LIENHOLDERS, according to the priorities thereof;

(d) rents, income and profits be applied in payment of the amounts due Plaintiff and the other lienholders, including but not limited to the BLUE JAY LIENHOLDERS, according to the priorities thereof;

(e) S&W LLC, BLUE JAY LIENHOLDERS, and all persons claiming an interest in the Blue Jay Property, whether as lien claimants, judgment creditors, persons claiming rights under junior deeds of trust, purchasers, encumbrancers, or otherwise, be barred and foreclosed from all rights, claims, or equity redemption in the Blue Jay Property and every part of the Blue Jay Property when the time for redemption has elapsed; and

(f) for a deficiency judgment on the Note after sale against S&W LLC.

3. Against S&W LLC only, for attorneys' fees pursuant to contract.

**<u>AS TO THE SECOND CAUSE OF ACTION</u>**:

1. Against S&W LLC only, for damages according to proof at time of trial or entry of judgment;

2. For an order adjudging that:

(a) the Malibu DOT be foreclosed only after the foreclosure of the Cohen Blue Jay DOT and sale of the Blue Jay Property;

(b) usual judgment be made for the sale of the Malibu Lots, only after the sale of the Blue Jay Property, according to law by an appropriate person appointed by the Court;

(c) proceeds of the sale be applied in payment of the remaining amounts due Plaintiff and the other lienholders, including the MALIBU LIENHOLDERS, according to the priorities thereof;

(d) rents, income and profits be applied in payment of the remaining amounts due Plaintiff and the other lienholders, including the MALIBU LIENHOLDERS, according to the priorities thereof;

(e) 180 PCH, MALIBU LIENHOLDERS, and all persons claiming an interest in the Malibu Lots, whether as lien claimants, judgment creditors, persons claiming rights under junior deeds of trust, purchasers, encumbrancers, or otherwise, be barred and foreclosed from all rights, claims, or equity redemption in the Malibu Lots and every part of the Malibu Lots when the time for redemption has elapsed; and

(f) for a deficiency judgment on the Note after sale against S&W LLC.

3. Against S&W LLC and 180 PCH only, for attorneys' fees pursuant to contract.

**AS TO THE THIRD CAUSE OF ACTION:**

1. For the principal sum of $1,950,000, plus accrued interest at the legal rate according to proof at the time of trial or entry of judgment; and

2. For attorneys' fees pursuant to contract.

**AS TO THE FOURTH CAUSE OF ACTION:**

1. For the principal sum of $1,950,000, plus accrued interest at the legal rate according to proof at the time of trial or entry of judgment; and

2. For attorneys' fees pursuant to contract.

**AS TO THE FIFTH CAUSE OF ACTION:**

1. Against Defendants for a judicial decree and declaration of Plaintiff's rights relating to the Amendment to Note and Malibu DOT that:

a. S&W LLC and 180 PCH are alter egos of each other in relation to the Malibu DOT, that 180 PCH is not a surety but is a principal and one and the same as or the alter ego of S&W LLC, and that 180 PCH executed and recorded the Malibu DOT and pledged the Malibu Lots as additional security for the Note as a principal and not as a surety;

b. Plaintiff is not bound by California *Civil Code*, section 2845, and that statute has no application with respect to S&W LLC, 180 PCH, the Cohen Blue Jay DOT nor the Malibu DOT, and that Plaintiff may proceed against S&W LLC and 180 PCH, foreclose on the Cohen Blue Jay DOT and the Malibu DOT, and sell the

Blue Jay Property and Malibu Lots in any order it prefers and that it is not required to first proceed against S&W LLC, the Cohen Blue Jay DOT, and the Blue Jay Property; and

2. Against Defendants for a judicial decree and declaration of Plaintiff's rights and that the Amendment to Note, and any alterations/modifications of the original obligations of S&W LLC resulting therefrom, was made with the knowledge and consent of 180 PCH and its members/managers, who are identical as he members/managers of S&W LLC and, therefore, California *Civil Code*, section 2819, does not apply and 180 PCH and the Malibu DOT have not been exonerated.

3. For a judicial decree and declaration as to the applicable interest rate for amounts owed on the Note and whether the Note and Cohen Loan are exempt from California's usury law pursuant to, *inter alia,* California *Corporations Code*, section 25118(b) *et seq*.

**ON ALL CAUSES OF ACTION:**

1. Against all Defendants, except for the BLUE JAY LIENHOLDERS and the MALIBU LIENHOLDERS, for costs and expenses incurred in bringing this action; and

2. For such other and further relief as the Court deems just and proper.

Dated: June 20, 2023

LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, APC

By:__________________________________
Ronald Richards, Esq.
Attorneys for Plaintiff BLUE JAY 180 LLC

Dated: June 20, 2023

LAW OFFICES OF GEOFFREY LONG, A.P.C.

By:__________________________________
Geoffrey Long, Esq.
Attorneys for Plaintiff BLUE JAY 180 LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Elkins Kalt Weintraub Reuben Gartside LLP, 10345 W. Olympic Blvd., Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled (*specify*):

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEBTOR'S MOTION FOR ORDER APPROVING BIDDING PROCEDURES FOR THE SALE OF THE DEBTOR'S REAL PROPERTY**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 4, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- United States Trustee (ND), ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) August 4, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 4, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA FEDEX OVERNIGHT MAIL**

Hon. Ronald A. Clifford III
United States Bankruptcy Court
Central District of California
1415 State Street, Suite 233 / Courtroom 201
Santa Barbara, California 93101-2511

United States Trustee (ND)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 4, 2023 | Cecilia G. Avila | /s/ Cecilia G. Avila |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**2. <u>TO BE SERVED BY UNITED STATES MAIL (Contd.):</u>**

Los Angeles County Tax Collector
500 W Temple Street
Los Angeles, CA 90012

180 PCH LLC
6320 Canoga Ave
Suite 1700
Woodland Hills, CA 91367

Green Acres LLC
29138 Pacific Coast Hwy 775
Malibu, CA 90265

City of Los Angeles
200 N Main Street
Room 1240
Los Angeles, CA 90012

Cohen Williams LLP
724 S Spring Street
9th Floor
Los Angeles, CA 90014

ECAMSECURE
3400 E Airport Way
Long Beach, CA 90806

Golden Seven Trucking, Inc
33014 Malinta Ave
Acton, CA 93510

Grover-Hollingsworth & Associates Inc
31129 Via Colinas
Suite 707
Westlake Village, CA 91362

Harrison Design
6430 W Sunset Blvd
Suite 1506
Los Angeles, CA 90028

HUB International Insurance Services Inc
3660 Wilshire Blvd Unit 424
Los Angeles, CA 90010

John S Moreiko
c/o Lenders TD Service Inc
2422 Avenida De La Carlotta Suite 280
Laguna Beach, CA 92653

Robert Cohen
Trustee
333 N La Peer Dr
Beverly Hills, CA 90211

Blue Jay 180, LLC
c/o Ronald N. Richards
PO Box 11480
Beverly Hills, CA 90213

Diana Torres-Brito
Prober & Raphael ALC
20750 Ventura Blvd Suite 100
Woodland Hills, CA 91364

John Labib Structural Engineers LLP
319 Main St
El Segundo, CA 90245

Leon Krous Drilling Inc.
9300 Borden Avenue
Sun Valley, CA 91352

Peak Surveys
2488 Townsgate Rd Unit D
Westlake Village, CA 91361

Sami Hayek LLC
9663 Santa Monica Blvd
Suite 909
Beverly Hills, CA 90210

SPF Architects
8609 Washington Blvd
Culver City, CA 90232

WREG LLC
PO Box 6528
Malibu, CA 90264

HS Blue Jay Way LLC
c/o Paracorp Incorporated
2804 Gateway Oaks Dr
Sacramento, CA 95833

1966 BJW LLC
c/o Paracorp Incorporated
2804 Gateway Oaks Dr
Sacramento, CA 95833