ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
ROYE ZUR, State Bar No. 273875
*rzur@elkinskalt.com*
LAUREN N. GANS State Bar No. 247542
*lgans@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for Reorganized Debtor
S&W Blue Jay Way, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION**

| | |
|---|---|
| In re<br><br>S&W BLUE JAY WAY, LLC,<br><br>Reorganized Debtor. | Case No. 9:23-bk-10672-RC<br><br>Chapter 11<br><br>**REORGANIZED DEBTOR'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON ITS OBJECTION TO CLAIM NO. 2-1 OF BLUE JAY 180, LLC**<br><br>[*Motion for Summary Judgment and Declarations of Roye Zur, Hushmand Sohaili, Richard Weintraub, and Daniel Shlomi filed concurrently herewith*]<br><br>**<u>Hearing Date and Time:</u>**<br>Date: May 8, 2025<br>Time: 9:00 a.m.<br>Place: Courtroom 5D<br>411 W. 4th St.<br>Santa Ana, CA 92701<br><br>Honorable Ronald A. Clifford III |

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

Pursuant to Local Bankruptcy Rule 7056-1(b)(2)(A), S&W Blue Jay Way, LLC (the "Debtor" or "Reorganized Debtor") hereby submits its statement of uncontroverted facts and conclusions of law in support of its *Motion for Summary Judgment On Its Objection To Claim No. 2-1 of Blue Jay 180, LLC.*

**UNCONTROVERTED FACTS**

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| 1. The Debtor is a California limited liability company. The Debtor has two managing members – 1966 BJW, LLC, and HS Blue Jay Way, LLC. The principals of the two managing members are Richard Weintraub and Hushmand Sohaili, respectively. Mr. Weintraub is a real estate developer by trade and Mr. Sohaili is a retired attorney, having spent a significant portion of his career at the law firm Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"). In early 2013, Messrs. Weintraub and Sohaili executed an agreement to purchase a high-end residential property on a vacant lot located at 1627-1633 Blue Jay Way, Los Angeles, CA 90069 (the "Property") for $4,400,000. | Declaration of Hushmand Sohaili in Support of the Reorganized Debtor's Motion For Summary Judgment on Its Objection to Claim No. 2-1 of Blue Jay 180, LLC ("Sohaili Decl.") ¶ 1, 2, 10.<br><br>Declaration of Richard Weintraub in Support of the Reorganized Debtor's Motion For Summary Judgment on Its Objection to Claim No. 2-1 of Blue Jay 180, LLC ("Weintraub Decl.") ¶ 1, 2. |
| 2. On or about February 26, 2013, the Debtor executed a promissory note (the "Note") in favor of the Cohen Family Trust Dated March 13, 1986 as Restated December 31, 2005 (the "Cohen Trust") | Declaration of Daniel Shlomi in Support of the Reorganized Debtor's Motion For Summary Judgment on Its Objection to Claim No. 2-1 of Blue Jay 180, LLC ("Shlomi Decl.") ¶ 4, 5.<br><br>*Promissory Note Secured By Deed of Trust* dated February 26, 2013 (the "Note"), a copy of which is attached as Exhibit 3 to Docket No, Declaration of Roye Zur in Support of the Debtor's Objection to Claim No. 2-1 of Blue Jay 180, LLC, ¶ 3. |
| 3. Neither Mr. Sohaili nor Akin Gump ever represented the Cohen Trust. | Shlomi Decl., ¶ 6.<br>Sohaili Decl., ¶ 5, 6, 12, 13.<br><br>Docket 218, Declaration of Roye Zur re Discovery, ¶¶ 4-11. |

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| 4. Akin Gump represented Burton Way Hotels, Ltd. ("BWH"). The Cohen Trust was a majority partner of BWH. | Sohaili Decl., ¶ 3, 9, 12. |
| 5. Robert Cohen executed a conflict waiver in February 2013 in favor of Akin Gump, listing the material terms of the loan transaction between the Cohen Trust and the Debtor, as well as ancillary agreements between them and advising Robert Cohen to seek independent counsel. | Shlomi Decl., ¶ 5.<br>Sohaili Decl., ¶ 12, 13, 16.<br><br>Docket 105, Blue Jay 180, LLC's Opposition To Objection to Claim No. 2-1 of Blue Jay, LLC, a California Limited Liability Company, Ex 2 (Conflict Waiver). |
| 6. The conflict waiver was requested by Akin Gump in an abundance of caution despite that it never represented the Cohen Trust. | Sohaili Decl., ¶ 12, 13. |
| 7. In connection with the Loan, Daniel Shlomi, a then-junior real estate associate at Akin Gump, represented Mr. Sohaili, and Rahsaana Allen represented Mr. Weintraub. | Weintraub Decl., ¶ 3.<br>Shlomi Decl., ¶ 5.<br>Sohaili Decl., ¶ 13. |
| 8. Neither Mr. Shlomi or Akin Gump nor Ms. Allen represented the Debtor; the Debtor did not have counsel. | Weintraub Decl., ¶ 3.<br>Shlomi Decl., ¶ 5.<br>Sohaili Decl., ¶ 13. |
| 9. On February 22, 2013, Robert Cohen's assistant, Shingly Lee, sent an e-mail to attorney Ezra Cohen attaching copies of the loan documents (including the Conflict Waiver), and stating:<br><br>"Hi, Ezra.<br><br>RC wanted to ask if you could review these documents and call him to discuss? Hush [Sohaili] needs the docs to be signed this morning so if you could do this right away we'd appreciate it.<br><br>Thanks,<br><br>Shingly" | Docket 218, Declaration of Roye Zur re Discovery, ¶ 15, Ex. 2.<br><br>Declaration of Roye Zur in Support of Debtor's Motion for Summary Judgment ("Zur Decl."), Ex. 2, Ezra Cohen Dep. Tr., Ex. 7. |
| 10. On February 22, 2013, Mr. Shlomi sent copies of certain of the loan documents to attorney Ezra Cohen and Robert Cohen. At no time during the relevant period did attorney Ezra Cohen tell Mr. Shlomi or Mr. | Zur Decl., ¶ 2, Ex. 2, Ezra Cohen Dep. Tr., at 120:11-17, Exs. 12, 13.<br><br>Weintraub Decl., ¶ 6.<br>Sohaili Decl., ¶ 15, 16. |

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| Sohaili that he was not providing legal advice to Robert Cohen or the Cohen Trust in connection with the transaction. | Shlomi Decl., ¶ 6. |
| 11. As far as Mr. Sohaili and Mr. Shlomi understood, the Cohen Trust was seeking independent advice from Ezra Cohen | Sohaili Decl., ¶ 14, 15, 16.<br>Weintraub Decl., ¶ 5, 6.<br>Shlomi Decl., ¶ 6. |
| 12. The Note reflects a 12% rate of interest, and does not include a "usury savings clause." | *See* Note, a copy of which is attached as Exhibit 3 to Docket No, Declaration of Roye Zur in Support of the Debtor's Objection to Claim No. 2-1 of Blue Jay 180, LLC, ¶ 3. |
| 13. None of the Debtor, Mr. Sohaili, or Mr. Weintraub proposed the 12% interest rate. | Weintraub Decl., ¶ 3.<br>Sohaili Decl., ¶ 11. |
| 14. Neither Mr. Sohaili nor Mr. Shlomi thought of usury, did any research on usury, or discussed usury in connection with the Cohen Trust's loan to the Debtor. Mr. Weintraub likewise did not think of usury or discuss the issue with his counsel in the process of providing his consent to the loan and the loan documents. | Weintraub Decl., ¶ 7.<br>Shlomi Decl., ¶ 7.<br>Sohaili Decl., ¶ 17. |
| 15. The Note contains a one-way attorneys' fees clause:<br><br>If an attorney is engaged by Lender to enforce any provision of this Note or the Deed of Trust as a result of a default thereof by Borrower, then Borrower will pay to Lender on demand all attorney fees and other costs incurred by Lender, together with interest from the date of the demand until paid at the interest rate set forth in this Note. | *See* Note, a copy of which is attached as Exhibit 3 to Docket No, Declaration of Roye Zur in Support of the Debtor's Objection to Claim No. 2-1 of Blue Jay 180, LLC, ¶ 3. |
| 16. During the approximate 10-year period between the making of the Loan and September 2022, the Debtor paid over $1.96 million in interest to the Cohen Trust on the Loan, and another $550,000 in principal payments. | Docket 90, Declaration of Kailey Wright in Support of the Debtor's Objection to Claim No. 2-1 of Blue Jay 180, LLC ("Wright Decl."), ¶ 2, Ex. 1 (spreadsheet reflecting all interest and principal payments made by the Debtor to the Cohen Trust since the making of the Note). |
| 17. On October 13, 2023, BJ180, LLC ("BJ180"), the purported successor in interest to the Cohen Trust under the Note filed a claim in the Debtor's bankruptcy | Docket 90, Declaration of Roye Zur in Support of the Debtor's Objection to Claim No. 2-1 of Blue Jay 180, LLC, Ex. 2. |

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

| **Uncontroverted Facts** | **Supporting Evidence** |
|---|---|
| case in the amount of $2,759,775.10 (the "Claim"). | |
| 18. In a footnote to the attachment in support of the Claim, BJ180 wrote:<br><br>The interest rate is actually 12% under the Note and default interest is 4%. To avoid any needless litigation on meritless usury claims or other defenses, as well as the fact that it is doubtful the estate will be able to pay Blue Jay's secured claim in full, Blue Jay has voluntarily limited the interest at 10% for this claim only. This does not bind Blue Jay in any other forum or future bankruptcy cases and should not be construed as a waiver to seek the full amount due under the Note. | *Id.* |
| 19. The Debtor did not defraud the Cohen Trust in connection with the Loan. | Zur Decl., Ex. 1.<br><br>In response to Interrogatory No. 11, which stated that if BJ180 "contend[s] that the DEBTOR defrauded the COHEN TRUST or Robert Cohen in connection with the LOAN, state all facts upon which [it] bases [its] contention," BJ180 admitted that it is not contending that the Debtor defrauded the Cohen Trust in connection with the making of the Loan. ("The Interrogatory also seeks information not relevant to the subject matter of this proceeding, not admissible in evidence, and not reasonably calculated to lead to the discovery of admissible evidence, <u>as this is not a proceeding to adjudicated [sic] or determine whether the Cohen Trust was defrauded by the Debtor in connection with the Loan</u>.") (emphasis added).<br><br>Weintraub Decl. ¶ 7.<br>Shlomi Decl. ¶ 7.<br>Sohaili Decl. ¶ 17. |

## <u>CONCLUSIONS OF LAW</u>

| | |
|---|---|
| 20. The Loan made by the Cohen Trust to the Debtor is usurious on its face under | "[T]he California Constitution sets a maximum annual interest rate of seven percent on loans and forbearances, but allows |

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

| | |
|---|---|
| California law because it charges an interest rate of 12%. | parties by written contract to set the interest rate at up to 10 percent, or at the level of the Federal Reserve's discount rate plus 5 percent, on loans or forbearances involving real property. *WRI Opportunity Loans II, LLC v. Cooper*, 154 Cal. App. 4th 525, 533 (2007) (citing Cal. Const., art. XV, § 1). The essential elements of a claim of usury are: "(1) The transaction must be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3) the loan and interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent to enter into a usurious transaction." *Id.* (quoting *Ghirardo v. Antonioli*, 8 Cal. 4th 791, 798 (1994)). |
| 21. The Cohen Trust "intended" to violate the law because it intended to (and did) receive 12% interest. | The California Supreme Court made clear nearly 70 years ago, "the only intent necessary on the part of the lender is to take the amount of interest which he receives; if that amount is more than the law allows, the offense is complete." *Thomas v. Hunt Mfg. Corp.*, 42 Cal. 2d 734, 740. |
| 22. There is no legal or factual basis for estoppel to bar the Reorganized Debtor from asserting usury as a defense (*i.e.*, as opposed to utilizing usury to seek treble damages from the Cohen Trust), because the Debtor did not defraud the Cohen Trust. | To estop a borrower from asserting usury as a defense, the borrower must have committed a fraudulent act such as surreptitiously inserting usurious language into the contract or otherwise defrauded the lender. *Martin v. Ajax Construction Co.*, 124 Cal. App. 2d 425, 431 (1954); *see also Jue v. Bass*, 299 F.2d 374 (9th Cir. 1962) ("[I]t is only when a borrower fraudulently inserts a usurious interest rate in order to later defeat recovery against him, that he may be estopped from using the defense of usury."); *Heald v. Friis-Hansen*, 52 Cal. 2d 834, 837 (1959) (in bank) ("In the absence of fraud by the borrower, the parties to a usurious transaction are not in pari delicto, and, where a loan agreement calls for usurious interest, the borrower may recover any interest paid."); *White v. Seitzman*, 230 Cal. App. 2d 756, 764 (1964) ("To deny the recovery of usurious interest paid simply because treble damages are not allowed as a punitive measure would shift the penalty for a usurious contract onto the borrower instead of the |

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

| | |
|---|---|
| | lender which is patently contrary to the law of this state.”). |
| 23. Section 25118(b) of the California Corporate Securities Law of 1968 – does not apply to the Loan. To qualify for the section 25118 exemption under the Corporate Securities Law, the loans must be part of a securities issuance. Section 25118 does not apply to simple privately negotiated one-on-one secured real estate loans. | *See* Cal Corp. Code §§ 25116, 25117, and 25118, 25010. |
| 24. Application of the payments made by the Debtor to the Cohen Trust pursuant to California usury law results in the reduction of the principal balance owed to the Cohen Trust/BJ180 to $0 and subjects the Claim to disallowance under section 502(b)(1) of the Bankruptcy Code. | When a loan is usurious, the creditor is entitled to repayment of the principal sum only. He is entitled to no interest whatsoever.” *Gibbo v. Berger*, 123 Cal. App. 4th 396, 403 (2004) (quoting *Winnett v. Roberts*, 179 Cal.App.3d 909, 921 (1986)). Interest payments made at the usurious rate are credited against principal. *Hardwick v. Wilcox*, 11 Cal. App. 5th 975, 979 (2017). A lender cannot retroactively turn a usurious interest payment into a non-usurious interest payment. This is because “the instant a payment is made of usurious interest it is applied to the principal, and the principal indebtedness at the time of such payment is reduced to the extent thereof.” *Id.* at 992 (quoting *Shirley v. Britt*, 152 Cal. App. 2d 666, 669-70 (1957)). |

DATED: January 10, 2025

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By: [signature]

ROYE ZUR
LAUREN N. GANS
Attorneys for Reorganized Debtor
S&W Blue Jay Way, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10345 W. Olympic Blvd., Los Angeles, CA 90064.

A true and correct copy of the foregoing document entitled (*specify*): **REORGANIZED DEBTOR'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON ITS OBJECTION TO CLAIM NO. 2-1 OF BLUE JAY 180, LLC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 10, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) January 10, 2025 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 10, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL**

Honorable Ronald A. Clifford III
United States Bankruptcy Court
Central District of California
1415 State Street, Suite 233 / Courtroom 201
Santa Barbara, California 93101-2511

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 10, 2025 | Lauren B. Wageman | */s/ Lauren B. Wageman* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- **Anthony Bisconti** tbisconti@bklwlaw.com, 7657482420@filings.docketbird.com;docket@bklwlaw.com
- **Brian David Fittipaldi** brian.fittipaldi@usdoj.gov
- **Chris L Frost** chris@frostllp.com, nicole@frostllp.com;allison@frostllp.com;xiomara@frostllp.com;josh@frostllp.com;zach@frostllp.com
- **Daniel A Lev** daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Lee S Raphael** ecfcca@ecf.courtdrive.com, cmartin@pralc.com
- **Ronald N Richards** ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **United States Trustee (ND)** ustpregion16.nd.ecf@usdoj.gov
- **Matthew Cave** mcave@kfc.law, mschneider@kfc.law