Daniel A. Lev (CA Bar No. 129622)
daniel.lev@gmlaw.com
Greenspoon Marder LLP
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 954.771.9264

Ronald Richards (CA Bar No. 176246)
ron@ronaldrichards.com
Law Offices of Ronald Richards & Associates, APC
P.O. Box 11480
Beverly Hills, California 90213
Telephone: 310.556.1001
Facsimile: 310.277.3325

Attorneys for 180 Blue Jay Way, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION**

In re

S&W BLUE JAY WAY, LLC,

Debtor.

Case No. 9:23-bk-10672-RC

Chapter 11

Adv. No. 9:24-ap-01033-RC

**BLUE JAY 180 LLC'S OBJECTION AND RESPONSE TO IMPROPER AND UNAUTHORIZED DECLARATION OF ROYE ZUR AND REQUEST TO STRIKE IT FROM THE DOCKET**

Pretrial Conference:
Date: April 22, 2025
Time: 1:00 p.m.
Place: Courtroom 201
1415 State St.
Santa Barbara, CA 93101

Evidentiary Hearing:
Date: May 8, 2025
Time: 9:00 a.m.
Place: Courtroom 5D
411 W. 4th St.
Santa Ana, CA 92701

Honorable Ronald A. Clifford III



Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

**TO THE HONORABLE RONALD CLIFFORD, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, AND INTERESTED PARTIES:**

Blue Jay 180, LLC ("Blue Jay") hereby submits "Blue Jay 180 LLC's Response to Improper and Unauthorized Declaration of Roye Zur and Request to Strike It From the Docket" (the "Response"), in response to the "Declaration of Roye Zur Re Preparation of Pretrial Stipulation" (the "Zur Declaration") [Docket No. 271], filed by the reorganized debtor S&W Blue Jay Way, LLC (the "Debtor" or "S&W"), and represents as follows:

## I.

## INTRODUCTION

The Debtor intentionally has slow-played the joint pretrial stipulation process prescribed by the Local Bankruptcy Rules as part of its rather transparent attempt to force this Court to rule on a wasteful summary judgment motion (filed without consent of the Court) that is scheduled to be heard the day of trial. As is its pattern, the Debtor seeks to shift the blame for its own failings onto Blue Jay, alleging it refused to meet and confer or participate in the pretrial process. The accusations are knowingly false and cannot be used to shield the Debtor from its own blatant violations of the rules.

For instance, after first declaring that a joint pretrial stipulation was not even necessary since none of the facts were in material dispute, the Debtor delivered its initial draft stipulation to Blue Jay at 3:15 p.m. on Friday, April 4, or just two court days before it was meant to be filed. As this Court surely knows, a draft should have been provided to Blue Jay no later than 4:00 p.m. on April 1, as required by Local Rule 7026-1(c)(2). Despite the short time frame, and conflicting schedules of Blue Jay's counsel, Blue Jay was able to provide substantive comments the following Wednesday, or just three court days after it was first received, in compliance with Local Rule 7026-1. Blue Jay even provided drafts of its witnesses and exhibits, which the Debtor failed and refused to provide to Blue Jay until the day before the April 18 pretrial stipulation filing date.

And even during this joint pretrial process, the Debtor was continuing to conduct depositions and threatening, and then filing, a meritless emergency motion seeking to depose Eleda Cohen. Aside from sheer harassment, the reason for these numerous collateral filings is to

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

impel this Court to move the trial date and rule on the summary judgment motion. The Debtor is literally now trying to manage the Court's calendar and force it to follow its desired order of resolving the claim objection. The Court now certainly has the discretion to move the trial for failure to timely file the pretrial stipulation, but it should not reward the Debtor by agreeing to first rule on the summary judgment motion.

The Debtor has over litigated this claim objection, forcing Blue Jay and third party witnesses to incur untold amounts of attorneys' fees and expenses on unnecessary motion practice and attending depositions of witnesses who provided no value to the Debtor and only helped Blue Jay. As noted, the Debtor has now moved to compel a deposition of a witness with blood cancer and severe back trauma who was not even being called as a witness by Blue Jay. This witness is also not under subpoena and complied with the Court's prior to provide a doctor's note. These wasteful litigation tactics is now why Blue Jay is proposing to simply withdraw its claim, without prejudice, and simply allow the state court to decide these issues. This is because Blue Jay's best upside is a *pro rata* share of an unsecured creditor's pool which consisting of roughly $150,000 when Blue Jay's principal balance is $2,000,000. The decision to withdraw its claim would be purely a business decision.

To reiterate, here is the relevant timeline:

March 24, 2025: Roye Zur reaches out to Blue Jay and focuses on his wasteful depositions which did occur. He makes no further attempt to have any conference, but is reminded he has to provide a draft.

April 1, 2025: No draft is provided as required by the Local Rules.

April 2, 2025: Roye Zur reaches out via email to ask if *Blue Jay* has a draft of the pretrial stipulation even though it *the Debtor's* obligation to prepare one.

April 4, 2025: Debtor provides its first draft of the pretrial stipulation at 3:15 p.m.

April 8, 2025: Due date required under the Local Rules and this court for filing a joint pretrial stipulation.

April 9, 2025: Blue Jay provides a draft back with red-lined comments.

April 15, 2025: Debtor provides more comments.

April 17, 2025: Debtor serves its witnesses and exhibits for the first time.

April 17, 2025: Blue Jay notifies the Debtor that its revised pretrial stipulation does not incorporate the prior agreed-to changes of Blue Jay.

April 18, 2025: Debtor's counsel confers Blue Jay's counsel and resolves the issues reserving all rights and files the joint pretrial stipulation.

As seen by this timeline, once Blue Jay received the draft pretrial stipulation, it engaged in a good faith process to find common ground, resulting in the stipulation filed with the Court. It was the Debtor, not Blue Jay, that sabotaged the parties' efforts by providing an untimely first draft and then providing a revised draft that did not reflect Blue Jay's comments.

Throughout this case, the Debtor has filed unauthorized status reports and now a declaration replete with material misstatements and intentionally omitted facts. The declaration, with its lengthy email exhibits, was filed for what purpose? Simply to invite a continuance by this Court to force it to rule on a summary judgment motion it never invited nor asked for. AS Blue Jay always has argued, the trial will be faster than the summary judgment procedure. If the Court wants to continue the trial because the parties failed to comply with the Local Rules, Blue Jay will accede to that obviously, but it should not do so to rule on a lengthy summary judgment motion that will, once reviewed, be denied due to the existence of significant triable issues of material fact.

The Court should also consider its jurisdiction if the claim is withdrawn and its limited resources. Blue Jay does not take that offer lightly, but is simply looking at the economics and the present fact that its attorneys' fees will now considerably dwarf the limited pot allocated to it under the confirmed plan. Thus, if the Court wants to take up a possible claim withdrawal motion first, Blue Jay can provide that to the prior to any continued trial date.

## II.

## CONCLUSION

The Court should strike the Zur Declaration and make any other related orders related to allowing Blue Jay to file a conditional motion to withdraw its claim, continuing the trial for failure

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

to comply with the Local Rules and holding the summary judgment motion in abeyance, and for such other relief as the Court deems just and appropriate under the circumstances.

DATED: April 19, 2025 Law Offices of Ronald Richards & Associates, APC

By: /s/ *Ronald Richards*
Ronald Richards
Attorneys for Blue Jay 180 LLC

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is P.O. Box 11480, Beverly Hills, California 90213.

A true and correct copy of the foregoing document entitled (*specify*): **RESPONSE TO IMPROPER DECLARATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 19, 2025 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Case Number: 9:23-bk-10672-RC
Anthony Bisconti on behalf of Interested Party Courtesy NEF
tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

Anthony Bisconti on behalf of Interested Party HRBJW2, LLC
tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

Brian David Fittipaldi on behalf of U.S. Trustee United States Trustee (ND)
brian.fittipaldi@usdoj.gov

Chris L Frost on behalf of Respondent Eleda Cohen
chris@frostllp.com, nicole@frostllp.com;allison@frostllp.com;xiomara@frostllp.com;josh@frostllp.com;zach@frostllp.com

Chris L Frost on behalf of Respondent Ernest Cohen
chris@frostllp.com, nicole@frostllp.com;allison@frostllp.com;xiomara@frostllp.com;josh@frostllp.com;zach@frostllp.com

Chris L Frost on behalf of Respondent Michelle Lerman
chris@frostllp.com, nicole@frostllp.com;allison@frostllp.com;xiomara@frostllp.com;josh@frostllp.com;zach@frostllp.com

Lauren N Gans on behalf of Debtor S&W Blue Jay Way, LLC
lgans@elkinskalt.com, TParizad@elkinskalt.com

Daniel A Lev on behalf of Creditor Blue Jay 180 LLC
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Plaintiff Beverly Cohen, Ernest Cohen, Eleda Cohen and Michelle Lerman as Co-Trustees of the Cohen Family Trust Dated March 13, 1986, as Restated December 31, 2005
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Plaintiff Eleda Cohen
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Daniel A Lev on behalf of Plaintiff Ernest Cohen
daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

Lee S Raphael on behalf of Creditor John S. Moreiko
ecfcca@ecf.courtdrive.com, cmartin@pralc.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Plaintiff Beverly Cohen, Ernest Cohen, Eleda Cohen and Michelle Lerman as Co-Trustees of the Cohen Family Trust Dated March 13, 1986, as Restated December 31, 2005
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Plaintiff Eleda Cohen
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Plaintiff Ernest Cohen
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

David Tiraturyan on behalf of Respondent Eleda Cohen
david1@frostllp.com

David Tiraturyan on behalf of Respondent Ernest Cohen
david1@frostllp.com

David Tiraturyan on behalf of Respondent Michelle Lerman
david1@frostllp.com

United States Trustee (ND)
ustpregion16.nd.ecf@usdoj.gov

Roye Zur on behalf of Attorney Elkins Kalt Weintraub Reuben Gartside LLP
rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com

Roye Zur on behalf of Debtor S&W Blue Jay Way, LLC
rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com

☐ Service information continued on attached page.

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) _______________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ________________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

ice information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 19, 2025 | Ronald Richards | */s/ Ronald Richards* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**