FILED & ENTERED

JUL 28 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Spann DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>S&W Blue Jay Way, LLC,<br><br>Debtor. | Case No.: 9:23-bk-10672-RC<br><br>**ORDER CONDITIONALLY GRANTING BLUE JAY 180, LLC'S MOTION TO CONDITIONALLY WITHDRAW CLAIM NO. 2-1** |

*Background*

On August 4, 2023, S&W Blue Jay Way, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. *See* Docket No. 1, *Voluntary Petition for Non-Individuals Filing for Bankruptcy*. The Debtor scheduled as assets, real property commonly known as 1627-1633 Blue Jay Way, Los Angeles, California 90069 (the "Property"), claims against the Cohen Trust in the amount of $13 million, and a "[s]etoff claim against Cohen Trust related to usury" in the amount of $2 million. *See* Docket No. 37, *Schedule A/B: Assets – Real and Personal Property*, pp. 10-11.

On October 13, 2023, Blue Jay 180, LLC ("Blue Jay") filed Proof of Claim 2-1 in the amount of $2,759,755.10 (the "Claim") secured by the Property, although in second position. *See* Proof of Claim 2-1. On November 10, 2023, the Debtor filed that *Objection to Claim No. 2-1 of Blue Jay 180, LLC, a California Limited Liability Company* (the "Objection") seeking to disallow the Claim in full, alleging that the underlying loan violated California usury laws, and so the Claim has been fully paid given the full payment of the principal balance. *See* Docket No. 90. The Court set the Objection for an evidentiary hearing to take place on July 31, 2025. *See* Docket No. 194.

The Claim, and the Objection thereto, have been intensely litigated over the past year and a half. A multitude of discovery motions by the Debtor, a motion in limine, and a pre-trial stipulation have been filed (many of which have been opposed and consist of several docket entries). *See* Docket Nos. 222, 265, 283, 284, 286, 293, and 298. Additionally, on January 10, 2025, the Debtor filed *Reorganized Debtor's Notice of Motion and Motion for Summary Judgment on Its Objection to Claim No. 2-1 of Blue Jay 180, LLC* (the "MSJ"), with Blue Jay opposing the MSJ. *See* Docket Nos. 236 and 260, respectively.

On May 24, 2024, the Court entered that *Order Confirming Debtor's First Modified First Amended Chapter 11 Liquidating Plan*, confirming *Debtor's First Modified First Amended Chapter 11 Liquidating Plan* (the "Plan"). *See* Docket Nos. 188 and 180, respectively. Through the Plan, the Debtor sold the Property for less than the amount of the senior secured creditor's claim (with a carveout from the secured creditor's claim of $500,000 to be paid to administrative and general unsecured claims), and free and clear of Blue Jay's lien, making Blue Jay a general unsecured creditor of the Debtor's bankruptcy estate. *See* Docket Nos. 117 and 188. The Plan provided that general unsecured creditors would be paid a *pro rata* share of the amount remaining from the carve out after payment of administrative and priority creditors, as well any recoveries from the various causes of actions the Debtor owned. *See* Docket No. 180, p. 13. It is not entirely clear what monies precisely remain after payment of professional fees, but there does not appear to be a dispute that the amount is approximately $200,000. *See* Docket No. 301, *Notice of Motion and Blue Jay 180, LLC's Motion to Conditionally Withdraw Claim No. 2-1* (the

"Motion"), p. 10, lines 11-12. Excluding amounts payable to the Office of the U.S. Trustee from the $200,000, approximately $199,200 remains to be paid to general unsecured, non-priority creditors. Excluding the Claim, there are $185,385 in general unsecured claims that remain to be paid from the carve-out. *See Post-Confirmation Report*, p. 7. The Court pauses here. In a liquidating case, with nearly $186,000 in general unsecured claims, excluding the Claim, that have gone unpaid for no less than two (2) years, there is an opportunity with the Court's granting of the Motion to have those claims paid, in full, and perhaps with interest.

Before the Court is the Motion, filed by Blue Jay on May 13, 2025. *See* Docket No. 301. Through the Motion, Blue Jay seeks to voluntarily withdraw the Claim upon further condition that such withdrawal be without prejudice, with reservations by the Debtor and Blue Jay of "all rights and the Debtor and/or [Sohaili] can pursue whatever remedies they believe they have against Blue Jay outside of [this Court]," including: (1) the Malpractice Action, *infra*, and (2) the Foreclosure Action, *infra* **[FN1]**. *See id.* at pp. 4-5. The Debtor is party to neither the Malpractice Action nor the Foreclosure Action. Blue Jay asserts that if the Motion is granted, "it will not seek collection from the estate at any point in the future…" *See* Docket No. 325, *Blue Jay 180, LLC's Reply to Reorganized Debtor's Opposition to Blue Jay 180, LLC's Motion to Conditionally Withdraw Claim No. 2-1* (the "Reply"), p. 10, lines 6-9.

Further, Blue Jay asserts that it filed the Motion only now "on the grounds that Blue Jay has determined, among other things, that the maximum pro rata distribution it could possibly expect to receive from the estate on account of confirmation of [the Plan] greatly outweighs the attorneys' fees and expenses that have been incurred, and will continue to be incurred, defending [the Objection]." *See* Docket No. 301, p. 4, lines 1-17.

On June 11, 2025, the Debtor filed *Reorganized Debtor's Opposition to Blue Jay 180, LLC's Motion to Conditionally Withdraw Claim No. 2-1* (the "Opposition"), opposing the Motion. *See* Docket No. 322. Through the Opposition, the Debtor asserts that the Motion was not made in good faith and should be denied as the Motion was made on the eve of trial after significant delay and after the Debtor filed the MSJ. *See id.* Additionally, the Debtor asserts that if the Motion is granted, it will lose substantive legal rights – i.e. finality of the bankruptcy plan

and the right to recover as a prevailing party its substantial legal fees that it has been forced to expend. *See id.*

On June 18, 2025, Blue Jay filed the Reply. *See* Docket No. 325. Through the Reply, Blue Jay further asserts that the Debtor is not prejudiced as Blue Jay "confirmed that it will not seek collection from the estate at any point in the future… [and that] the Debtor is insulated from any future collection attempts as it relates to Blue Jay's claim." *See id.* at p. 10 lines 8 and 17-20.

*<u>Notice</u>*

Pursuant to Fed. R. Bankr. P. 3006(b) "[n]otice of the hearing must be served on: the trustee or debtor in possession; and any creditors' committee []." Here, the Motion was served on the Debtor's attorney via Notice of Electronic Filing [NEF] on May 13, 2025. *See* Docket No. 301, *Proof of Service of Document*, p. 26. Notice of the Motion was proper.

*<u>Analysis</u>*

Pursuant to Fed. R. Bankr. P. 3006(a), "unless the court orders otherwise after notice and a hearing, a creditor may not withdraw a proof of claim if: (1) an objection to it has been filed []; or (2) the creditor has accepted or rejected the plan or has participated significantly in the case." "The court's order permitting a creditor to withdraw a proof of claim may contain any terms and conditions the court considers proper." Fed. R. Bankr. P. 3006(b)

"[A] bankruptcy court's exercise of discretion over a creditor's voluntary withdrawal of claims" is reviewed under an abuse of discretion standard. *In re Lowenschuss*, 67 F.3d 1394, 1399 (9th Cir. 1995); *see also Westlands Water Dist. v. U.S.*, 100 F.3d 94, 96 (9th Cir. 1996)("'A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion.'")(internal citations omitted). "'That broad grant of discretion does not contain a preference for one kind of dismissal or another.'" *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023)(citing *Hargis v. Foster*, 312 F.3d 404, 407 (9th Cir. 2002)).

Fed. R. Bankr. P. "3006, which is governed by the same considerations underlying [Fed. R. Civ. P. 41(a)(2)], provides that voluntary dismissals should be granted only upon an order of

the bankruptcy court which 'shall contain such terms and conditions as the court deems proper.'" *Id.*; *see also In re National Indus. Chem. Co.*, 237 B.R. 437, 422-43 (Bankr. N.D. Ill. 1999) ("The withdrawal of a proof of claim under Rule 3006 is analogous to voluntary dismissal of a claim under [Fed. R. Civ. P. 41]." "Thus, the Court may apply case law discussing claim dismissal under Rule 41 to questions involving claim withdrawal.")

"In exercising its discretion under the rule, the court generally must make three separate determinations: (1) whether the dismissal should be allowed at all; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, are appropriate." *8 Moore's Federal Practice – Civil § 41.40 (2025); see also Toyo Tire & Rubber Co., Ltd v. Doublestar Dong Feng Tyre Co., Ltd*, 2018 WL 1896310, at *2 (C.D. Cal. 2018) (same); *Alternate Health U.S. v. Edalat*, 2021 U.S. Dist. LEXIS 253273, at *4 (C.D. Cal. 2021); and *StratosAudio, Inc. v. Hyundai Motor Am.*, 2025 U.S. Dist LEXIS 2025 69887, at *4 (C.D. Cal. 2025).

*Whether Dismissal Should be Allowed at All*

"In deciding whether to grant a voluntary dismissal, a trial court must consider whether the defendant will suffer legal prejudice as a result of the court's dismissal." *In re Lowenschuss*, 67 F.3d at 1399. "[We] follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." *Id.* (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)); see also *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Kamal v. Eden Creamery, LLC*, 88 F.4th at 1279; and *Westlands Water Dist. v. U.S.*, 100 F.3d at 94.

"Although case law does not articulate a precise definition of 'legal prejudice,' the cases focus on the rights and defenses available to a defendant in future litigation." *Westlands Water Dist. v. U.S.*, 100 F.3d at 97. (internal citations omitted). "For example, in determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Id.* (internal citations omitted). The Ninth Circuit has concluded that "legal prejudice is just that—prejudice to some legal interest, some legal claim, some legal argument." *Id.*

Legal prejudice can also be found when the party seeking dismissal has been dilatory, when the non-moving party is subjected to inconsistent rulings due to the dismissal, and when a party is requesting dismissal to "avoid a near-certain adverse ruling." *BP W. Coast Prods. LLC v. SKR Inc.*, 989 F.Supp.2d 1109, 1116 (W.D. Wash. 2013); *see also Terronova v. Kincheloe*, 852 F.2d 424, 429-430 (9th Cir. 1988)(no abuse in denial of withdrawal after plaintiff filed the Rule 41 motion three months after a motion for summary judgment has been filed and the magistrate judge had already issued his report and recommendation when the motion was filed). Courts may look to additional "practical factors includ[ing]: 'the opposing party's effort and expense in preparing for trial; excessive delay []; insufficient explanation of the need for a dismissal; and the present stage of litigation.'" *Corfunding, LLC v. Elhag*, 2021 U.S. Dist. LEXIS 18842, at *5 (S.D. Cal. 2021)("the court must consider the equities."). **[FN2] [FN3]**

Lastly is the issue of whether plain legal prejudice exists because a party is deprived of prevailing party status, prohibiting it from moving for attorneys' fees. The Ninth Circuit, in an unpublished opinion, reversed a trial court's dismissal of a complaint without prejudice, holding that "[t]he district court did not recognize that dismissal without prejudice precludes prevailing party status." *See U.S. v. Ito*, 472 Fed.Appx. 841, 842 (9th Cir. 2012). Some District Courts have held the same. **[FN4]**

Yet, the Ninth Circuit has "'explicitly stated that the expense incurred in defending against a lawsuit does not amount to legal prejudice.'" *Kamal v. Eden Creamery, LLC*, 88 F.4th at 1282 (citing *Westlands Water Dist. v. U.S.*, 100 F.3d at 97); *see also Meridian Rapid Defense Group LLC v. Delta Scientific Corp.*, 2025 WL 504487 *fn. 1(C.D. Cal. January 9, 2025); *Fisher and Paykel Healthcare Ltd. v. Flexicare Inc.*, 2020 WL 2095811*4 (C.D. Cal. February 7, 2020). Other courts have held that the lost right to attorneys' fees awards are too speculative to constitute legal prejudice. *See Segal v. Segal*, 2022 WL 848324, at *4 (S.D. Cal. 2022)("attorneys'-fees claims are far too speculative to amount to legal prejudice"); *see also World Trading 23 v. EDO Trading, Inc.*, 2013 WL 12134187, at *5 (C.D. Cal. 2013)("speculative at best").

A pending motion for summary judgment may be weighed, however, it is only one factor to be considered and does not mandate that dismissal is inappropriate. *See Owens v. Doe, supra,* at *6; *see also 8 Moore's Federal Practice – Civil § 41.40* (2025) ("the mere filing of a responsive pleading or motion is not, without more, a basis to deny a voluntary dismissal without prejudice" – especially "when the work product in the dismissed action will not be wasted but may be utilized in subsequent or continuing litigation"); and *In re Lowenschuss, supra*, at 1401 ("inconvenience [of costs and litigation defendant] has suffered is lessened by the fact that [defendant's] trial preparation will likely be relevant to defendant's [state court action]"); *Kamal v. Eden Creamery, LLC*, 88 F.4th at 1285 ("'[n]either the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss.'")(citing *Pontenbereg v. Boston Scientific Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001)).

Prejudice does not occur when the defendant faces the prospect of a second lawsuit, when the plaintiff stands to gain some tactical advantage, or when the defendant has incurred substantial expense or begun trial preparation. *See Owens v. Doe*, 2018 U.S. Dist LEXIS 77597, at *5-6 (W.D. Wash 2018) (citing *Westlands*; *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982); *see also Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001)); *Williams v. Peralta Cmty College Dist.,* 227 F.R.D. 538, 539 (N.D. Cal. 2005); and *In re County of Orange*, 203 B.R. 977, 981 (Bankr. C.D. Cal. 1996).

Then, *see Biden v. Ziegler*, the court – despite the plaintiff seeking to dismiss the complaint because he was experiencing financial difficulties – denied dismissal without prejudice because (1) the parties had spent significant resources litigating an initial motion to dismiss, (2) the defendants had prepared and exchanged their motion for summary judgment with the plaintiff, and (3) the dismissal request was made on the eve of the plaintiff's deposition. *Biden, supra,* at *1-5 (C.D. Cal. 2025) (J. Vera) (finding the defendants would be prejudiced and dismissal would provide the plaintiff with an unfair advantage). The court stated that the plaintiff had not acted diligently in requesting voluntary dismissal before the motion for summary

judgment was filed and noted that the plaintiff had been provided a "roadmap to Defendants' most important legal arguments" through the summary judgment motion. *Id.* at *4-5. The *Biden* court further stated that the defendant had been prejudiced by this because on any refiling of the complaint, the plaintiff "could develop new facts, contact new witnesses, explore and include additional claims, and thereby gain a strategic advantage." *Id.* (holding that a dismissal without prejudice was not warranted because there was "a real legal prejudice to Defendants in defending refiled litigation").

Here, the Debtor argues that if the Motion were granted the Debtor would suffer legal prejudice in that it would lose "its substantive legal right to recover – as a 'prevailing party' the substantial legal fees that it has been forced to expend for years by the Cohen Trust's relentless pursuit of illegal interest." *See* Docket No. 322, p. 8, lines 12-15. The Debtor also argues that if the Motion is granted, Blue Jay "will retain the ability to refile in another court…" *Id.* at p. 9, lines 1-3. Lastly, the Debtor argues that "[a]llowing [Blue Jay] to withdraw the Claim 'without prejudice' would result in 'legal prejudice' to [the Debtor] – namely, the loss of the Debtor's ability to rely on the finality of this bankruptcy proceeding, the claims bar date, and the confirmation of the Debtor's Chapter 11 plan." *See id.* at p. 31, lines 6-8.

Working backwards, Blue Jay has asserted that it is agreeable to a granting of the Motion with the condition that it will be forever barred from asserting the Claim against the Debtor in the future. *See* Docket No. 325, p. 9, lines 22-24. This seems to meet all but the "prevailing party" argument by the Debtor. That is, Blue Jay is agreeing that the Claim is essentially being withdrawn with prejudice insofar as it is not to be refiled.

As to the "prevailing party" argument, the Debtor asserts that it seeks a judgment on the Objection because, as a prevailing party, it will be entitled to its attorneys' fees. The Debtor argues that if it is ultimately the prevailing party, it will be entitled to expenses incurred both pre- and post-petition related to Blue Jay's attempts "to collect unlawful interest." *See* Docket No. 322, p. 32, lines 14-18. The Debtor claims to have "spent over $80,000 prior to confirmation of the Plan litigating the Claim Objection [], and [] hundreds of thousands of dollars since the Plan was confirmed." *See id.* at p. 35, lines 11-15.

However, as discussed *supra*, the Ninth Circuit has held "that the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water Dist.*, 100 F.3d at 97. *Westlands Water Dist.* and *U.S. v. Ito* do not appear to square. This Court agrees with the *Meridian Rapid Defense Group LLC* and *Fisher and Paykel Healthcare Ltd.* courts, the loss of the right to claim attorneys' fees through a prevailing party determination does not constitute plain legal prejudice in the context of Fed. R. Bankr. 3006 (and Fed. R. Civ. P. 41(a)(2)).

The Court finds, balancing the above facts, circumstances, and law, that Blue Jay shall be allowed to withdraw the Claim.

*Dismissal With or Without Prejudice*

"While the default rule is that dismissal is without prejudice [], ultimately the decision as to whether to allow dismissal with or without prejudice is discretionary with the Court." *Hana Fin., Inc. v. Most Official 7, Inc.*, 2015 U.S. Dist. LEXIS 89436, at *5-6 (C.D. Cal. 2015) (citing *Burnette v. Godshall,* 828 F.Supp. 1439 (N.D. Cal. 1993)).

"The following factors are relevant in determining whether the dismissal should be with or without prejudice: (1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and (3) insufficient explanation of the need to take a dismissal. Additionally, the district court must weigh the relevant equities and do justice between the parties []." *Burnette v Godshall*, 828 F.Supp. 1439, 1443-1444 (N.D. Cal. 1993) (cleaned up, and quotations and citations omitted). *See Toyo Tire & Rubber Co., Ltd, supra,* at *4 (same); and *In re Ogden N.Y. Servs.*, 312 B.R. 729, 732 (S.D.N.Y. 2004) (as to with or without prejudice courts consider diligence, undue vexatiousness by plaintiff, defendant's effort and expense, duplicative expense of re-litigation, and adequacy of the need for dismissal).

If the court's dismissal is with prejudice, the plaintiff is entitled to withdraw their voluntary dismissal request altogether as there are significant legal consequences to dismissal with prejudice. *Brooks v. State Bd. of Elections*, 173 F.R.D. 547, 550 (S.D. Ga. 1997). **[FN5]** "Failure to timely withdraw shall constitute a binding election to accept the condition of

dismissal with prejudice. *Id.* (citing *Mortgage Guar. Ins.*, 904 F.2d at 301-02 (9th Cir. 1986)). *See Camacho v. City of San Luis*, 359 F.App'x 794, 798 (9th Cir. 2009) (plaintiff may withdraw motion if condition is too burdensome) (citing *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 931 (9th Cir. 1986)).

Here, both parties have expended time, effort and financial resources preparing for trial on the Objection. On the Debtor's part, certainly post-confirmation, it has cost nothing in that a non-debtor third party has advanced the costs of litigation, and as the Court understands, without recourse against the Debtor's estate. The Debtor is not advancing any monies to litigate the Objection. Still, there has been significant effort expended reaching the place the Objection now occupies procedurally. The Court has certainly had to intervene in assisting the Debtor with its discovery efforts regarding the Objection, but in terms of delay, the Objection is currently scheduled for trial about fourteen (14) months after confirmation of the Plan. While the Court strives to hear trials on these matters in much less time than fourteen (14) months, the Court does not consider this to be an excessive delay. The parties have differing views about the reasons provided by Blue Jay for the Motion being filed, including the timing of the filing. Blue Jay very well may be playing games, games the Court would not endorse. However, the explanation for the Motion is not without some logic. The costs in litigating the Objection have been substantial, both for Blue Jay as well as the Debtor and any party funding the litigation on behalf of the Debtor post-confirmation. As the parties now prepare for trial, including days of depositions, those costs will only increase. This speaks nothing about any costs and delays if any appeals are filed related to any judgment on the Objection. If the Court believes that the Debtor's litigating of the Objection post-confirmation has reached hundreds of thousands of dollars, it is more than reasonable to infer that the remaining pretrial work, trial, and post-trial work alone could easily cost the Debtor's litigation funder(s) and Blue Jay more than the amount at stake for distribution to creditors currently in the Debtor's possession.

For these reasons, the Court finds it appropriate to allow Blue Jay to withdraw the Claim, without prejudice.

*What Terms and Conditions for Dismissal*

"Costs should ordinarily be awarded as a condition to a dismissal without prejudice, and if the district court denies them, the court should provide its reasons for the denial." *8 Moore's Federal Practice – Civil § 41.40 (2025)*. The conditions around dismissal should be centered around minimizing prejudice to the defendant. "Although imposition of costs and fees is not a prerequisite to an order granting a voluntary dismissal, they are often imposed upon a plaintiff who is granted voluntary dismissal under Rule 41(a)(2). The Court should, however, only award attorney fees for work which cannot be used in any future litigation." *Mitchell-Jones v. Menzies Aviation, Inc.*, 2011 U.S. Dist. LEXIS 82889, at *11 (W.D. Wash. 2011) (quotations omitted) (citing *Stevedoring Serv. of Am. V. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989); and *Westlands,* at 97); *see also Kamal v. Eden Creamery,* LLC, 745 F.Supp.3d at 1079 ("a defendant's interest can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees. [Although such an award is not mandatory, …] a defendant is entitled to only recover, as a condition of dismissal, attorney's fees or costs for work that is not useful in continuing litigation between the parties") (cleaned up); *In re Kamal,* 2025 U.S. App. LEXIS 6174, at *3 (9th Cir. 2025); and *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993).

Again, courts, "[i]n determining whether to award costs to a defendant after a voluntary dismissal without prejudice, []consider [] (1) any excessive and duplicate expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Santa Rosa Mem. Hosp. v. Kent*, 688 F.App'x 492, 494 (9th Cir. 2017).

The starting point here, it seems, is that granting the Motion will result in payment in full to creditors other than subordinated creditors. It is not clear to the Court who those subordinated claim holders are, and what they are owed. No subordinated creditors have opposed the Motion or filed an objection to the Claim. If there are in-fact subordinated claims, there may actually be a distribution on those claims with the withdrawal of the Claim. The Claim, however, is resolved in full in terms of payment with the granting of the Motion.

Second, the Debtor has expended no monies post-confirmation, as third parties have funded the litigation post-confirmation. The Court has no evidence that these parties will seek any repayment for any advances, and during confirmation of the Plan, the representation is that any litigation would not affect payment of creditors from the carve-out granted by the senior secured creditor of the Property. The Court believes that Sohaili, or an entity affiliated with Sohaili has expended these monies. Sohaili is a party to the Malpractice Action, which substantially tracks the issues related to the Objection. According to Sohaili, "the matters set forth in the Complaint substantially overlap with the various factual issues implicated in [the Objection]." *See* Docket No. 216, p. 3, lines 16-23. So, the monies expended, at least post-confirmation, which appear to be the lion's share of the expenses on the part of the Objection, will not go to waste. Sohaili, and perhaps others, will use what was learned in the Objection in other matters pending in other courts.

Third, the Motion was filed just over two (2) months before trial. While it would have been more beneficial to all involved for the Motion to have been filed sooner, litigation is fluid, and the cost-benefit realities do not always present themselves at the most opportune times. The Court is not inclined to condition fees and costs in association with granting the Motion.

The Court conditions approval of the Motion on the term that Blue Jay is to waive its Claim against the Debtor, thereby releasing any future request to recover said claim from the Debtor. Firstly, Blue Jay has offered as much. Secondly, and practically speaking, this simply makes sense. The Debtor has no assets other than the cash it is holding for distribution to creditors. It claims to have millions of dollars in claims against the Cohen Trust, but has not brought any such claims, now more than a year since the Plan was confirmed, and more than two (2) years since the bankruptcy case was filed. Unless any monies are obtained from the Cohen Trust, which could be months if not years away from resolution if those claims are ever filed, it does not appear to the Court that there are any assets available to pay any claims other than general unsecured claims, excluding the Claim, and perhaps some distribution to the undisclosed subordinated claims, if any such claims in-fact exist.

/ / /

*Hearing on the Motion*

The hearing on the Motion, given the entry of this Order, is vacated.

###

Date: July 28, 2025

Ronald A. Clifford III
United States Bankruptcy Judge

**[FN1]** The Foreclosure Action refers to a state court lawsuit titled *Blue Jay 180, LLC v. S&W Blue Jay Way, LLC, et al.*, Case No 23SMCV02921, in the Superior Court of California for the County of Los Angeles. On September 13, 2024, Sohaili filed *Defendant's Notice of Removal of Civil Action Pursuant to 28 U.S.C. § 1452* (the "Removal") in which Sohaili sought to remove an action in the Superior Court of California for the County of Los Angeles, Case No. 24SMCV03538 (the "Malpractice Action"), by the Cohen Family Trust Dated March 13, 1986, as Restated December 31, 20025, Ernest Cohen and Eleda Cohen, as against Hushmand Sohaili ("Sohaili"), a principal of a member of the Debtor, for legal malpractice, breach of fiduciary duty, and elder abuse relating to Sohaili's conduct concerning the loan underlying the Claim. *See* Docket No. 216. On January 24, 2025, the Court issued that *Order, After Hearing, Granting Plaintiffs' Motion to Remand or Abstain from Hearing Removed State Court Action* remanding the Malpractice Action because neither the Debtor, Blue Jay, nor any creditor of the Debtor were a party to the Malpractice Action, and the Malpractice Action did not concern the Plan or whether the Claim was usurious. *See* Case 9:24-ap-01033-RC, Docket No. 54.

**[FN2]** *See Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005) (looking to effort and expense, delay, reason for dismissal, and stage of litigation); *Bell v. Keystone RV Co.*, 628 F.3d 157, 162-63 (5th Cir. 2010); *Doe v. Urohealth Sys.*, 216 F.3d 157, 160 (1st Cir. 2000) (similar factors); and *Fisher & Paykel Healthcare Lrd. V. Flexicare Inc.*, 2020 U.S. Dist. LEXIS 78999, at *13 (C.D. Cal. 2020) (J. Selna) (permitted withdraw after considering similar factors).

**[FN3]** **<u>Further Definitions of Legal Prejudice</u>**: (1) legal prejudice found when a party would have been unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend against themselves against charges of fraud. *Westlands, supra,* at 97 (citing *Hyde & Drath, supra*, at 1169). *See In re MGM Resorts Int'l Data Creach Litig.*, 2024 U.S. Dist. LEXIS 61199, at *15 (D. Nev. 2024) ("conditional dismissal are designed to prevent unfair prejudice to defendant who are deprived of additional discovery…"); (2) losing out on a second lawsuit for malicious prosecution is not legal prejudice. *Camilli v. Grimes*, 436 F.3 120, 124 (2d

Cir. 2006) (rejecting the argument that a second lawsuit for malicious prosecution is legal prejudice for a Rule 41 motion and explaining legal prejudice concerns a claim "in the same action that the plaintiff is seeking to have dismissed"); and (3) plaintiff is not allowed to dismiss solely to refile complaint and cure an untimely demand for jury trial. *Russ v. Standard Ins. Co.*, 120 F.3d 988, 990 (9th Cir. 1997).

**[FN4]** *Prepared Food Photos, Inc. v. Pool World, Inc.*, 752 F. Supp.3d 1230, 1231 (E.D. Wash. 2024) (citing Ito) ("Thus, a defendant suffers legal prejudice if deprived of the ability to pursue attorney fees when copyright claims are dismissed without prejudice"); *Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, 2016 U.S. Dist. LEXIS 138593, at *6-7 (C.D. Cal. 2016) (J. Wright III) ("Ito ultimately rules the day. [] Defendants will suffer plain legal prejudice if dismissal of the claim is without prejudice, as they will be unable to bring a motion for attorneys' fees as a prevailing party under 35 U.S.C. § 285 [] therefore dismisses Claim 4 with prejudice"); *Vanguard Logistics Servs. United States v. Groupage Servs. of New Eng.*, 2021 U.S. Dist LEXIS 195484, at *6 (C.D. Cal. 2021) (J. Fisher) (same); *Eisen v. Day*, 2023 WL 8813521, at *3 (N.D. Cal. 2023); 2015 U.S. Dist. LEXIS 35267, at *5-6 (C.D. Cal. 2015) (J. Snyder); and *Breaking Code Silence v. Papciak*, 2022 U.S. Dist. LEXIS 145824, at *4-5 (S.D. Cal 2022) (finding dismissal without prejudice would doom motion for attorneys' fees and thus prejudice existed despite noting such a request for attorneys' fees "may be too speculative [] in some cases").

**[FN5]** "A voluntary dismissal with prejudice is a final judgment for purposes of res judicata." *In re National Indus. Chem. Co.*, 237 B.R. 437, 433 (Bankr. N.D. Ill. 1999).