# EXHIBIT A

SUM-100

# SUMMONS on Complaint
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**Electronically FILED by Superior Court of California, County of Los Angeles 5/08/2026 6:01 AM David W. Slayton, Executive Officer/Clerk of Court, By C. Coleman, Deputy Clerk**

**NOTICE TO DEFENDANTS:**
***(AVISO AL DEMANDADO):***
HUSHMAND SOHAILI, an individual; RICHARD WEINTRAUB, an individual; 1966 BJW, LLC, a Delaware limited liability company; (Additional Parties Attachment form is attached) --

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
BLUE JAY 180 LLC, a California limited liability company

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the State of California
County of Los Angeles--Santa Monica Courthouse
1725 Main St.
Santa Monica, CA 90401

CASE NUMBER:
*(Número del Caso):*
26SMCV02555

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ronald N. Richards (SBN 176246) / Gregory E. Stone (SBN 144057)
Law Offices of Ronald Richards & Assocs., APC / STONE | DEAN LLP
P.O. Box 11480, Beverly Hills, CA 90213 / 21052 Oxnard St., Woodland Hills, CA 91367
Tel. 310-556-1001; Fax 310-277-3325 / Tel. (818) 999-2232; Fax (818) 999-2269

DATE: *(Fecha)* 05/08/2026
Clerk, by *(Secretario)* David W. Slayton, Executive Officer/Clerk of Court — C. Coleman, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*:

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Blue Jay 180 LLC v. Hushmand Sohaili, et al. | |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☒ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

HS BLUE JAY WAY, LLC, a California limited liability company, formerly known as RC/HS, LLC; ERW ONE THOUSAND, LLC, a Delaware limited liability company; LVC ONE THOUSAND, LLC, an entity of unknown state formation, aka LA VILLA CONTENTA LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive



Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER:
NAME: Ronald N. Richards (SBN 176246) / Gregory E. Stone (SBN 144057)
FIRM NAME: Law Offices of Ronald Richards & Assocs., APC / STONE | DEAN LLP
STREET ADDRESS: P.O. Box 11480 / 21052 Oxnard St.
CITY: Beverly Hills / Woodland Hills STATE: CA ZIP CODE: 90213 / 91367
TELEPHONE NO.: 310-556-1001 / 818-999-2232 FAX NO.: 310-277-3325 / 818-999-2269
EMAIL ADDRESS: ron@ronaldrichards.com / gstone@stonedeanlaw.com
ATTORNEY FOR (*name*): BLUE JAY 180 LLC, a California limited liability company

*FOR COURT USE ONLY*

**Electronically FILED by Superior Court of California, County of Los Angeles 5/08/2026 6:01 AM David W. Slayton, Executive Officer/Clerk of Court, By C. Coleman, Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 1725 Main St.
MAILING ADDRESS: 1725 Main St.
CITY AND ZIP CODE: Santa Monica 90401
BRANCH NAME: Santa Monica Courthouse

CASE NAME:
Blue Jay 180 LLC v. Hushmand Sohaili, et al.

**CIVIL CASE COVER SHEET**

[x] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 26SMCV02555
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Asbestos**
- [ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/Unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [x] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Employment Development Department (EDD)**
- [ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Comprehensive groundwater adjudication (47)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

a. ☒ monetary
b. ☐ nonmonetary; declaratory or injunctive relief
c. ☐ punitive

4. Number of causes of action *(specify):* one

5. Is this case a class action suit? ☐ Yes ☒ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 7, 2026

Ronald Richards, Esq. ▶ /s/ Ronald Richards

(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collections Case–Seller Plaintiff
- Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Blue Jay 180 LLC v. Hushmand Sohaili, et al. | 26SMCV02555 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Superior Court of Los Angeles County**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Blue Jay 180 LLC v. Hushmand Sohaili, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☒ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, (5) |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Blue Jay 180 LLC v. Hushmand Sohaili, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Contract (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels __________ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| Unlawful Detainer | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| Judicial Review | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Blue Jay 180 LLC v. Hushmand Sohaili, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Provisionally Complex Litigation (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Blue Jay 180 LLC v. Hushmand Sohaili, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☒ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS: 721 18th St. |
|---|---|---|---|
| CITY: Santa Monica | STATE: CA | ZIP CODE: 90402 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the West District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and SCLAC Local Rule 2.3(a)(1)(E)]

Dated: May 7, 2026

/s/ Ronald Richards
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form SCLAC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/08/2026 6:01 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Coleman, Deputy Clerk

Ronald N. Richards (State Bar No. 176246)
LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C.
P.O. Box 11480
Beverly Hills, CA 90213
Telephone: (310) 556-1001
Facsimile: (310) 277-3325
Email: ron@ronaldrichards.com

Gregory E. Stone (State Bar No. 144057)
Alisa M. Morgenthaler (State Bar No. 146940)
STONE | DEAN LLP
21052 Oxnard Street
Woodland Hills, CA 91367
Tel.: (818) 999-2232
Fax: (818) 999-2269
E-mail: gstone@stonedeanlaw.com
E-mail: amorgenthaler@stonedeanlaw.com

Attorneys for Plaintiff BLUE JAY 180 LLC, a California limited liability company

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – WEST DISTRICT

| | |
|---|---|
| BLUE JAY 180 LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HUSHMAND SOHAILI, an individual; RICHARD WEINTRAUB, an individual; 1966 BJW, LLC, a Delaware limited liability company; HS BLUE JAY WAY, LLC, a California limited liability company, formerly known as RC/HS, LLC; ERW ONE THOUSAND, LLC, a Delaware limited liability company; LVC ONE THOUSAND, LLC, an entity of unknown state formation, aka LA VILLA CONTENTA LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 26SMCV02555<br><br>**COMPLAINT FOR BREACH OF PROMISSORY NOTE** |

COMES NOW Plaintiff BLUE JAY 180 LLC a California limited liability company ("Plaintiff" or "BJ 180") and hereby complains and alleges as follows:

**PARTIES AND RELEVANT NON-PARTIES**

1. Plaintiff is, and at all times relevant hereto was, a California limited liability company in good standing with its principal place of business in Los Angeles, California.

2. Defendant HUSHMAND SOHAILI ("Sohaili") is an individual residing in the State of California, County of Los Angeles, who has the relationships and positions with the other entity defendants as set forth herein.

3. Defendant RICHARD WEINTRAUB ("Weintraub") is an individual residing in the City of Malibu, County of Los Angeles, State of California who has the relationships and positions with the other entity defendants as set forth herein.

4. Non-party S&W BLUE JAY WAY, LLC ("S&W LLC" or "Borrower") is a California limited liability company with its principal place of business in the City of Malibu, County of Los Angeles, State of California. Plaintiff is informed and believes that S&W LLC is a member-managed California limited liability company. At times relevant hereto its members and managers were/are 1966 BJW, LLC ("1966 LLC") and HS BLUE JAY WAY, LLC ("HS Blue Jay") formerly known as RC/HS, LLC ("RC/HS").

5. Defendant 1966 LLC is a Delaware limited liability company registered to conduct business in the State of California with its principal place of business in the City of Malibu, County of Los Angeles, State of California. ERW One Thousand, LLC is the managing member of 1966 LLC, LVC One Thousand, LLC is the managing member of ERW One Thousand, LLC, and Weintraub is the manager of LVC One Thousand, LLC.

6. Defendant HS Blue Jay is a California limited liability company with its principal place of business in the City of Santa Monica, County of Los Angeles, State of California. HS Blue Jay was formerly known as RC/HS and RC/HS filed an amendment with the California Secretary of State on March 8, 2013, changing its name to HS Blue Jay. Sohaili is the manager of HS Blue Jay.

7. Plaintiff is informed and believes and thereon alleges that Sohaili is the sole

member of HS Blue Jay.

8. Defendant ERW ONE THOUSAND, LLC ("ERW 1000") was a Delaware limited liability company with its principal address in the City of Malibu, County of Los Angeles, State of California. LVC ONE THOUSAND, LLC held itself as the managing member of ERW 1000 and Richard Weintraub held himself as the manager of LVC ONE THOUSAND, LLC. Weintraub filed a Certificated of Cancellation for ERW 1000 with the California Secretary of State on September 21, 2023.

9. Plaintiff is informed and believes that Defendant LVC ONE THOUSAND, LLC, aka LA VILLA CONTENTA LLC a Delaware limited liability company (sometimes referred to as "LVC") has its principal address in the City of Malibu, County of Los Angeles, State of California. "LVC One Thousand, LLC" is listed in ERW 1000's California Statement of Information as its manager and/or member, however, there is no known entity by the name "LVC One Thousand, LLC." Therefore, Plaintiff is informed and believes that "LVC One Thousand, LLC" is also known as LA VILLA CONTENTA LLC, a party to the Indemnity Agreement, defined below, which is a Delaware limited liability company. Weintraub purports to be the manager of LVC. LVC held itself as the managing member of ERW 1000.

10. Plaintiff is informed and believes and thereon alleges that Weintraub is the ultimate member and manager of LVC, if it is even a valid legal entity.

11. In the event that "LVC One Thousand, LLC" is not the same entity as LA VILLA CONTENTA LLC, Plaintiff is informed and believes that LVC is not a valid, separate, legally formed entity and, therefore, that it is the alter ego of Weintraub.

12. Non-party 180 PCH, LLC ("180 PCH") is a California limited liability company with its principal place of business in the City of Malibu, County of Los Angeles, State of California.

13. The true names and capacities of Defendants named herein as Does 1 through 100, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of those defendants after they have been ascertained.

Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this Complaint and that Plaintiff's damages as alleged in the Complaint were proximately caused by the acts or omissions of such defendant.

14. Plaintiff is informed and believes, and thereon alleges, that at all times alleged in this Complaint, Defendants, and each of them, were the partners, joint venturers, agents, alter egos, and representatives of each other in doing the things herein alleged and, in doing so, were acting within the scope of their respective authorities as agents and representatives, and are jointly and severally liable to Plaintiff.

15. Plaintiff is informed and believes and thereon alleges that Sohaili and Weintraub are the ultimate owners and managers of S&W LLC and that they attempted to use their intermediary entities named herein as Defendants as shells to insulate and shield themselves from personal liability for the debts and obligations of S&W LLC. Plaintiff is informed and believes and thereon alleges that Sohaili and Weintraub are the alter egos of S&W LLC and that each of their intermediary entities named as Defendants herein, including but not limited to DOES 1 through 100, 1966 LLC, HS Blue Jay, ERW 1000, and LVC, also are the alter egos of S&W LLC.

16. Plaintiff is informed and believes, and thereon alleges, that Sohaili and HS Blue Jay are the alter egos of each other and of S&W LLC. Plaintiff is informed and believes that S&W LLC and HS Blue Jay are:

a) undercapitalized,

b) have commingled funds and other assets between the business entities and the individual,

c) have failed to segregate funds,

d) that there have been unauthorized diversion of corporate/business funds and assets to other than corporate/business uses,

e) that Sohaili has treated the assets of S&W LLC and HS Blue Jay as his own,

f) that there has been a failure to maintain minutes and adequate corporate/LLC

records and the confusion of the records of the separate entities,

g) that there is identical equitable ownership in the entities S&W LLC and HS Blue Jay,

h) that the same equitable owners have domination and control of S&W LLC and HS Blue Jay,

i) that the same ultimate directors, officers, and managers of S&W LLC and HS Blue Jay are responsible for supervision and management,

j) that Sohaili, Weintraub, S&W LLC, 1966 LLC, HS Blue Jay, ERW 1000, and/or LVC use the same office and/or business location,

k) that Sohaili, Weintraub, S&W LLC, 1966 LLC, HS Blue Jay, ERW 1000, and/or LVC employ the same employees and the same attorneys,

l) there is an absence of corporate assets,

m) that the use of S&W LLC, 1966 LLC, HS Blue Jay, ERW 1000, and LVC as mere shells, instrumentalities or conduits for a single venture or business of Sohaili and Weintraub,

n) there is a disregard of legal formalities and the failure to maintain arm's length relationships between S&W LLC, 1966 LLC, HS Blue Jay, ERW 1000, LVC, on the one hand, and Sohaili and Weintraub, on the other hand,

o) there have been diversions of assets from S&W LLC and HS Blue Jay to Sohaili to the detriment of creditors, and

p) there has been a use of S&W LLC and HS Blue Jay as a shield against personal liability on behalf of Sohaili.

17. Plaintiff is informed and believes and thereon alleges that Weintraub, 1966 LLC, ERW 1000, and LVC are the alter egos of each other and of S&W LLC. Plaintiff is informed and believes that S&W LLC, 1966 LLC, ERW 1000, and LVC are:

a) undercapitalized,

b) have commingled funds and other assets between the business entities and the individual,

c) have failed to segregate funds,

d) that there have been unauthorized diversion of corporate/business funds and assets to other than corporate/business uses,

e) that Weintraub has treated the assets of S&W LLC, 1966 LLC, ERW 1000, and LVC as his own,

f) that there has been a failure to maintain minutes and adequate corporate/LLC records and the confusion of the records of the separate entities,

g) that there is identical equitable ownership in the entities S&W LLC, 1966 LLC, ERW 1000, and LVC,

h) that the same equitable owner(s) has domination and control of S&W LLC, 1966 LLC, ERW 1000, and LVC,

i) that the same ultimate directors, officers, and managers of S&W LLC, 1966 LLC, ERW 1000, and LVC are responsible for supervision and management,

j) that Weintraub, S&W LLC, 1966 LLC, ERW 1000, and/or LVC use the same office and/or business location,

k) that Sohaili, Weintraub, S&W LLC, 1966 LLC, HS Blue Jay, ERW 1000, and/or LVC employ the same employees and/or the same attorneys,

l) there is an absence of corporate assets,

m) that the use of S&W LLC, 1966 LLC, HS Blue Jay, ERW 1000, and LVC is a mere shell, instrumentality or conduit for a single venture or business of Sohaili and Weintraub,

n) Weintraub cancelled ERW 1000 while S&W LLC and 1966 LLC were still in existence, leaving no valid member or manager of either entity,

o) there is a disregard of legal formalities and the failure to maintain arm's length relationships between S&W LLC, 1966 LLC, HS Blue Jay, ERW 1000, and LVC, on the one hand, and Sohaili and Weintraub, on the other hand,

p) there have been diversions of assets from S&W LLC, 1966 LLC, ERW 1000, and LVC to Weintraub to the detriment of creditors,

q) there has been a use of S&W LLC, 1966 LLC, ERW 1000, and LVC as a shield against personal liability on behalf of Weintraub, and

r) LVC is not a validly formed legal entity.

**JURISDICTION AND VENUE**

18. This Court has jurisdiction over this action because Defendants are California residents.

19. Venue in this Court is proper pursuant to California *Code of Civil Procedure*, sections 395 *et seq.*, because the acts and omissions complained of herein occurred in Los Angeles County, one or more of the Defendants reside in Los Angeles County, and the Plaintiff resides in Los Angeles County.

**GENERAL FACTUAL ALLEGATIONS**

20. In or about February 2013, Robert Cohen ("RC") as Trustee of the Cohen Family Trust Dated March 13, 1986 as Restated December 31, 2005 ("Original Lender") agreed to make a loan to S&W LLC in the maximum principal amount of $2,500,000 ("Cohen Loan") for purposes of S&W LLC's acquisition of land located at 1633 Blue Jay Way, Los Angeles, California 90069 ("Blue Jay Property") on which S&W LLC intended to develop a multi-million dollar single family "spec" home ("House").

21. The Cohen Loan from Original Lender to S&W LLC is evidenced by a Promissory Note Secured by Deed of Trust ("Note") dated February 26, 2013, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein. The terms of the Cohen Loan, except as amended in writing by Original Lender and S&W LLC as alleged herein, are set forth in the Note, but in summary Original Lender agreed to loan S&W LLC the maximum principal sum of $2,500,000, with an initial advance in the amount of $1,750,000 at the time that S&W LLC closed on the purchase of the Blue Jay Property, with subsequent advances in the minimum amounts of $100,000. The Note was drafted by Sohaili, who was also the lawyer for RC, his entities and/or the Original Lender.

22. The interest rate on the Cohen Loan under the Note is 12%/annum. The Note and the Cohen Loan are exempt from California's usury law pursuant to, *inter alia,* California

*Corporations Code*, section 25118(b) *et seq*. Plaintiff also alleges that Defendants are estopped from claiming usury in light of the attorney-client relationship between Sohaili, on the one hand, and RC, his entities and/or the Original Lender, on the other hand. Plaintiff is voluntarily agreeing to only charge a contract interest rate of 10%/annum on the Note ("Contract Rate") until the issue of usury and exemption are adjudicated. Plaintiff is not waiving its right to charge the stated interest rate of 12%/annum and default rate of an additional 4%/annum following an adjudication that the Note and the Cohen Loan are exempt from California's usury law or that Defendants are estopped from claiming usury.

23. The Note also provides for the Contract Rate to increase by 4% per annum in the event of default or non-payment by maturity ("Default Rate").

24. The original maturity date on the Note and Cohen Loan was the earlier of August 26, 2015, or upon the closing of S&W LLC's sale of the Blue Jay Property.

25. The Note provides for the recovery of attorneys' fees in the event an attorney is engaged to enforce the Note or the Cohen Blue Jay DOT, as defined herein.

26. Pursuant to the Note, Original Lender did advance and loan S&W LLC the full amount of $2,500,000. S&W LLC repaid $550,000 of that principal and to date there remains an outstanding, unpaid principal balance due and owing in the amount of $1,950,000.

27. The Note and all payments and obligations thereunder were secured by a Deed of Trust with Assignment of Rents (Long Form) on the Blue Jay Property, dated March 5, 2013, duly recorded in the Official Records, Recorder's Offices, Los Angeles County, California on March 19, 2013, as Document No. 20130411255 ("Cohen Blue Jay DOT"). The Cohen Blue Jay DOT was to be junior to a deed of trust granted by S&W LLC to East West Bank to secure additional funding in the amount not to exceed $3,000,000 for S&W LLC's initial acquisition of the Blue Jay Property.

28. In connection with the Cohen Loan and Note, Original Lender, Sohaili, Weintraub, and LVC entered into an Indemnity Agreement dated February 22, 20213 ("Indemnity Agreement"). The Indemnity Agreement states that LVC shall mean La Villa Contenta, LLC or a Substitute Guarantor (as defined therein).

29. Among other things, the Indemnity Agreement summarizes the terms of the Cohen Loan and Note as follows:

a. S&W LLC shall obtain a land loan from East West Bank ("Land Loan Lender") in an amount not to exceed $3,000,000 ("Land Loan") in order to acquire the Blue Jay Property and for interest for money reserves, and plans and specifications with respect to the House.

b. At the time final permits are obtained and plans and specifications are completed for construction of the House, S&W LLC shall obtain a construction loan from a bank or financial institution regularly engaged in the business of making such construction loans ("Construction Loan Lender") in order to repay the Land Loan and provide for the cost of construction, interest, marketing, and sale of the House ("Construction Loan").

c. At the time of the initial funding of the Construction Loan (which shall not be in excess of 65% of the appraised value of the completed House and not have an interest rate in excess of prime plus 3%), Original Lender shall subordinate the Cohen Blue Jay DOT to the deed of trust securing the Construction Loan.

30. Plaintiff is informed and believes that in or about February 2013, S&W LLC did take out the Land Loan with East West Bank in the amount of $3,000,000, which was secured by a senior deed of trust on the Blue Jay Property.

31. Plaintiff is informed and believes that on or about May 5, 2017, S&W LLC entered into a subsequent lending agreement with various individuals in the amount of $3,725,000 ("East West Takeout Loan"). The East West Takeout Loan was secured by a Long Form Deed of Trust and Assignment of Rents on the Blue Jay Property, dated May 5, 2017, duly recorded in the Official Records, Recorder's Offices, Los Angeles County, California on May 25, 2017, as Document No. 20170581676 ("Astro DOT").

32. Plaintiff is informed and believes that the East West Takeout Loan was not the "Construction Loan" provided for in the Indemnity Agreement because, among other reasons, it was not from a bank or financial institution regularly engaged in the business of making such

construction loans as required by the Indemnity Agreement, but instead was a loan to pay off and satisfy the Land Loan from the Land Loan Lender and was also used for other purposes by the Defendants including purposes unrelated to the Blue Jay Property and construction of the House.

33. In connection with the East West Takeout Loan and the Astro DOT, Original Lender agreed to and did enter into a Subordination Agreement whereby Original Lender agreed to subordinate the Cohen Blue Jay DOT to the Astro DOT. That Subordination Agreement, dated May 1, 2017, was duly recorded in the Official Records, Recorder's Offices, Los Angeles County, California on May 25, 2017, as Document No. 20170581675 ("Subordination Agreement").

34. On May 1, 2017, Original Lender and S&W LLC entered into an Amendment to Promissory Note Secured by Deed of Trust ("Amendment to Note") which, among other things, extended the original majority date of the Cohen Loan and Note to the earlier of May 1, 2019, or the closing of the sale of the Blue Jay Property by S&W LLC. A true and correct copy of the Amendment to Note is attached hereto as Exhibit "B" and incorporated herein.

35. As consideration for the Amendment to Note and extension of the original majority date of the Cohen Loan and Note, S&W LLC agreed and promised as follows in the Amendment to Note:

> In consideration of the extension of the Maturity Date and Lender's agreement to subordinate as provided herein, Borrower shall execute and cause to be recorded a deed of trust substantially in the form attached hereto as Exhibit "A" (the **"Malibu Junior Deed of Trust")** on that certain real property commonly known as 33386 and 33398 Pacific Coast Highway, Malibu, California. Lender acknowledges and agrees that the Malibu Junior Deed of Trust shall be junior and subordinate to that certain Long Form Deed of Trust and Assignment of Rents dated as of December 15, 2015, recorded on January 6, 2016 as Instrument No. 20160011910 in the Official Records securing a loan in the amount of $2,700,000.00.

36. There was no Exhibit A attached to the Amendment to Note.

37. Although the Amendment to Note states that S&W LLC shall execute and cause the "Malibu Junior Deed of Trust" to be recorded as additional security for the Cohen Loan and Note, on or about May 1, 2017, it was 180 PCH that executed and caused to be recorded a Long Form Deed of Trust and Assignments of Rents, duly recorded in the Official Records, Recorder's

Offices, Los Angeles County, California on May 25, 2017 as Document No. 20170581677 ("Malibu DOT"), whereby 180 PCH granted Original Lender a junior security interest in certain undeveloped real property located in Malibu, California ("Malibu Lots") to further secure the Note and all of S&W LLC's payment and obligations thereunder. A true and correct copy of the Malibu DOT is attached hereto as Exhibit "C" and incorporated herein. The legal description of the Malibu Lots is set forth in Exhibit A of the Malibu DOT.

38. Contrary to the representation and promise in the Amendment to Note that S&W LLC would execute and record the Malibu DOT and the implicit representation that S&W LLC was the title owner of the Malibu Lots, it was 180 PCH who executed and recorded the Malibu DOT rather than S&W LLC, even though 180 PCH was not a party to the Amendment to Note.

39. S&W LLC did not pay all principal, interest and other amounts due and owing on the Note by May 1, 2019, the extended maturity date set forth in the Amendment to Note.

40. S&W LLC and its principals Sohaili and Weintraub contend that Original Lender orally agreed that the maturity of the Note would be extended and no default would be declared on the Note, the Cohen Blue Jay DOT or the Malibu DOT on the condition that S&W LLC continued making at least monthly 5% interest payments on the Note. Sohaili and Weintraub contend the maturity of the Note was extended pursuant to that purported oral agreement to March 2020 when S&W LLC stopped making any interest payments on the Note. Although S&W LLC resumed making monthly interest payments on the Note in December 2020, and stopped again in September 2022, the Note had already matured as of May 1, 2019, and S&W LLC was in default on the Note. Any oral extension of the maturity date of the Note is disputed by Plaintiff.

41. S&W LLC continued to make minimal monthly payments on the Note until February 2020 when it stopped making payments. S&W LLC restarted making minimal monthly payments on the Note in December 2020 until September 2022 when it stopped making payments altogether. Each payment by S&W LLC on the Note, including the last payment in or about September 2022, restarted the statute of limitations herein pursuant to California *Code of Civil Procedure*, section 360, which provides in relevant part, "… any payment on account of

principal or interest due on a promissory note made by the party to be charged shall be deemed a sufficient acknowledgment or promise of a continuing contract to stop, from time to time as any such payment is made, the running of the time within which an action may be commenced upon the principal sum or upon any installment of principal or interest due on such note, and to start the running of a new period of time, but no such payment of itself shall revive a cause of action once barred."

42. In exchange for good and valuable consideration, on or about April 25, 2023, Original Lender assigned and otherwise transferred to Plaintiff all of its right, title, interest, and remedies in and to, *inter alia,* the Note, as amended by the Amendment to Note, the Cohen Blue Jay DOT, and the Malibu DOT.

43. In exchange for good and valuable consideration and pursuant to said assignment of the Note from Original Lender to Plaintiff, on or about April 25, 2023, Original Lender executed and delivered to Plaintiff an Allonge to Promissory Note Secured by Deed of Trust ("Allonge") making all amounts due and owing on the Note by S&W LLC payable to Plaintiff. A true and correct copy of said Allonge is attached hereto as Exhibit "D" and incorporated in full herein by reference. Pursuant to the Allonge, effective as of April 25, 2023, Plaintiff is the beneficiary and owner of all right, title, interest, and remedies in and to, *inter alia,* the Cohen Loan and Note, as amended by the Amendment to Note.

44. S&W LLC defaulted on its obligations to Plaintiff, as assignee, under the Note, as amended by the Amendment to Note by, *inter alia*, failing to pay the total indebtedness due and owing on the Note. As of the filing of this action, a conservative amount of $1,950,000.00 in principal remained due and owing on the Note. Interest, default interest, costs, attorneys' fees, and other sums are also currently due and owing thereunder and continue to accrue. Plaintiff is seeking those amounts as damages herein from Defendants also.

45. On August 4, 2023, S&W LLC filed a Chapter 11 bankruptcy petition in the matter entitled *In re S&W Blue Jay Way, LLC*, United States Bankruptcy Court, Central District of California ("Bankruptcy Court"), Case No. 9:23-bk-10672-RC ("S&W BK Action").

46. On May 13, 2025, because of other relief available to it in other forums, BJ 180

filed a Motion to Conditionally Withdraw Claim No. 2-1 in the S&W BK Action pursuant to which BJ 180 sought to withdraw its bankruptcy claim against S&W LLC without prejudice.

47. On July 28, 2025, Hon. Ronald A. Clifford III, United States Bankruptcy Judge, entered an Order Conditionally Granting Blue Jay 180, LLC's Motion to Conditionally Withdraw Claim No. 2-1 ("Withdrawal Order"). Pursuant to the Withdrawal Order, BJ 180's claim in the S&W BK Action as against that debtor's estate was withdrawn without prejudice.

48. The Conditional Withdrawal Order further provides, "The Court conditions approval of the Motion on the term that Blue Jay is to waive its Claim against the Debtor, thereby releasing any future request to recover said claim from the Debtor." The Conditional Withdrawal Order only ordered the claim and debt released as to the bankrupt Debtor S&W LLC and its estate.

49. According to the United States Bankruptcy Code, "[e]xcept as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." (11 U.S.C. 524(e).) It is blackletter bankruptcy law that the discharge of a debt against a bankrupt debtor, here S&W LLC, does not release non-debtor third parties, including sureties, guarantors or alter egos, here Defendants, unless the order expressly states it does and there is an opt in procedure. *RS AIR, LLC v. NetJets Aviation, Inc. (In re RS AIR, LLC*), 651 B.R. 538 (9th Cir. BAP 2023); *Eastern Minerals & Chems. Co. v. Mahan*, 225 F.3d 330 (3rd Cir. 2000). Here, the Conditional Withdrawal Order did not release non-debtor third parties.

50. Furthermore, because the withdrawal of BJ 180's bankruptcy claim was without prejudice, there is no preclusive effect—issue or claim preclusion—from that withdrawal. *Williams v. City of Oakland* (1973) 30 Cal.App.3d 64, 69; *Hacker v. Fabe* (2023) 92 Cal.App.5th 1267, 1281; *Egelston v. State Personnel Bd.* (2025) 112 Cal.App.5th 1050, 1056.

51. On May 24, 2024, the Bankruptcy Court entered its Order Confirming S&W LLC's First Modified First Amended Chapter 11 Liquidating Plan which confirmed S&W LLC's First Modified First Amended Chapter 11 Liquidating Plan ("Plan"). The Plan provided for a sale of the Blue Jay Property to HRBJW2, LLC ("Buyer") for $4,000,000. Of that purchase

price, $1,000,000 was to be paid to S&W LLC's estate to fund distributions to some creditors/claimants under the Plan and the remaining $3,000,000 would be paid by the Buyer directly to the group of senior lienholders in complete satisfaction of their claim against the debtor's estate.

52. The Plan and the S&W LLC's stipulation with the senior lienholders and the Buyer provide for the establishment of an escrow to consummate the transaction for the sale of the Blue Jay Property. The transaction has been fully consummated.

53. The Plan became effective on June 13, 2024.

54. The newly created entity, HRBJW2, LLC, the Buyer, also was owned by Sohaili and Weintraub via their wholly owned limited liability companies. This was done to further avoid liability on the Note that was unpaid.

55. On or about September 18, 2025, F Street City LLC, Parviz Kamali, Tsu Hua Tsai, Wen Bing Chen, and Mei Lin Chen Yang, the senior lienholder on the Malibu Lots (collectively, the "Malibu Senior Lienholders"), issued a Notice of Default and Election to Sell Under Deed of Trust and recorded said notice on September 23, 2025, in the Official Records, Recorder's Offices, Los Angeles County as Instrument Number 20250654210.

56. On or about December 29, 2025, the Malibu Senior Lienholders recorded an amended Notice of Trustee's Sale Under Deed of Trust and recorded said notice in the Official Records, Recorder's Offices, Los Angeles County as Instrument Number 20250940891 ("Malibu Senior NOS").

57. On or about January 21, 2026, pursuant to the Malibu Senior NOS, a non-judicial trustee sale of the Malibu Lots was conducted ("Malibu Foreclosure Sale"). The winning bidder and purchaser of the Malibu Lots at said sale was third-party RCSFU Acquisition LLC for the sum of $3,041,533.89.

58. No amount of the sale proceeds from the Malibu Foreclosure Sale was paid to Plaintiff pursuant to the Malibu DOT.

59. As a result of the Malibu Foreclosure Sale, Plaintiff is a sold-out junior lienholder on its Malibu DOT.

**FIRST CAUSE OF ACTION FOR BREACH OF PROMISSORY NOTE BY ALTER EGOS OF BORROWER**

**(Against All Defendants)**

60. Plaintiff realleges and incorporates by reference each and all of the allegations contained in Paragraphs 1 through 59, inclusive, of this Complaint as though set forth in full.

61. Defendants named herein are the alter egos of S&W LLC for the reasons set forth herein and, therefore, are liable and responsible for its obligations under the Note, as amended, and the Cohen Loan.

62. Within the past four years, Defendants, as S&W LLC's alter egos, became indebted to Plaintiff, as assignee of the Original Lender, in the principal sum of $1,950,000 for money paid to and received by S&W LLC, for S&W LLC's benefit, at S&W LLC's request.

63. No part of said sum has been paid, although payment has been demanded, and there is now due, owing and unpaid from Defendants, as S&W LLC's alter egos, to Plaintiff, as assignee of Original Lender, the principal sum of $1,950,000, plus interest at the legal rate according to proof at time of trial or entry of judgment.

64. Alternatively, following an adjudication that the Contract Rate and Default Rate of interest under the Note do not violate California's usury laws and that the Note is exempt from California's usury laws or Defendants are otherwise estopped from claiming usury, prejudgment interest on the principal sum of $1,950,000 at the Contract Rate and Default Rate are sought on the principal balance owed on the Note.

65. Defendants, as S&W LLC's alter egos, are also liable to Plaintiff for all attorneys' fees incurred by Plaintiff enforcing the Note, as amended, pursuant to the attorneys' fee provision in the Note, including but not limited to in the S&W BK Action.

66. Plaintiff has been damaged as a result of Defendants' breaches of and default on the Note, as amended, as S&W LLC's alter egos, in the sum of no less than $3,000,000.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For the principal sum of $1,950,000, plus accrued interest at the legal rate according to proof at the time of trial or entry of judgment;

2. For attorneys' fees incurred enforcing the Note against S&W LLC as an item of compensatory damages in an amount to be proven at trial;

3. For attorneys' fees incurred in this action pursuant to contract; and

4. For such other and further relief as the Court deems just and proper.

Dated: May 7, 2026

LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, APC

By: /s/ Ronald Richards
Ronald Richards, Esq.
Attorneys for Plaintiff BLUE JAY 180 LLC

Dated: May 7, 2026

STONE DEAN LLP

By: /s/ Gregory Stone
Gregory Stone, Esq.
Alisa Morgenthaler, Esq.
Attorneys for Plaintiff BLUE JAY 180 LLC

# EXHIBIT "A"

PROMISSORY NOTE SECURED BY DEED OF TRUST

$2,500,000

February 26, 2013

Los Angeles, California

For value received, the undersigned, S&W Blue Jay Way, LLC ("Borrower"), promise(s) to pay to the order of Robert Cohen as trustee of the Cohen Family Trust dated March 13, 1986 as restated December 31, 2005, as amended ("Lender"), at Los Angeles or at any other place that may be designated in writing by Lender, the principal sum of Two Million Five Hundred Thousand Dollars ($2,500,000) (or such lesser amount of principal advances made by lender from time to time which may be actually outstanding and unpaid from time to time) with interest on the amount actually outstanding and unpaid from time to time, as set forth in this Note. All sums due are payable in lawful money of the United States of America. The principal amount of this Note will bear interest at the rate of Twelve percent (12%) per annum.

There shall be an initial advance of $1,750,000 at the closing of the acquisition 1633 Blue Jay Way, Los Angeles, California ("the Property") and subsequent advances in minimum amounts of One Hundred Thousand Dollars upon five (5) business days notice up until the total amount advanced under the terms hereof is in the face amount of this note.

Borrower will pay to Lender the principal amount of this Note, and accrued interest, as follows: (i) Interest only on a monthly basis and (ii) all principal and unpaid interest will be due on the earlier of August 26th, 2015 or upon the closing of the sale of the Property ("Maturity Date") . The final payment of this Note, which will be in an amount equal to the entire outstanding principal balance of this Note, together with all then accrued and unpaid interest. There shall be a five (5) day grace period for each payment under this paragraph and notwithstanding anything to the contrary herein, any late payment(s) under this paragraph shall not constitute a breach, default or event of default hereunder if made prior to the end of such grace period.

If Borrower fails to make any required payment on or before five (5) days following the date on which it becomes due, Borrower will pay, at Lender's option, a late charge equal to five percent (5%) of the amount of the unpaid payment (excluding principal payments).

From and after the Maturity Date, or such earlier date, if any, on which all sums owing under this Note become due by acceleration or otherwise, all sums owing under this Note will bear interest until paid in full at a rate equal to four percent (4%) per annum in excess of the rate of interest specified above ("Default Rate").

All payments and prepayments on this Note will be immediately applied first to the payment of accrued interest; then to the reduction of the principal balance (unless otherwise designated by Borrower as payment of other amounts due hereunder.

If, after expiration of applicable notice and cure periods hereunder without effecting timely cure:

(a) Borrower fails to pay when due any sums payable under this Note;

(b) any other event or condition occurs that, under the terms hereof, gives rise to a right of acceleration of sums owing under this Note, then Lender, at its sole option, will have the right to declare all sums owing under this Note immediately due and accelerated.

Borrower will have the right to pay at any time, without penalty or premium, all or any portion of the outstanding principal amount of this Note prior to the Maturity Date.

If an attorney is engaged by Lender to enforce any provision of this Note or the Deed of Trust as a result of a default thereof by Borrower, then Borrower will pay to Lender on demand all attorney fees and other costs incurred by Lender, together with interest from the date of the demand until paid at the interest rate set forth in this Note.

No waiver or failure or delay by Lender in acting with respect to the terms of this Note will constitute a waiver of any later breach, default, or failure of condition under this Note unless otherwise specified by such waiver. A waiver of any term of this Note must be made in writing and will be limited to the express terms of the waiver.

The preceding sentence shall not apply to any default in payment under the third paragraph of this Note (as to which a five (5) day grace period, without notice, shall instead apply).

All notices required or permitted in connection with this Note or the Deed of Trust will be in writing and will be given as follows and shall be effective only upon actual delivery to such address(es):

If to Borrower: 2804 Gateway Oaks Drive
Sacramento, CA 95841

If to Lender: c/o Burton Way Hotels, LLC
2029 Century Park East
Suite 2300
Los Angeles, CA 90067-3010

Borrower agrees that the only secured lien on the Property (other than a lien for property taxes) shall be either the acquisition land loan from East West Bank or a subsequent construction loan for construction of the house once all approvals are obtained to begin the construction. Borrower agrees no other liens shall be permitted which are not discharged, or in the event of a good faith dispute appropriately bonded against, within thirty (30) days from the date of written notice of such lien appearing on the Property.

Borrower waives presentment; demand; notice of dishonor; notice of default or delinquency; notice of acceleration; notice of protest and nonpayment; notice of costs, expenses, or losses and interest; notice of interest on interest and late charges; and diligence in taking any action to collect any sums owing under this Note or in proceeding against any of the rights or interests to properties securing payment of this Note. Time is of the essence with respect to every provision of this Note. This Note will be construed and enforced in accordance with California law, and Borrower consents to the jurisdiction of any Federal or State Court within California having

proper venue and also consents to service of process by any means authorized by California or Federal law.

Payments under this Note and/or the Deed of Trust may be paid by a third party(ies) other than Borrower and such payment, if any, shall be deemed acceptable to and accepted by the Lender or holder in the same manner as if paid by Borrower.

[Signatures of following page]

This Note is made, effective as of the date first set forth above, by the undersigned Borrower.

BORROWER:

S&W Blue Jay Way, LLC

By: RC/HS, LLC, a California limited liability company

By: ______________________________
Hushmand Sohaili, Manager

By: 1966 BJW, LLC, a Delaware limited liability company

By: ______________________________
Richard Weintraub, Authorized Signatory

# EXHIBIT "B"

# AMENDMENT TO PROMISSORY NOTE SECURED BY DEED OF TRUST

This Amendment to Promissory Note Secured By Deed Of Trust (this "**Amendment**") is made as of May 1, 2017, by and between S&W Blue Jay Way, LLC ("**Borrower**") and Robert Cohen, as trustee of the Cohen Family Trust dated March 13, 1986 as restated December 31, 2005, as amended ("**Lender**").

WHEREAS, Lender made a loan to Borrower in the original principal amount of Two Million Five Hundred Thousand Dollars ($2,500,000.00) (the "**Loan**"), which Loan is evidenced by that certain Promissory Note Secured By Deed of Trust dated February 26, 2013, in the original principal amount of the Loan, executed by Borrower (the "**Note**"), and which Note is secured by that certain Deed of Trust with Assignment of Rents (Long Form) (the "**Blue Jay Junior Deed of Trust**") dated as of March 5, 2013, recorded on March 19, 2013, as Instrument No. 20130411255 in the official records of the Los Angeles County, California ("**Official Records**"), on real property commonly known as 1633 Blue Jay Way, Los Angeles, California (the "**Blue Jay Property**"), and more fully described in the Deed of Trust. All capitalized terms used herein without definition shall have the meanings ascribed to them in the Note.

WHEREAS, Borrower and Lender desire to extend the Maturity Date subject to the terms of this Amendment.

NOW, THEREFORE, for and in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which are hereby, parties hereby agree as follows:

1. Incorporation of Recitals. Borrower and Lender each confirms the truth and accuracy of the recitals, each of which are made a part of this Amendment.

2. Agreement to Extend Maturity Date of the Loan. The Maturity Date shall be extended to and shall hereinafter mean: the earlier of (i) May 1, 2019 or (ii) upon the closing of the sale of the Blue Jay Property by Borrower.

3. Additional Security. In consideration of the extension of the Maturity Date and Lender's agreement to subordinate as provided herein, Borrower shall execute and cause to be recorded a deed of trust substantially in the form attached hereto as Exhibit "A" (the "**Malibu Junior Deed of Trust**") on that certain real property commonly known as 33386 and 33398 Pacific Coast Highway, Malibu, California. Lender acknowledges and agrees that the Malibu Junior Deed of Trust shall be junior and subordinate to that certain Long Form Deed of Trust and Assignment of Rents dated as of December 15, 2015, recorded on January 6, 2016 as Instrument No. 20160011910 in the Official Records securing a loan in the amount of $2,700,000.00.

4. Secured Liens on Blue Jay Property; Subordination. The second to last paragraph on page 2 of the Note, which begins with "Borrower agrees that the only secured lien...", is hereby deleted in its entirety and replaced with the following: "Notwithstanding anything to the contrary in the Note, Lender acknowledges and agrees that it will subordinate the lien of the Blue Jay Junior Deed of Trust to the lien securing that certain senior loan in the amount of

$3,725,000.00 (i.e., a $1,500,000.00 increase over the current balance of the existing first lien) obtained, or about to be obtained, from the lender described in the subordination agreement attached hereto as Exhibit "B" (the "**Subordination Agreement**"), which new senior loan is or shall be secured by a deed of trust on the Blue Jay Property (the "**Blue Jay Senior Deed of Trust**"). Lender agrees to execute, and permit Borrower to record, the Subordination Agreement pursuant to which the Blue Jay Junior Deed of Trust is subordinated to the Blue Jay Senior Deed of Trust as more fully set forth in the attached subordination agreement.

5. Miscellaneous. Except as modified hereby, the terms and conditions of the Note shall continue in full force and effect. This Amendment may be executed in multiple counterparts, each of which shall be an original and all of which together shall constitute one agreement. In order to expedite the execution of this Amendment, a facsimile or electronic mail signature shall be binding and have the same effect as an original signature.

[*End of text; Signatures appear on the following page*]

Exhibit A

Form of Malibu Junior Deed of Trust

[Attached]

# Exhibit B

## Form of Subordination Agreement

IN WITNESS WHEREOF, the parties hereto have duly executed this Amendment as of the date set forth above.

Borrower:

S&W Blue Jay Way, LLC

By: H.S Blue Jay Way ~~RC/HS~~, LLC, a California limited liability company

By: ______________________________
Hushmand Sohaili, Manager

By: 1966 BJW, LLC, a Delaware limited liability company

By: ______________________________
Richard Weintraub, Authorized Signatory

Lender:

______________________________
Robert Cohen, as trustee of the Cohen Family Trust dated March 13, 1986 as restated December 31, 2005, as amended

# EXHIBIT “C”

**This page is part of your document - DO NOT DISCARD**

# 20170581677

**Pages:**
**0008**

COUNTY OF LOS ANGELES
CALIFORNIA

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**05/25/17 AT 08:00AM**

| | |
|---|---|
| FEES: | 61.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 61.00 |

LEADSHEET

201705250120029

**00013760704**

008351872

**SEQ:**
**03**

SECURE - 8:00AM

**THIS FORM IS NOT TO BE DUPLICATED**

E08_170525_5[illegible]91

*E464772*

FOR REFERENCE ONLY: 20170581677

RECORDED AT THE REQUEST OF
CHICAGO TITLE COMPANY
RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO

Robert Cohen
c/o Burton Way Hotels
2029 Century Park East, Suite 2200
Los Angeles, CA 90067

Accommodation

# LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

**APN NOS.** 4473-019-005; 4473-019-006 and 4473-019-007

**This Deed of Trust,** is made May 1, 2017, between 180 PCH, LLC, a California limited liability company, herein called Trustor, whose address is P.O Box 6528, Malibu, CA 90264, First American Title Company, herein called Trustee, and Robert Cohen, as trustee of the Cohen Family Trust dated March 13, 1986 as restated December 31, 2005, as amended, herein called Beneficiary,

**Witnesseth:** That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE,** that property in Los Angeles County, California, described as:

See Exhibit "A" attached hereto

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions herein to collect and apply such rents, issues and profits.
**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness due and owing under that certain promissory note dated February 26, 2013, and any extension or renewal thereof, in the original principal sum of $2,500,000.00 executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1) To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general

(2) To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto, all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof

RECORDED AT THE REQUEST OF
CHICAGO TITLE COMPANY
RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO

Robert Cohen
c/o Burton Way Hotels
2029 Century Park East, Suite 2200
Los Angeles, CA 90067

Accomodation

# LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

**APN NOS.** 4473-019-005; 4473-019-006 and 4473-019-007

**This Deed of Trust,** is made May 1, 2017, between 180 PCH, LLC, a California limited liability company, herein called Trustor, whose address is P.O Box 6528, Malibu, CA 90264, First American Title Company, herein called Trustee, and Robert Cohen, as trustee of the Cohen Family Trust dated March 13, 1986 as restated December 31, 2005, as amended, herein called Beneficiary,

**Witnesseth:** That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE,** that property in Los Angeles County, California, described as:

See Exhibit "A" attached hereto

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions herein to collect and apply such rents, issues and profits. **For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness due and owing under that certain promissory note dated February 26, 2013, and any extension or renewal thereof, in the original principal sum of $2,500,000.00 executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1) To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general

(2) To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto, all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof

Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto "Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person , by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder. Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires ,the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

**The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.**

Notwithstanding anything to the contrary in this Deed of Trust, this Deed of Trust shall be junior and subordinate to that certain Long Form Deed of Trust and Assignment of Rents dated as of December 15, 2015, recorded on January 6, 2016 as Instrument No. 20160011910 in the Official Records of Los Angeles County, California, among Trustor, as trustor, Astro Escrow, Inc., as trustee, and F Street CTY LLC, Parviz Kamali, Tsu Hua Tsai, Wen Bing Chen, and Mei Lin Chen Yang, as beneficiary.

180 PCH, LLC,
a California limited liability company

By: HS 270, LLC,
a California limited liability company,
its Member

By: ______________________________
Hushmand Sohaili, its sole member

By: PCH 1000, LLC,
a California limited liability company,
its Member

By: WERWER One Thousand, LLC,
a California limited liability company
its Managing Member

By: ______________________________
Richard Weintraub, its Manager

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

State of California
County of LOS ANGELES
On MAY 1, 2017 before me GAIL ELEN, NOTARY PUBLIC, (here insert name and title of the officer), personally appeared HUSHMAND SOHAILI, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity(ies), and that by his/~~her/their~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Signature Gail Elen (Seal)

GAIL ELEN
Commission # 2067336
Notary Public - California
Los Angeles County
My Comm. Expires Jun 4, 2018

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

State of California
County of Los Angeles
On 02 May 2017 before me Stephany Feinstein, Notary Public, (here insert name and title of the officer), personally appeared Richard Weintraub, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Signature ______________________ (Seal)

STEPHANY FEINSTEIN
Notary Public - California
Los Angeles County
Commission # 2192520
My Comm. Expires Apr 20, 2021

**EXHIBIT "A"**

**Legal Description**

Real property in the City of Malibu, County of Los Angeles, State of California, described as follows:

PARCEL 1:

THE MOST WESTERLY 85 FEET OF THAT PARCEL OF LAND BEING A PORTION OF RANCHO TOPANGA MALIBU SEQUIT, IN THE CITY OF MALIBU, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS CONFIRMED TO MATTHEW KELLER BY PATENT RECORDS IN BOOK 1, PAGE 407 ET SEQ., OF PATENTS, RECORD OF SAID COUNTY, PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE SOUTHERLY LINE OF THE 80 FOOT STRIP OF LAND DESCRIBED IN THE FROM T.R. CADWALADER, ET AL., TO THE STATE OF CALIFORNIA, RECORDED IN BOOK 15228, PAGE 342 OFFICIAL RECORDS OF SAID COUNTY, SAID POINT OF BEGINNING BEING SOUTH 9° 14' 30" WEST 40 FEET AND SOUTH 80° 45' 30" EAST 3774.72 FEET FROM ENGINEER'S CENTER LINE STATION 192 PLUS 85.81 AT THE WESTERLY EXTREMITY OF THAT CENTER LINE COURSE DESCRIBED IN SAID DEED AS SOUTH 80° 45' 30" EAST 7702.63 FEET, SAID POINT OF BEGINNING BEING ALSO IN THE NORTHERLY PROLONGATION OF THE WESTERLY LINE OF THE PARCEL OF LAND DESCRIBED IN A DEED FROM MARBLEHEAD LAND COMPANY TO GEORGE E. GORE AND WIFE, RECORDED IN BOOK 21461 PAGE 209 OFFICIAL RECORDS OF SAID COUNTY.

THENCE NORTH 80° 45' 30" WEST 125 FEET ALONG THE SOUTHERLY LINE OF SAID 80 FOOT STRIP; THENCE SOUTH 9° 14' 30" WEST TO A POINT IN THE ORDINARY HIGH TIDE OF THE PACIFIC OCEAN; THENCE EASTERLY ALONG SAID TIDE LINE TO THE INTERSECTION OF SAID TIDE LINE AND THAT LINE WHICH BEARS SOUTH 9° 14' 30" WEST FROM THE POINT OF BEGINNING; THENCE NORTH 9° 14' 30" EAST TO THE POINT OF BEGINNING, SAID LAST
MENTIONED COURSE BEING THE WESTERLY LINE OF SAID GORE PARCEL HERETOFORE MENTIONED AND THE PROLONGATION OF SAID WESTERLY LINE.

EXCEPT THEREFROM THAT PORTION OF THE 100 FEET STRIP OF LAND DESCRIBED IN A DEED FROM MARBLEHEAD LAND COMPANY TO THE STATE OF CALIFORNIA, RECORDED IN BOOK 20716, PAGE 385 OFFICIAL RECORDS OF SAID COUNTY, THAT LIES WITHIN THE PARCEL HEREIN DESCRIBED.

ALSO EXCEPT THEREFROM THE MOST NORTHERLY 250 FEET.

ALSO EXCEPT THEREFROM THE MOST WESTERLY 42.5 FEET OF THE REMAINDER. EXCEPTING

FROM ALL OF THE ABOVE DESCRIBED LAND, ALL MINERALS, OIL, PETROLEUM, ASPHALTUM, GAS, COAL, AND OTHER HYDROCARBONS SUBSTANCES AND WATER CONTAINED IN, ON WITHIN AND UNDER SAID LANDS AND EVERY PART THEREOF, WITHOUT THE RIGHT TO GO UPON SAID LANDS TO EXTRACT ANY OF SAID SUBSTANCES, AS EXCEPTED IN THE DEED RECORDED JUNE 08, 1944 AS INSTRUMENT NO. 46, BOOK 20892, PAGE 395 OF OFFICIAL RECORDS.

PARCEL 2:

THE MOST WESTERLY 42.5 FEET OF THAT PARCEL OF LAND BEING A PORTION OF RANCHO TOPANGA MALIBU SEQUIT, AS CONFIRMED TO MATTHEW KELLER, BY PATENT RECORDED IN BOOK 1, PAGE 407 ET SEQ., OF PATENTS, RECORDS OF SAID COUNTY PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE SOUTHERLY LINE OF THE 80-FOOT STRIP OF LAND DESCRIBED IN THE DEED FROM T.R. CADWALADER, ET AL., TO THE STATE OF CALIFORNIA, RECORDED IN BOOK 15228, PAGE 342, OFFICIAL RECORDS OF SAID COUNTY, SAID POINT OF BEGINNING BEING SOUTH 9° 14' 30" WEST 40 FEET AND SOUTH 80° 45' 30" EAST 3774.72 FEET FROM ENGINEER'S CENTERLINE STATION 192 PLUS 85.81 AT THE WESTERLY EXTREMITY OF THAT CERTAIN CENTER LINE COURSE

DESCRIBED IN SAID DEED AS SOUTH 80° 45' 30" EAST 7702.63 FEET, SAID POINT OF BEGINNING BEING ALSO IN THE NORTHERLY PROLONGATION OF THE WESTERLY LINE OF THE PARCEL OF LAND DESCRIBED IN A DEED FROM MARBLEHEAD LAND COMPANY TO GEORGE E. GORE AND WIFE, RECORDED IN BOOK 21461, PAGE 209, OFFICIAL RECORDS OF SAID COUNTY.

THENCE NORTH 80° 45' 30" WEST 125 FEET ALONG THE SOUTHERLY LINE OF SAID 80 FOOT STRIP; THENCE SOUTH 9° 14' 30" WEST TO A POINT IN THE ORDINARY HIGH TIDE LINE OF THE PACIFIC OCEAN; THENCE EASTERLY ALONG SAID TIDE LINE TO THE INTERSECTION OF SAID TIDE LINE AND THAT LINE WHICH BEAR SOUTH 9° 14' 30" WEST FROM THE POINT OF BEGINNING; THENCE NORTH 9° 14' 30" EAST TO THE POINT OF BEGINNING, SAID LAST MENTIONED COURSE BEING ALSO THE WESTERLY LINE OF SAID GORE PARCEL HERETOFORE MENTIONED AND THE PROLONGATION OF SAID WESTERLY LINE.

EXCEPT THEREFROM THAT PORTION OF THE 100-FOOT STRIP OF LAND DESCRIBED IN A DEED FROM MARBLEHEAD LAND COMPANY TO THE STATE OF CALIFORNIA, RECORDED IN BOOK 20716, PAGE 385, OFFICIAL RECORDS OF SAID COUNTY THAT LIES WITHIN THE PARCEL DESCRIBED HEREIN.

ALSO EXCEPT THEREFROM THE MOST NORTHERLY 250 FEET OF THE REMAINDER.

SAID LAND IS ALSO DESCRIBED ON THE ORIGINAL CERTIFICATE OF COMPLIANCE RECORDED DECEMBER 06, 1978 AS INSTRUMENT NO. 78-1357202.

PARCEL 3:

THE MOST EASTERLY 40 FEET OF THAT PARCEL OF LAND BEING A PORTION OF RANCHO TOPANGA MALIBU SEQUIT AS CONFIRMED TO MATTHEW KELLER, BY PATENT RECORDED IN BOOK 1, PAGE 407 ET SEQ., OF PATENTS, RECORDS OF SAID COUNTY, PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE SOUTHERLY LINE OF THE 80 FOOT STRIP OF LAND DESCRIBED IN THE DEED FROM T. R. CADWALADER, ET AL., TO THE STATE OF CALIFORNIA, RECORDED IN BOOK 15228, PAGE 342, OFFICIAL RECORDS OF SAID COUNTY, SAID POINT OF BEGINNING SOUTH 9° 14' 30" WEST 40 FEET AND SOUTH 80° 45' 30" EAST 3774.72 FEET FROM ENGINEER'S CENTER LINE STATION 192 PLUS 85.81 AT THE WESTERLY EXTREMITY OF THAT CERTAIN CENTER LINE COURSE DESCRIBED IN SAID DEED AS SOUTH 80° 45' 30" EAST 7702.63 FEET, SAID POINT OF BEGINNING BEING ALSO IN THE NORTHERLY PROLONGATION OF THE WESTERLY LINE OF PARCEL OF LAND COMPANY OF GEORGE E. GORE AND WIFE, RECORDED IN BOOK 21461, PAGE 209, OFFICIAL RECORDS OF SAID COUNTY.

THENCE NORTH 80° 45' 30" WEST 125 FEET ALONG THE SOUTHERLY LINE OF SAID 80 FOOT STRIP. THENCE SOUTH 9° 14' 30" WEST TO A POINT IN THE ORDINARY HIGH TIDE LINE OF THE PACIFIC OCEAN; THENCE EASTERLY ALONG SAID TIDE LINE TO THE INTERSECTION OF SAID TIDE LINE AND THAT LINE WHICH BEARS SOUTH 9° 14' 30" WEST FROM THE POINT OF BEGINNING; THENCE NORTH 9° 14' 30" EAST TO THE POINT OF BEGINNING, SAID LAST MENTIONED COURSE BEING ALSO THE WESTERLY LINE OF SAID GORE PARCEL HERETOFORE MENTIONED AND THE PROLONGATION OF SAID WESTERLY LINE.

EXCEPTING THEREFROM THAT PORTION OF THE 100 FOOT STRIP OF LAND DESCRIBED IN A DEED FROM MARBLEHEAD LAND COMPANY TO THE STATE OF CALIFORNIA, RECORDED IN BOOK 20716, PAGE 385 OFFICIAL RECORDS OF SAID COUNTY, THAT LINES WITHIN THE PARCEL HEREIN DESCRIBED.

ALSO EXCEPT THE WESTERLY THIRTY FEET OF THE MOST NORTHERLY 250 FEET.

PARCEL 4:

THOSE RIGHTS CONTAINED IN THAT CERTAIN ACCESS EASEMENT AGREEMENT RECORDED AUGUST 23, 2012 AS INSTRUMENT NO. 20121257928 OF OFFICIAL RECORDS.

# DO NOT RECORD

## REQUEST FOR FULL RECONVEYANCE

To be used only when note has been paid:

To Stewart Title of California, Inc., Trustee Dated ______________________

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

By ______________________

By ______________________

**MAIL RECONVEYANCE TO:**

______________________

______________________

______________________

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

# EXHIBIT "D"

ALLONGE TO PROMISSORY NOTE SECURED BY DEED OF TRUST

This Allonge to Promissory Note Secured by Deed of Trust is attached to and forms a part of that certain Promissory Note Secured by Deed of Trust (as amended, the "Note"), dated as of February 26, 2013, as amended by that certain Amendment to Promissory Note Secured by Deed of Trust, dated as of May 1, 2017, in the original principal amount of TWO MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($2,500,000.00) from S&W Blue Jay Way, LLC, a California limited liability company, in favor of Robert Cohen as trustee of the Cohen Family Trust dated March 13, 1986 as restated December 31, 2005 (as amended, "Lender"). For value received, Lender hereby absolutely assigns, transfers, endorses, negotiates and sets over and makes payable to the order of Blue Jay 180 LLC, a California limited liability company, (together with its successors, participants and assigns, "Assignee"), the Note, without any right of recourse and without any representation, covenant or warranty whatsoever.

Dated: as of April 25, 2023

[signature] Attorney in fact

ROBERT COHEN,
as trustee of the COHEN FAMILY TRUST
DATED MARCH 13, 1986 AS RESTATED
DECEMBER 31, 2005, AS AMENDED

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Santa Monica Courthouse<br>1725 Main Street, Santa Monica, CA 90401 | FILED<br>Superior Court of California<br>County of Los Angeles<br>05/08/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: C. Coleman Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>26SMCV02555 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Lisa K Sepe-Wiesenfeld | N | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on 05/08/2026 (Date)

David W. Slayton, Executive Officer / Clerk of Court

By C. Coleman, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br>FILED<br>Superior Court of California<br>County of Los Angeles<br>05/08/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: C. Coleman Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Santa Monica Courthouse<br>1725 Main Street, Santa Monica, CA 90401 | |
| PLAINTIFF:<br>Blue Jay 180, LLC | |
| DEFENDANT:<br>Hushmand Sohaili, et al. | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>26SMCV02555 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 09/08/2026 | Time: 8:30 AM | Dept.: N |
|---|---|---|

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 05/08/2026

Lisa Sepe Wiesenfeld
Judicial Officer
Lisa K Sepe-Wiesenfeld / Judge

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Santa Monica, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Ronald Neil Richards
PO Box 11480
Beverly Hills, CA 90213

David W. Slayton, Executive Officer / Clerk of Court

Dated: 05/08/2026

By C. Coleman
Deputy Clerk

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Santa Monica Courthouse<br>1725 Main Street, Santa Monica, CA 90401 | FILED<br>Superior Court of California<br>County of Los Angeles<br>05/08/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: C. Coleman Deputy |
| PLAINTIFF/PETITIONER:<br>Blue Jay 180, LLC | |
| DEFENDANT/RESPONDENT:<br>Hushmand Sohaili, et al. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>26SMCV02555 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Notice of Case Management Conference** upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in **Santa Monica**, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Alisa Morgenthaler
Stone/Dean LLP
21052 Oxnard ST.
Woodland Hills, CA 91367

Gregory E. Stone
Stone/Dean LLP
21052 Oxnard St.
Woodland Hills, CA 91367

Ronald Neil Richards
Law Offices of Ronald Richards & Associates, APC
PO Box 11480
Beverly Hills, CA 90213

David W. Slayton, Executive Officer / Clerk of Court

Dated: 05/8/2026

By: C. Coleman
Deputy Clerk

Ronald N. Richards (State Bar No. 176246)
LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C.
P.O. Box 11480
Beverly Hills, CA 90213
Telephone: (310) 556-1001
Facsimile: (310) 277-3325
Email: ron@ronaldrichards.com

Gregory E. Stone (State Bar No. 144057)
Alisa M. Morgenthaler (State Bar No. 146940)
STONE | DEAN LLP
21052 Oxnard Street
Woodland Hills, CA 91367
Tel.: (818) 999-2232
Fax: (818) 999-2269
E-mail: gstone@stonedeanlaw.com
E-mail: amorgenthaler@stonedeanlaw.com

Attorneys for Plaintiff BLUE JAY 180 LLC, a California limited liability company

**Electronically FILED by Superior Court of California, County of Los Angeles 5/21/2026 8:23 AM David W. Slayton, Executive Officer/Clerk of Court, By M. Mohammadi, Deputy Clerk**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – WEST DISTRICT

| | |
|---|---|
| BLUE JAY 180 LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HUSHMAND SOHAILI, an individual; RICHARD WEINTRAUB, an individual; 1966 BJW, LLC, a Delaware limited liability company; HS BLUE JAY WAY, LLC, a California limited liability company, formerly known as RC/HS, LLC; ERW ONE THOUSAND, LLC, a Delaware limited liability company; LVC ONE THOUSAND, LLC, an entity of unknown state formation, aka LA VILLA CONTENTA LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 26SMCV02555<br><br>**NOTICE OF ASSOCIATION OF COUNSEL**<br><br>Action File: 5/8/2026<br>Trial Date: None Set |

**TO THE CLERK OF THE COURT, ALL PARTIES AND ALL COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiff Blue Jay 180 LLC ("Plaintiff") and its attorneys of record Law Offices of Ronald Richards & Associates, A.P.C. and Stone |

Dean LLP hereby associate as co-counsel for Plaintiff: Geoffrey Long, Esq. of the Law Offices of Geoffrey Long, A.P.C., 1601 N. Sepulveda Blvd., No. 729, Manhattan Beach, CA 90266, telephone 310-480-5946, facsimile 310-796-5663, email glong0607@gmail.com. Accordingly, all orders, pleadings, notices, and other documents, which require service on counsel should also be served on said associated counsel of record.

Dated: May 20, 2026

LAW OFFICES OF GEOFFREY LONG, A.P.C.

By: /s/ Geoffrey Long
Geoffrey Long, Esq.
Attorneys for Plaintiff BLUE JAY 180 LLC

Dated: May 20, 2026

LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, APC

By: /s/ Ronald Richards
Ronald Richards, Esq.
Attorneys for Plaintiff BLUE JAY 180 LLC

Dated: May 20, 2026

STONE DEAN LLP

By: /s/ Gregory Stone
Gregory Stone, Esq.
Alisa Morgenthaler, Esq.
Attorneys for Plaintiff BLUE JAY 180 LLC

**CM-015**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Ronald Richards (SBN 176246) / Geoffrey Long (SBN 187429)
Law Offices of Ronald Richards & Assocs, APC / Law Offices of Geoffrey Long, APC
P.O. Box 11480 / 1601 N. Sepulveda Blvd., No. 729
Beverly Hills, CA 90213 / Manhattan Beach, CA 90266

TELEPHONE NO.: 310-556-1001 FAX NO. *(Optional)*: 310-277-3325
EMAIL ADDRESS *(Optional)*: ron@ronaldrichards.com
ATTORNEY FOR *(Name)*: Blue Jay 180 LLC

*FOR COURT USE ONLY*

**Electronically FILED by Superior Court of California, County of Los Angeles 5/22/2026 11:37 AM David W. Slayton, Executive Officer/Clerk of Court, By J. Hernandez, Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 1725 Main St.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Monica 90401
BRANCH NAME: Santa Monica Courthouse

PLAINTIFF/PETITIONER: Blue Jay 180 LLC

DEFENDANT/RESPONDENT: Hushmand Sohaili, et al.

CASE NUMBER: 26SMCV02555

JUDICIAL OFFICER: Hon. Lisa K Sepe-Wiesenfeld

DEPT:. N

## NOTICE OF RELATED CASE

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Blue Jay 180 LLC v. S&W Blue Jay Way, LLC, et al.
   b. Case number: 23SMCV02921
   c. Court: [x] same as above
   [ ] other state or federal court *(name and address):*
   d. Department: O
   e. Case type: [ ] limited civil [x] unlimited civil [ ] probate [ ] family law [ ] other (*specify):*
   f. Filing date: June 22, 2023
   g. Has this case been designated or determined as "complex?" [ ] Yes [x] No
   h. Relationship of this case to the case referenced above *(check all that apply):*
   [x] involves the same parties and is based on the same or similar claims.
   [x] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
   [ ] involves claims against, title to, possession of, or damages to the same property.
   [x] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
   [x] Additional explanation is attached in attachment 1h
   i. Status of case:
   [ ] pending
   [x] dismissed [ ] with [x] without prejudice
   [ ] disposed of by judgment

2. a. Title:
   b. Case number:
   c. Court: [ ] same as above
   [ ] other state or federal court *(name and address):*
   d. Department:

**CM-015**

| PLAINTIFF/PETITIONER: Blue Jay 180 LLC<br>DEFENDANT/RESPONDENT: Hushmand Sohaili, et al. | CASE NUMBER:<br>26SMCV02555 |
|---|---|

2. *(continued)*

e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other (*specify*):

f. Filing date:

g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

h. Relationship of this case to the case referenced above *(check all that apply)*:

☐ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 2h

i. Status of case:

☐ pending

☐ dismissed ☐ with ☐ without prejudice

☐ disposed of by judgment

3. a. Title:

b. Case number:

c. Court: ☐ same as above

☐ other state or federal court *(name and address)*:

d. Department:

e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other (*specify*):

f. Filing date:

g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

h. Relationship of this case to the case referenced above *(check all that apply)*:

☐ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 3h

i. Status of case:

☐ pending

☐ dismissed ☐ with ☐ without prejudice

☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: ________

Date: May 22, 2026

Ronald Richards, Esq.
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

/s/ Ronald Richards
(SIGNATURE OF PARTY OR ATTORNEY)

| PLAINTIFF/PETITIONER: Blue Jay 180 LLC<br>DEFENDANT/RESPONDENT: Hushmand Sohaili, et al. | CASE NUMBER:<br>26SMCV02555 |
|---|---|

**PROOF OF SERVICE BY FIRST-CLASS MAIL**
**NOTICE OF RELATED CASE**

***(NOTE: You cannot serve the* Notice of Related Case *if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)***

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:
      Street address:
      City:
      State and zip code:
   b. Name of person served:
      Street address:
      City:
      State and zip code:
   c. Name of person served:
      Street address:
      City:
      State and zip code:
   d. Name of person served:
      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: ____________________

______________________________ ▶ ______________________________
(TYPE OR PRINT NAME OF DECLARANT) (SIGNATURE OF DECLARANT)

ATTACHMENT 1h TO NOTICE OF RELATED CASE

(Los Angeles Superior Court Case No. 26SMCV02555)

Recently filed Case No. 26SMCV02555 (the "New Action") and Case No. 23SMCV02921 (the "First Filed Action"), each of which are pending in the Los Angeles Superior Court, Santa Monica Courthouse, readily meet the factors set forth in California Rule of Court 3.300(a) to qualify as related cases.

Both cases involve most of the same parties, the same claims, and arise from the same or substantially similar transactions. Both cases arise out of Plaintiff Blue Jay 180 LLC ("BJ 180"), as assignee, secured loan to S&W Blue Jay Way, LLC ("S & W") and BJ 180's efforts to enforce its rights under said loan and related loan documents. In the First Filed Action, BJ 180 sought to judicially foreclose on collateral securing the $2,500,000 loan from BJ 180 to S & W (the "Loan"), for declaratory relief to resolve disputes related to the Loan, and for common count causes of action for money due and open book account for the amounts owed on the Loan and the Promissory Note.

In the New Action, BJ 180 has sued the alleged alter egos of S & W for breach of the same Promissory Note and for the amount due and owing thereon following S & W's bankruptcy and a non-judicial foreclosure on other real property which secured the Loan that was undertaken by the senior lender. Many of the same parties are defendants in the New Action as were named as defendants in the First Action, however, some new defendants have been named as additional alter egos. The underlying transactions and facts, however, are identical.

The two actions are certainly related since BJ 180 seeks to hold the defendants in the New Action liable as alter egos for the same amounts and claims that were made in the First Filed Action now that the claims against S & W were discharged and/or withdrawn in bankruptcy. Pursuant to 11 U.S.C. 524(e), that discharge does not affect the liability of the defendants named in the New Action as S & W's alter ego. This is well-established black letter law.

Accordingly, the New Action and the First Filed Action should be related, and the New Action transferred to Department O in the Santa Monica Courthouse.

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>RONALD N. RICHARDS, ESQ. (SBN 176246)<br><br>LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C.<br>PO BOX 11480<br>BEVERLY HILLS, CA 90213<br>TELEPHONE NO.: 310-556-1001 FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): PLAINTIFF | FOR COURT USE ONLY<br><br>**Electronically FILED by Superior Court of California, County of Los Angeles 9/14/2026 3:32 PM David W. Slayton, Executive Officer/Clerk of Court, By M. Wick, Deputy Clerk** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 1725 MAIN STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE SANTA MONICA, CA 90401<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: BLUE JAY 180 LLC, A CALIFORNIA LIMITED LIABILITY COMPANY<br><br>DEFENDANT/RESPONDENT: HUSHMAND SOHAILI, AN INDIVIDUAL, ET AL. | CASE NUMBER:<br>26SMCV02555 |
| **PROOF OF SERVICE OF SUMMONS** | ref No. or File No. |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☑ summons
   - b. ☑ complaint
   - c. ☑ Alternative Dispute Resolution (ADR)) package
   - d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   - e. ☐ cross-complaint
   - f. ☑ other *(specify documents)*: ASSOCIATION OF COUNSEL, NOTICE OF CASE

3. a. Party served *(specify name of party as shown on documents served)*:

   1966 BJW, LLC, A DELAWARE LIMITED LIABILITY COMPANY

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

   PARACORP INCORPORATED, AS AGENT, ACCEPTED BY KHADIJAH ARMSTRONG (MANAGING AGENT EMPLOYED AT REGISTERED AGENT)

4. Address where the party was served:

   2140 S. DUPONT HWY, CAMDEN, DE 19934

5. I served the party (check proper box)

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 09/14/2026 (2) at *(time)*: 2:30 PM

   b. ☐ **by substituted service.** On *(date)*: at *(time)*.- I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served, I informed him or her of the general nature of the papers.

   (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date): from (city): or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a declaration, **of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: BLUE JAY 180 LLC, A CALIFORNIA LIMITED LIABILITY COMPANY | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: HUSHMAND SOHAILI, AN INDIVIDUAL, ET AL. | 26SMCV02555 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on (date): (2) from *(city)*:

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ by other means *(specify means of service and authorizing code section)*:

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify)*:
c. ☐ as occupant.
d. ☒ On behalf of *(specify)*: 1966 BJW, LLC, A DELAWARE LIMITED LIABILITY COMPANY
under the following Code of Civil Procedure section:

☐ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 Joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☑ other: LLC

7. Person who served papers
a. Name: FRANK PRITCHETT
b. Address: PO BOX 1360, WILMINGTON, DE 19899
c. Telephone number: 302-475-2600
d. The fee for service was: $
e. I am:
(1) ☑ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☐ a registered California process server:
(i) ☐ owner ☐ employee ☐ independent contractor.
(ii) Registration No.:
(iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foreqoinq is true and correct.

or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 09/14/2026

FRANK PRITCHETT
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:
Geoffrey Long, Esq.
Law Offices of Geoffrey Long, A.P.C.
1601 N. Sepulveda Blvd., No. 729
Manhattan Beach, CA 90266

STATE BAR NUMBER
187429

TELEPHONE NO.: 310-480-5946 FAX NO. (Optional): 310-796-5663
E-MAIL ADDRESS (Optional): GLONG0607@GMAIL.COM
ATTORNEY FOR (Name): Blue Jay 180 LLC, et al.

FOR COURT USE ONLY

**Electronically FILED by Superior Court of California, County of Los Angeles 9/16/2026 2:12 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Martinez, Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
1725 Main St., Santa Monica, CA 90401

PLAINTIFF:
Blue Jay 180 LLC, et al.

DEFENDANT:
Hushmand Sohaili, et al.

**AMENDMENT TO COMPLAINT (Fictitious/Incorrect Name)**

CASE NUMBER:
26SMCV02555

☑ **FICTITIOUS NAME *(No Order required)***

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint to be:

FICTITIOUS NAME
DOE Defendant 1

and having discovered the true name of the defendant to be:

TRUE NAME
180 PCH, LLC

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 09/16/2026 | Geoffrey Long | [signature] |

☐ **INCORRECT NAME *(Order required)***

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OF PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

________________ Dated

________________ Judicial Officer

Ronald N. Richards (State Bar No. 176246)
LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C.
P.O. Box 11480
Beverly Hills, CA 90213
Telephone (310) 556-1001 / Facsimile (310) 277-3325
Email: ron@ronaldrichards.com

Gregory E. Stone (State Bar No. 144057)
Alisa M. Morgenthaler (State Bar No. 146940)
STONE | DEAN LLP
21052 Oxnard Street
Woodland Hills, CA 91367
Tel. (818) 999-2232 / Fax (818) 999-2269
E-mail: gstone@stonedeanlaw.com
E-mail: amorgenthaler@stonedeanlaw.com

Geoffrey S. Long (SBN 187429)
LAW OFFICES OF GEOFFREY LONG, A.P.C.
1601 N. Sepulveda Blvd., No. 729
Manhattan Beach, CA 90266
Telephone (310) 480-5946 / Facsimile (310) 796-5664
Email: glong0607@gmail.com

Attorneys for Plaintiff BLUE JAY 180 LLC, a California limited liability company

Electronically FILED by Superior Court of California, County of Los Angeles 9/17/2026 12:38 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Martinez, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – WEST DISTRICT

| | |
|---|---|
| BLUE JAY 180 LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HUSHMAND SOHAILI, an individual; RICHARD WEINTRAUB, an individual; 1966 BJW, LLC, a Delaware limited liability company; HS BLUE JAY WAY, LLC, a California limited liability company, formerly known as RC/HS, LLC; ERW ONE THOUSAND, LLC, a Delaware limited liability company; LVC ONE THOUSAND, LLC, an entity of unknown state formation, aka LA VILLA CONTENTA LLC, a Delaware limited liability company; 180 PCH, LLC, a California limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 26SMCV02555 (Related to Case No. 23SMCV02921)<br><br>**FIRST AMENDED COMPLAINT FOR BREACH OF PROMISSORY NOTE** |

COMES NOW Plaintiff BLUE JAY 180 LLC a California limited liability company ("Plaintiff" or "BJ 180") and hereby complains and alleges as follows:

**PARTIES AND RELEVANT NON-PARTIES**

1. Plaintiff is, and at all times relevant hereto was, a California limited liability company in good standing with its principal place of business in Los Angeles, California.

2. Defendant HUSHMAND SOHAILI ("Sohaili") is an individual residing in the State of California, County of Los Angeles, who has the relationships and positions with the other entity defendants as set forth herein.

3. Defendant RICHARD WEINTRAUB ("Weintraub") is an individual residing in the City of Malibu, County of Los Angeles, State of California who has the relationships and positions with the other entity defendants as set forth herein.

4. Non-party S&W BLUE JAY WAY, LLC ("S&W LLC" or "Borrower") is a California limited liability company with its principal place of business in the City of Malibu, County of Los Angeles, State of California. Plaintiff is informed and believes that S&W LLC is a member-managed California limited liability company. At times relevant hereto its members and managers were/are 1966 BJW, LLC ("1966 LLC") and HS BLUE JAY WAY, LLC ("HS Blue Jay") formerly known as RC/HS, LLC ("RC/HS").

5. Defendant 1966 LLC is a Delaware limited liability company registered to conduct business in the State of California with its principal place of business in the City of Malibu, County of Los Angeles, State of California. ERW One Thousand, LLC is the managing member of 1966 LLC, LVC One Thousand, LLC is the managing member of ERW One Thousand, LLC, and Weintraub is the manager of LVC One Thousand, LLC.

6. Defendant HS Blue Jay is a California limited liability company with its principal place of business in the City of Santa Monica, County of Los Angeles, State of California. HS Blue Jay was formerly known as RC/HS and RC/HS filed an amendment with the California Secretary of State on March 8, 2013, changing its name to HS Blue Jay. Sohaili is the manager of HS Blue Jay.

7. Plaintiff is informed and believes and thereon alleges that Sohaili is the sole

member of HS Blue Jay.

8. Defendant ERW ONE THOUSAND, LLC ("ERW 1000") was a Delaware limited liability company with its principal address in the City of Malibu, County of Los Angeles, State of California. LVC ONE THOUSAND, LLC held itself as the managing member of ERW 1000 and Richard Weintraub held himself as the manager of LVC ONE THOUSAND, LLC. Weintraub filed a Certificated of Cancellation for ERW 1000 with the California Secretary of State on September 21, 2023.

9. Plaintiff is informed and believes that Defendant LVC ONE THOUSAND, LLC, aka LA VILLA CONTENTA LLC a Delaware limited liability company (sometimes referred to as "LVC") has its principal address in the City of Malibu, County of Los Angeles, State of California. "LVC One Thousand, LLC" is listed in ERW 1000's California Statement of Information as its manager and/or member, however, there is no known entity by the name "LVC One Thousand, LLC." Therefore, Plaintiff is informed and believes that "LVC One Thousand, LLC" is also known as LA VILLA CONTENTA LLC, a party to the Indemnity Agreement, as that term is defined below, which is a Delaware limited liability company. Weintraub purports to be the manager of LVC. LVC held itself as the managing member of ERW 1000.

10. Plaintiff is informed and believes and thereon alleges that Weintraub is the ultimate member and manager of LVC, if it is even a valid legal entity.

11. In the event that "LVC One Thousand, LLC" is not the same entity as LA VILLA CONTENTA LLC, Plaintiff is informed and believes that LVC is not a valid, separate, legally formed entity and, therefore, that it is the alter ego of Weintraub.

12. DOE Defendant 1 is hereby named and identified as defendant 180 PCH, LLC ("180 PCH"), a California limited liability company with its principal place of business in the City of Los Angeles, County of Los Angeles, State of California. Defendant 180 PCH is referred to in this First Amended Complaint either as DOE 1 and/or 180 PCH.

13. The true names and capacities of Defendants named herein as Does 2 through 100, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who

therefore sues these defendants by such fictitious names. Plaintiff will amend this First Amended Complaint to show the true names and capacities of those defendants after they have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this First Amended Complaint and that Plaintiff's damages as alleged in the First Amended Complaint were proximately caused by the acts or omissions of such defendant.

14. Plaintiff is informed and believes, and thereon alleges, that at all times alleged in this First Amended Complaint, Defendants, and each of them, were the partners, joint venturers, agents, alter egos, and representatives of each other in doing the things herein alleged and, in doing so, were acting within the scope of their respective authorities as agents and representatives, and are jointly and severally liable to Plaintiff.

15. Except as alleged above and herein, including overlapping ownership, management, and control of the entity Defendants herein by Sohaili and Weintraub, the following are facts for which Plaintiff currently lacks evidentiary support at the present time but which Plaintiff is informed and believes are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. Plaintiff is informed and believes and thereon alleges that Sohaili and Weintraub are the ultimate owners and managers of S&W LLC and that they attempted to use their intermediary entities named herein as Defendants as shells to insulate and shield themselves from personal liability for the debts and obligations of S&W LLC. Plaintiff is informed and believes and thereon alleges that Sohaili and Weintraub are the alter egos of S&W LLC and that each of their intermediary entities named as Defendants herein, including but not limited to DOES 2 through 100, 1966 LLC, HS Blue Jay, ERW 1000, LVC, and 180 PCH also are the alter egos of S&W LLC.

16. Except as alleged above and herein, including overlapping ownership, management, and control of the entity Defendants herein by Sohaili and Weintraub, the following are facts for which Plaintiff currently lacks evidentiary support at the present time but which Plaintiff is informed and believes are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. Plaintiff is informed and believes, and

thereon alleges, that Sohaili and HS Blue Jay are the alter egos of each other and of S&W LLC. Plaintiff is informed and believes that S&W LLC and HS Blue Jay are:

a) undercapitalized,

b) have commingled funds and other assets between the business entities and the individual,

c) have failed to segregate funds,

d) that there have been unauthorized diversion of corporate/business funds and assets to other than corporate/business uses,

e) that Sohaili has treated the assets of S&W LLC and HS Blue Jay as his own,

f) that there has been a failure to maintain minutes and adequate corporate/LLC records and the confusion of the records of the separate entities,

g) that there is identical equitable ownership in the entities S&W LLC and HS Blue Jay,

h) that the same equitable owners have domination and control of S&W LLC and HS Blue Jay,

i) that the same ultimate directors, officers, and managers of S&W LLC and HS Blue Jay are responsible for supervision and management,

j) that Sohaili, Weintraub, S&W LLC, 1966 LLC, HS Blue Jay, ERW 1000, and/or LVC use the same office and/or business location,

k) that Sohaili, Weintraub, S&W LLC, 1966 LLC, HS Blue Jay, ERW 1000, and/or LVC employ the same employees and the same attorneys,

l) there is an absence of corporate assets,

m) that the use of S&W LLC, 1966 LLC, HS Blue Jay, ERW 1000, and LVC as mere shells, instrumentalities or conduits for a single venture or business of Sohaili and Weintraub,

n) there is a disregard of legal formalities and the failure to maintain arm's length relationships between S&W LLC, 1966 LLC, HS Blue Jay, ERW 1000, LVC, on the one hand, and Sohaili and Weintraub, on the other hand,

o) there have been diversions of assets from S&W LLC and HS Blue Jay to Sohaili to the detriment of creditors, and

p) there has been a use of S&W LLC and HS Blue Jay as a shield against personal liability on behalf of Sohaili.

17. Except as alleged above and herein, including overlapping ownership, management, and control of the entity Defendants herein by Sohaili and Weintraub, the following are facts for which Plaintiff currently lacks evidentiary support at the present time but which Plaintiff is informed and believes are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. Plaintiff is informed and believes and thereon alleges that Weintraub, 1966 LLC, ERW 1000, LVC, and 180 PCH are the alter egos of each other and of S&W LLC. Plaintiff is informed and believes that S&W LLC, 1966 LLC, ERW 1000, LVC, and 180 PCH are:

a) undercapitalized,

b) have commingled funds and other assets between the business entities and the individual,

c) have failed to segregate funds,

d) that there have been unauthorized diversion of corporate/business funds and assets to other than corporate/business uses,

e) that Weintraub has treated the assets of S&W LLC, 1966 LLC, ERW 1000, and LVC as his own,

f) that there has been a failure to maintain minutes and adequate corporate/LLC records and the confusion of the records of the separate entities,

g) that there is identical equitable ownership in the entities S&W LLC, 1966 LLC, ERW 1000, and LVC,

h) that the same equitable owner(s) has domination and control of S&W LLC, 1966 LLC, ERW 1000, and LVC,

i) that the same ultimate directors, officers, and managers of S&W LLC, 1966 LLC, ERW 1000, and LVC are responsible for supervision and management,

j) that Weintraub, S&W LLC, 1966 LLC, ERW 1000, and/or LVC use the same office and/or business location,

k) that Sohaili, Weintraub, S&W LLC, 1966 LLC, HS Blue Jay, ERW 1000, LVC, and 180 PCH employ the same employees and/or the same attorneys,

l) there is an absence of corporate assets,

m) that the use of S&W LLC, 1966 LLC, HS Blue Jay, ERW 1000, LVC, and 180 PCH is a mere shell, instrumentality or conduit for a single venture or business of Sohaili and Weintraub,

n) Weintraub cancelled ERW 1000 while S&W LLC and 1966 LLC were still in existence, leaving no valid member or manager of either entity,

o) there is a disregard of legal formalities and the failure to maintain arm's length relationships between S&W LLC, 1966 LLC, HS Blue Jay, ERW 1000, LVC, and 180 PCH on the one hand, and Sohaili and Weintraub, on the other hand,

p) there have been diversions of assets from S&W LLC, 1966 LLC, ERW 1000, and LVC to Weintraub to the detriment of creditors,

q) there has been a use of S&W LLC, 1966 LLC, ERW 1000, and LVC as a shield against personal liability on behalf of Weintraub,

r) LVC is not a validly formed legal entity, and

s) Weintraub is listed in the most recent California Secretary of State Statement of Information filing for 180 PCH as that entity's manager and member. In the Malibu DOT, as that term is defined below, however, two insulating/ intermediary entities are identified as the members of 180 PCH and Weintraub's interest in 180 PCH is identified in the Malibu DOT as being held by two other intermediary entities.

18. Based on the following facts, Plaintiff is informed and believes and thereon alleges that 180 PCH is the alter ego of S&W LLC:

a) The May 1, 2017, Amendment to Promissory Note Secured by Deed of Trust ("Amendment to Note") entered into between Robert Cohen ("RC") as Trustee

of the Cohen Family Trust Dated March 13, 1986 as Restated December 31, 2005 ("Original Lender") and S&W LLC states that S&W LLC shall execute and cause to be recorded a junior deed of trust on the "Malibu Lots," as that term is defined below, as additional security for the Cohen Loan and Note, as those terms are defined below. Despite not being a party to the Amendment to Note, it was 180 PCH, however, who gratuitously granted Original Lender a junior security interest in the Malibu Lots;

b) 180 PCH executed and caused to be recorded a Long Form Deed of Trust and Assignments of Rents, duly recorded in the Official Records, Recorder's Offices, Los Angeles County, California on May 25, 2017 as Document No. 20170581677 ("Malibu DOT"), whereby 180 PCH granted Original Lender a junior security interest in the Malibu Lots. 180 PCH is identified in the Malibu DOT as the "Trustor." In identifying what obligations the Malibu DOT secures, the Junior Malibu DOT states: "**For the Purpose of Securing**: … 2. Payment of the Indebtedness due and owing under that certain promissory note dated February 26, 2013, and any extension or renewal thereof, in the original principal sum of $2,500,000.00 executed by Trustor …." A true and correct copy of the Malibu DOT is attached hereto and said language in highlighted yellow on page 1 thereof.) 180 PCH, therefore, admitted and represented to the public that it was the borrower on the Note and/or one and the same as S&W LLC;

c) Plaintiff is informed and believes and thereon alleges that Sohaili drafted and prepared the Amendment to Note and the Malibu DOT or that they were drafted and prepared at his direction, supervision, and approval; and

d) The Note, Amendment to Note, and Malibu DOT are all executed by Sohaili and Weintraub.

19. Except as alleged above and herein, the following are facts for which Plaintiff currently lacks evidentiary support at the present time but which Plaintiff is informed and

believes are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. Plaintiff is informed and believes and thereon alleges that 180 PCH is the alter ego of S&W LLC. Plaintiff is informed and believes that 180 PCH and S&W LLC are/were:

a) undercapitalized,

b) have commingled funds and other assets between the business entities,

c) have failed to segregate funds,

d) that there have been unauthorized diversion of corporate/business funds and assets to other than corporate/business uses,

e) that there has been a failure to maintain minutes and adequate corporate/LLC records and the confusion of the records of the separate entities,

f) that there is identical equitable ownership between the two entities,

g) that the same equitable owner(s) has domination and control of the two entities,

h) that the same ultimate directors, officers, and managers of the two entities are responsible for supervision and management,

i) that the two entities use(d) the same office and/or business location,

j) that the two entities employ(ed) the same employees and/or the same attorneys, and

k) there is a disregard of legal formalities and the failure to maintain arm's length relationships between the two entities.

**JURISDICTION AND VENUE**

20. This Court has jurisdiction over this action because Defendants are California residents.

21. Venue in this Court is proper pursuant to California *Code of Civil Procedure*, sections 395 *et seq.*, because the acts and omissions complained of herein occurred in Los Angeles County, one or more of the Defendants reside in Los Angeles County, and the Plaintiff resides in Los Angeles County.

## GENERAL FACTUAL ALLEGATIONS

22. In or about February 2013, RC as Trustee of Original Lender agreed to make a loan to S&W LLC in the maximum principal amount of $2,500,000 ("Cohen Loan") for purposes of S&W LLC's acquisition of land located at 1633 Blue Jay Way, Los Angeles, California 90069 ("Blue Jay Property") on which S&W LLC intended to develop a multi-million dollar single family "spec" home ("House").

23. The Cohen Loan from Original Lender to S&W LLC is evidenced by a Promissory Note Secured by Deed of Trust ("Note") dated February 26, 2013, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein. The terms of the Cohen Loan, except as amended in writing by Original Lender and S&W LLC as alleged herein, are set forth in the Note, but in summary Original Lender agreed to loan S&W LLC the maximum principal sum of $2,500,000, with an initial advance in the amount of $1,750,000 at the time that S&W LLC closed on the purchase of the Blue Jay Property, with subsequent advances in the minimum amounts of $100,000. The Note was drafted by Sohaili, who was also the lawyer for RC, his entities and/or the Original Lender.

24. The interest rate on the Cohen Loan under the Note is 12%/annum. The Note and the Cohen Loan are exempt from California's usury law pursuant to, *inter alia,* California *Corporations Code*, section 25118(b) *et seq*. Plaintiff also alleges that Defendants are estopped from claiming usury in light of the attorney-client relationship between Sohaili, on the one hand, and RC, his entities and/or the Original Lender, on the other hand. Plaintiff is voluntarily agreeing to only charge a contract interest rate of 10%/annum on the Note ("Contract Rate") until the issue of usury and exemption are adjudicated. Plaintiff is not waiving its right to charge the stated interest rate of 12%/annum and default rate of an additional 4%/annum following an adjudication that the Note and the Cohen Loan are exempt from California's usury law or that Defendants are estopped from claiming usury.

25. The Note also provides for the Contract Rate to increase by 4% per annum in the event of default or non-payment by maturity ("Default Rate").

26. The original maturity date on the Note and Cohen Loan was the earlier of August

26, 2015, or upon the closing of S&W LLC's sale of the Blue Jay Property.

27. The Note provides for the recovery of attorneys' fees in the event an attorney is engaged to enforce the Note or the Cohen Blue Jay DOT, as those terms are defined herein.

28. Pursuant to the Note, Original Lender did advance and loan S&W LLC the full amount of $2,500,000. S&W LLC repaid $550,000 of that principal and to date there remains an outstanding, unpaid principal balance due and owing in the amount of $1,950,000.

29. The Note and all payments and obligations thereunder were secured by a Deed of Trust with Assignment of Rents (Long Form) on the Blue Jay Property, dated March 5, 2013, duly recorded in the Official Records, Recorder's Offices, Los Angeles County, California on March 19, 2013, as Document No. 20130411255 ("Cohen Blue Jay DOT"). The Cohen Blue Jay DOT was to be junior to a deed of trust granted by S&W LLC to East West Bank to secure additional funding in the amount not to exceed $3,000,000 for S&W LLC's initial acquisition of the Blue Jay Property.

30. In connection with the Cohen Loan and Note, Original Lender, Sohaili, Weintraub, and LVC entered into an Indemnity Agreement dated February 22, 20213 ("Indemnity Agreement"). The Indemnity Agreement states that LVC shall mean La Villa Contenta, LLC or a Substitute Guarantor (as defined therein).

31. Among other things, the Indemnity Agreement summarizes the terms of the Cohen Loan and Note as follows:

a. S&W LLC shall obtain a land loan from East West Bank ("Land Loan Lender") in an amount not to exceed $3,000,000 ("Land Loan") in order to acquire the Blue Jay Property and for interest for money reserves, and plans and specifications with respect to the House.

b. At the time final permits are obtained and plans and specifications are completed for construction of the House, S&W LLC shall obtain a construction loan from a bank or financial institution regularly engaged in the business of making such construction loans ("Construction Loan Lender") in order to repay the Land Loan and provide for the cost of construction, interest,

marketing, and sale of the House ("Construction Loan").

c. At the time of the initial funding of the Construction Loan (which shall not be in excess of 65% of the appraised value of the completed House and not have an interest rate in excess of prime plus 3%), Original Lender shall subordinate the Cohen Blue Jay DOT to the deed of trust securing the Construction Loan.

32. Plaintiff is informed and believes that in or about February 2013, S&W LLC did take out the Land Loan with East West Bank in the amount of $3,000,000, which was secured by a senior deed of trust on the Blue Jay Property.

33. Plaintiff is informed and believes that on or about May 5, 2017, S&W LLC entered into a subsequent lending agreement with various individuals in the amount of $3,725,000 ("East West Takeout Loan"). The East West Takeout Loan was secured by a Long Form Deed of Trust and Assignment of Rents on the Blue Jay Property, dated May 5, 2017, duly recorded in the Official Records, Recorder's Offices, Los Angeles County, California on May 25, 2017, as Document No. 20170581676 ("Astro DOT").

34. Plaintiff is informed and believes that the East West Takeout Loan was not the "Construction Loan" provided for in the Indemnity Agreement because, among other reasons, it was not from a bank or financial institution regularly engaged in the business of making such construction loans as required by the Indemnity Agreement, but instead was a loan to pay off and satisfy the Land Loan from the Land Loan Lender and was also used for other purposes by the Defendants including purposes unrelated to the Blue Jay Property and construction of the House.

35. In connection with the East West Takeout Loan and the Astro DOT, Original Lender agreed to and did enter into a Subordination Agreement whereby Original Lender agreed to subordinate the Cohen Blue Jay DOT to the Astro DOT. That Subordination Agreement, dated May 1, 2017, was duly recorded in the Official Records, Recorder's Offices, Los Angeles County, California on May 25, 2017, as Document No. 20170581675 ("Subordination Agreement").

36. On May 1, 2017, Original Lender and S&W LLC entered into the Amendment to Note which, among other things, extended the original majority date of the Cohen Loan and Note

to the earlier of May 1, 2019, or the closing of the sale of the Blue Jay Property by S&W LLC. A true and correct copy of the Amendment to Note is attached hereto as Exhibit "B" and incorporated herein.

37. As consideration for the Amendment to Note and extension of the original majority date of the Cohen Loan and Note, S&W LLC agreed and promised as follows in the Amendment to Note:

> In consideration of the extension of the Maturity Date and Lender's agreement to subordinate as provided herein, Borrower shall execute and cause to be recorded a deed of trust substantially in the form attached hereto as Exhibit "A" (the **"Malibu Junior Deed of Trust")** on that certain real property commonly known as 33386 and 33398 Pacific Coast Highway, Malibu, California. Lender acknowledges and agrees that the Malibu Junior Deed of Trust shall be junior and subordinate to that certain Long Form Deed of Trust and Assignment of Rents dated as of December 15, 2015, recorded on January 6, 2016 as Instrument No. 20160011910 in the Official Records securing a loan in the amount of $2,700,000.00.

38. There was no Exhibit A attached to the Amendment to Note.

39. Although the Amendment to Note states that S&W LLC shall execute and cause the "Malibu Junior Deed of Trust" to be recorded as additional security for the Cohen Loan and Note, on or about May 1, 2017, it was 180 PCH that executed and caused to be recorded the Malibu DOT, whereby 180 PCH granted Original Lender a junior security interest in certain undeveloped real property located in Malibu, California ("Malibu Lots") to further secure the Note. The legal description of the Malibu Lots is set forth in Exhibit A of the Malibu DOT.

40. Contrary to the express language in the Amendment to Note that S&W LLC would execute and record the Malibu DOT and the implicit representation that S&W LLC was the title owner of the Malibu Lots, it was 180 PCH who executed and recorded the Malibu DOT rather than S&W LLC, even though 180 PCH was not a party to the Amendment to Note.

41. S&W LLC did not pay all principal, interest and other amounts due and owing on the Note by May 1, 2019, the extended maturity date set forth in the Amendment to Note.

42. S&W LLC and its principals Sohaili and Weintraub contend that Original Lender orally agreed that the maturity of the Note would be extended and no default would be declared on the Note, the Cohen Blue Jay DOT or the Malibu DOT on the condition that S&W LLC

continued making at least monthly 5% interest payments on the Note. Sohaili and Weintraub contend the maturity of the Note was extended pursuant to that purported oral agreement to March 2020 when S&W LLC stopped making any interest payments on the Note. Although S&W LLC resumed making monthly interest payments on the Note in December 2020, and stopped again in September 2022, the Note had already matured as of May 1, 2019, and S&W LLC was in default on the Note. Any oral extension of the maturity date of the Note is disputed by Plaintiff.

43. S&W LLC continued to make minimal monthly payments on the Note until February 2020 when it stopped making payments. S&W LLC restarted making minimal monthly payments on the Note in December 2020 until September 2022 when it stopped making payments altogether. Each payment by S&W LLC on the Note, including the last payment in or about September 2022, restarted the statute of limitations herein pursuant to California *Code of Civil Procedure*, section 360, which provides in relevant part, "… any payment on account of principal or interest due on a promissory note made by the party to be charged shall be deemed a sufficient acknowledgment or promise of a continuing contract to stop, from time to time as any such payment is made, the running of the time within which an action may be commenced upon the principal sum or upon any installment of principal or interest due on such note, and to start the running of a new period of time, but no such payment of itself shall revive a cause of action once barred."

44. In exchange for good and valuable consideration, on or about April 25, 2023, Original Lender assigned and otherwise transferred to Plaintiff all of its right, title, interest, and remedies in and to, *inter alia,* the Note, as amended by the Amendment to Note, the Cohen Blue Jay DOT, and the Malibu DOT.

45. In exchange for good and valuable consideration and pursuant to said assignment of the Note from Original Lender to Plaintiff, on or about April 25, 2023, Original Lender executed and delivered to Plaintiff an Allonge to Promissory Note Secured by Deed of Trust ("Allonge") making all amounts due and owing on the Note by S&W LLC payable to Plaintiff. A true and correct copy of said Allonge is attached hereto as Exhibit "D" and incorporated in full

herein by reference. Pursuant to the Allonge, effective as of April 25, 2023, Plaintiff is the beneficiary and owner of all right, title, interest, and remedies in and to, *inter alia,* the Cohen Loan and Note, as amended by the Amendment to Note.

46. S&W LLC defaulted on its obligations to Plaintiff, as assignee, under the Note, as amended by the Amendment to Note by, *inter alia*, failing to pay the total indebtedness due and owing on the Note. As of the filing of this action, a conservative amount of $1,950,000.00 in principal remained due and owing on the Note. Interest, default interest, costs, attorneys' fees, and other sums are also currently due and owing thereunder and continue to accrue. Plaintiff is seeking those amounts as damages herein from Defendants also.

47. On August 4, 2023, S&W LLC filed a Chapter 11 bankruptcy petition in the matter entitled *In re S&W Blue Jay Way, LLC*, United States Bankruptcy Court, Central District of California ("Bankruptcy Court"), Case No. 9:23-bk-10672-RC ("S&W BK Action").

48. On May 13, 2025, because S&W's debtor bankruptcy estate had insufficient assets to satisfy BJ 180's bankruptcy claim and other possible relief available to BJ 180 in other potential forums, BJ 180 filed a Motion to Conditionally Withdraw Claim No. 2-1 in the S&W BK Action pursuant to which BJ 180 sought to withdraw its bankruptcy Claim No. 2-1 against S&W LLC's bankruptcy estate without prejudice.

49. On July 28, 2025, Hon. Ronald A. Clifford III, United States Bankruptcy Judge, entered an Order Conditionally Granting Blue Jay 180, LLC's Motion to Conditionally Withdraw Claim No. 2-1 ("Withdrawal Order"). Pursuant to the Withdrawal Order, BJ 180's Claim No. 2-1 in the S&W BK Action as against that debtor's estate was withdrawn without prejudice.

50. The Conditional Withdrawal Order further provides, "The Court conditions approval of the Motion on the term that Blue Jay is to waive its Claim against the Debtor, thereby releasing any future request to recover said claim from the Debtor." The Conditional Withdrawal Order only ordered the bankruptcy claim and debt released as to the bankrupt Debtor S&W LLC and its estate.

51. According to the United States Bankruptcy Code, "[e]xcept as provided in

subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." (11 U.S.C. 524(e).) It is blackletter bankruptcy law that the discharge of a debt against a bankrupt debtor, here S&W LLC, does not release non-debtor third parties, including sureties, guarantors or alter egos, here Defendants, unless the order expressly states it does anfd there is an opt in procedure. *RS AIR, LLC v. NetJets Aviation, Inc. (In re RS AIR, LLC*), 651 B.R. 538 (9th Cir. BAP 2023); *Eastern Minerals & Chems. Co. v. Mahan*, 225 F.3d 330 (3rd Cir. 2000). Here, the Conditional Withdrawal Order did not release non-debtor third parties.

52. Furthermore, because the withdrawal of BJ 180's bankruptcy claim was without prejudice, there is no preclusive effect—issue or claim preclusion—from that withdrawal. *Williams v. City of Oakland* (1973) 30 Cal.App.3d 64, 69; *Hacker v. Fabe* (2023) 92 Cal.App.5th 1267, 1281; *Egelston v. State Personnel Bd.* (2025) 112 Cal.App.5th 1050, 1056.

53. On May 24, 2024, the Bankruptcy Court entered its Order Confirming S&W LLC's First Modified First Amended Chapter 11 Liquidating Plan which confirmed S&W LLC's First Modified First Amended Chapter 11 Liquidating Plan ("Plan"). The Plan provided for a sale of the Blue Jay Property to HRBJW2, LLC ("Buyer") for $4,000,000. Of that purchase price, $1,000,000 was to be paid to S&W LLC's estate to fund distributions to some creditors/claimants under the Plan and the remaining $3,000,000 would be paid by the Buyer directly to the group of senior lienholders in complete satisfaction of their claim against the debtor's estate.

54. The Plan and the S&W LLC's stipulation with the senior lienholders and the Buyer provide for the establishment of an escrow to consummate the transaction for the sale of the Blue Jay Property. The transaction has been fully consummated.

55. The Plan became effective on June 13, 2024.

56. On or about September 18, 2025, F Street City LLC, Parviz Kamali, Tsu Hua Tsai, Wen Bing Chen, and Mei Lin Chen Yang, the senior lienholder on the Malibu Lots (collectively, the "Malibu Senior Lienholders"), issued a Notice of Default and Election to Sell Under Deed of Trust and recorded said notice on September 23, 2025, in the Official Records,

Recorder's Offices, Los Angeles County as Instrument Number 20250654210.

57. On or about December 29, 2025, the Malibu Senior Lienholders recorded an amended Notice of Trustee's Sale Under Deed of Trust and recorded said notice in the Official Records, Recorder's Offices, Los Angeles County as Instrument Number 20250940891 ("Malibu Senior NOS").

58. On or about January 21, 2026, pursuant to the Malibu Senior NOS, a non-judicial trustee sale of the Malibu Lots was conducted ("Malibu Foreclosure Sale"). The winning bidder and purchaser of the Malibu Lots at said sale was third-party RCSFU Acquisition LLC for the sum of $3,041,533.89.

59. No amount of the sale proceeds from the Malibu Foreclosure Sale was paid to Plaintiff pursuant to the Malibu DOT.

60. As a result of the Malibu Foreclosure Sale, Plaintiff is a sold-out junior lienholder on its Malibu DOT.

**FIRST CAUSE OF ACTION FOR BREACH OF PROMISSORY NOTE BY ALTER EGOS OF BORROWER**

**(Against All Defendants)**

61. Plaintiff realleges and incorporates by reference each and all of the allegations contained in Paragraphs 1 through 60, inclusive, of this First Amended Complaint as though set forth in full.

62. Defendants named herein are the alter egos of S&W LLC for the reasons alleged herein and, therefore, are liable and responsible for its obligations under the Note, as amended, and the Cohen Loan.

63. Within the past four years, Defendants, as S&W LLC's alter egos, became indebted to Plaintiff, as assignee of the Original Lender, in the principal sum of $1,950,000 for money paid to and received by S&W LLC, for S&W LLC's benefit, at S&W LLC's request.

64. No part of said sum has been paid, although payment has been demanded, and there is now due, owing and unpaid from Defendants, as S&W LLC's alter egos, to Plaintiff, as assignee of Original Lender, the principal sum of $1,950,000, plus interest at the legal rate

according to proof at time of trial or entry of judgment.

65. Alternatively, following an adjudication that the Contract Rate and Default Rate of interest under the Note do not violate California's usury laws and that the Note is exempt from California's usury laws or Defendants are otherwise estopped from claiming usury, prejudgment interest on the principal sum of $1,950,000 at the Contract Rate and Default Rate are sought on the principal balance owed on the Note.

66. Defendants, as S&W LLC's alter egos, are also liable to Plaintiff for all attorneys' fees incurred by Plaintiff enforcing the Note, as amended, pursuant to the attorneys' fee provision in the Note, including but not limited to in the S&W BK Action.

67. Plaintiff has been damaged as a result of Defendants' breaches of and default on the Note, as amended, as S&W LLC's alter egos, in the sum of no less than $3,000,000.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For the principal sum of $1,950,000, plus accrued interest at the legal rate according to proof at the time of trial or entry of judgment;

2. For attorneys' fees incurred enforcing the Note against S&W LLC as an item of compensatory damages in an amount to be proven at trial;

3. For attorneys' fees incurred in this action pursuant to contract; and

4. For such other and further relief as the Court deems just and proper.

Dated: September 17, 2026

LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, APC

By: /s/ Ronald Richards
Ronald Richards, Esq.
Attorneys for Plaintiff BLUE JAY 180 LLC

///

///

///

///

Dated: September 17, 2026

LAW OFFICES OF GEOFFREY LONG, A.P.C.

By: /s/ Geoffrey Long
Geoffrey Long, Esq.
Attorneys for Plaintiff BLUE JAY 180 LLC

Dated: September 17, 2026

STONE DEAN LLP

By: /s/ Gregory Stone
Gregory Stone, Esq.
Alisa Morgenthaler, Esq.
Attorneys for Plaintiff BLUE JAY 180 LLC

# EXHIBIT “A”

# PROMISSORY NOTE SECURED BY DEED OF TRUST

$2,500,000

February 26, 2013

Los Angeles, California

For value received, the undersigned, S&W Blue Jay Way, LLC ("Borrower"), promise(s) to pay to the order of Robert Cohen as trustee of the Cohen Family Trust dated March 13, 1986 as restated December 31, 2005, as amended ("Lender"), at Los Angeles or at any other place that may be designated in writing by Lender, the principal sum of Two Million Five Hundred Thousand Dollars ($2,500,000) (or such lesser amount of principal advances made by lender from time to time which may be actually outstanding and unpaid from time to time) with interest on the amount actually outstanding and unpaid from time to time, as set forth in this Note. All sums due are payable in lawful money of the United States of America. The principal amount of this Note will bear interest at the rate of Twelve percent (12%) per annum.

There shall be an initial advance of $1,750,000 at the closing of the acquisition 1633 Blue Jay Way, Los Angeles, California ("the Property") and subsequent advances in minimum amounts of One Hundred Thousand Dollars upon five (5) business days notice up until the total amount advanced under the terms hereof is in the face amount of this note.

Borrower will pay to Lender the principal amount of this Note, and accrued interest, as follows: (i) Interest only on a monthly basis and (ii) all principal and unpaid interest will be due on the earlier of August 26th, 2015 or upon the closing of the sale of the Property ("Maturity Date") . The final payment of this Note, which will be in an amount equal to the entire outstanding principal balance of this Note, together with all then accrued and unpaid interest. There shall be a five (5) day grace period for each payment under this paragraph and notwithstanding anything to the contrary herein, any late payment(s) under this paragraph shall not constitute a breach, default or event of default hereunder if made prior to the end of such grace period.

If Borrower fails to make any required payment on or before five (5) days following the date on which it becomes due, Borrower will pay, at Lender's option, a late charge equal to five percent (5%) of the amount of the unpaid payment (excluding principal payments).

From and after the Maturity Date, or such earlier date, if any, on which all sums owing under this Note become due by acceleration or otherwise, all sums owing under this Note will bear interest until paid in full at a rate equal to four percent (4%) per annum in excess of the rate of interest specified above ("Default Rate").

All payments and prepayments on this Note will be immediately applied first to the payment of accrued interest; then to the reduction of the principal balance (unless otherwise designated by Borrower as payment of other amounts due hereunder.

If, after expiration of applicable notice and cure periods hereunder without effecting timely cure:

(a) Borrower fails to pay when due any sums payable under this Note;

(b) any other event or condition occurs that, under the terms hereof, gives rise to a right of acceleration of sums owing under this Note, then Lender, at its sole option, will have the right to declare all sums owing under this Note immediately due and accelerated.

Borrower will have the right to pay at any time, without penalty or premium, all or any portion of the outstanding principal amount of this Note prior to the Maturity Date.

If an attorney is engaged by Lender to enforce any provision of this Note or the Deed of Trust as a result of a default thereof by Borrower, then Borrower will pay to Lender on demand all attorney fees and other costs incurred by Lender, together with interest from the date of the demand until paid at the interest rate set forth in this Note.

No waiver or failure or delay by Lender in acting with respect to the terms of this Note will constitute a waiver of any later breach, default, or failure of condition under this Note unless otherwise specified by such waiver. A waiver of any term of this Note must be made in writing and will be limited to the express terms of the waiver.

The preceding sentence shall not apply to any default in payment under the third paragraph of this Note (as to which a five (5) day grace period, without notice, shall instead apply).

All notices required or permitted in connection with this Note or the Deed of Trust will be in writing and will be given as follows and shall be effective only upon actual delivery to such address(es):

If to Borrower: 2804 Gateway Oaks Drive
Sacramento, CA 95841

If to Lender: c/o Burton Way Hotels, LLC
2029 Century Park East
Suite 2300
Los Angeles, CA 90067-3010

Borrower agrees that the only secured lien on the Property (other than a lien for property taxes) shall be either the acquisition land loan from East West Bank or a subsequent construction loan for construction of the house once all approvals are obtained to begin the construction. Borrower agrees no other liens shall be permitted which are not discharged, or in the event of a good faith dispute appropriately bonded against, within thirty (30) days from the date of written notice of such lien appearing on the Property.

Borrower waives presentment; demand; notice of dishonor; notice of default or delinquency; notice of acceleration; notice of protest and nonpayment; notice of costs, expenses, or losses and interest; notice of interest on interest and late charges; and diligence in taking any action to collect any sums owing under this Note or in proceeding against any of the rights or interests to properties securing payment of this Note. Time is of the essence with respect to every provision of this Note. This Note will be construed and enforced in accordance with California law, and Borrower consents to the jurisdiction of any Federal or State Court within California having

proper venue and also consents to service of process by any means authorized by California or Federal law.

Payments under this Note and/or the Deed of Trust may be paid by a third party(ies) other than Borrower and such payment, if any, shall be deemed acceptable to and accepted by the Lender or holder in the same manner as if paid by Borrower.

[Signatures of following page]

This Note is made, effective as of the date first set forth above, by the undersigned Borrower.

BORROWER:

S&W Blue Jay Way, LLC

By: RC/HS, LLC, a California limited liability company

By: ______________________________
Hushmand Sohaili, Manager

By: 1966 BJW, LLC, a Delaware limited liability company

By: ______________________________
Richard Weintraub, Authorized Signatory

# EXHIBIT “B”

## AMENDMENT TO PROMISSORY NOTE SECURED BY DEED OF TRUST

This Amendment to Promissory Note Secured By Deed Of Trust (this "**Amendment**") is made as of May 1, 2017, by and between S&W Blue Jay Way, LLC ("**Borrower**") and Robert Cohen, as trustee of the Cohen Family Trust dated March 13, 1986 as restated December 31, 2005, as amended ("**Lender**").

WHEREAS, Lender made a loan to Borrower in the original principal amount of Two Million Five Hundred Thousand Dollars ($2,500,000.00) (the "**Loan**"), which Loan is evidenced by that certain Promissory Note Secured By Deed of Trust dated February 26, 2013, in the original principal amount of the Loan, executed by Borrower (the "**Note**"), and which Note is secured by that certain Deed of Trust with Assignment of Rents (Long Form) (the "**Blue Jay Junior Deed of Trust**") dated as of March 5, 2013, recorded on March 19, 2013, as Instrument No. 20130411255 in the official records of the Los Angeles County, California ("**Official Records**"), on real property commonly known as 1633 Blue Jay Way, Los Angeles, California (the "**Blue Jay Property**"), and more fully described in the Deed of Trust. All capitalized terms used herein without definition shall have the meanings ascribed to them in the Note.

WHEREAS, Borrower and Lender desire to extend the Maturity Date subject to the terms of this Amendment.

NOW, THEREFORE, for and in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which are hereby, parties hereby agree as follows:

1. Incorporation of Recitals. Borrower and Lender each confirms the truth and accuracy of the recitals, each of which are made a part of this Amendment.

2. Agreement to Extend Maturity Date of the Loan. The Maturity Date shall be extended to and shall hereinafter mean: the earlier of (i) May 1, 2019 or (ii) upon the closing of the sale of the Blue Jay Property by Borrower.

3. Additional Security. In consideration of the extension of the Maturity Date and Lender's agreement to subordinate as provided herein, Borrower shall execute and cause to be recorded a deed of trust substantially in the form attached hereto as Exhibit "A" (the "**Malibu Junior Deed of Trust**") on that certain real property commonly known as 33386 and 33398 Pacific Coast Highway, Malibu, California. Lender acknowledges and agrees that the Malibu Junior Deed of Trust shall be junior and subordinate to that certain Long Form Deed of Trust and Assignment of Rents dated as of December 15, 2015, recorded on January 6, 2016 as Instrument No. 20160011910 in the Official Records securing a loan in the amount of $2,700,000.00.

4. Secured Liens on Blue Jay Property; Subordination. The second to last paragraph on page 2 of the Note, which begins with "Borrower agrees that the only secured lien…", is hereby deleted in its entirety and replaced with the following: "Notwithstanding anything to the contrary in the Note, Lender acknowledges and agrees that it will subordinate the lien of the Blue Jay Junior Deed of Trust to the lien securing that certain senior loan in the amount of

$3,725,000.00 (i.e., a $1,500,000.00 increase over the current balance of the existing first lien) obtained, or about to be obtained, from the lender described in the subordination agreement attached hereto as Exhibit "B" (the "**Subordination Agreement**"), which new senior loan is or shall be secured by a deed of trust on the Blue Jay Property (the "**Blue Jay Senior Deed of Trust**"). Lender agrees to execute, and permit Borrower to record, the Subordination Agreement pursuant to which the Blue Jay Junior Deed of Trust is subordinated to the Blue Jay Senior Deed of Trust as more fully set forth in the attached subordination agreement.

5. Miscellaneous. Except as modified hereby, the terms and conditions of the Note shall continue in full force and effect. This Amendment may be executed in multiple counterparts, each of which shall be an original and all of which together shall constitute one agreement. In order to expedite the execution of this Amendment, a facsimile or electronic mail signature shall be binding and have the same effect as an original signature.

[*End of text; Signatures appear on the following page*]

Exhibit A

Form of Malibu Junior Deed of Trust

[Attached]

# Exhibit B

## Form of Subordination Agreement

IN WITNESS WHEREOF, the parties hereto have duly executed this Amendment as of the date set forth above.

Borrower:

S&W Blue Jay Way, LLC

By: H.S BlueJay Way ~~RC/HS~~, LLC, a California limited liability company

By: ______________________________
Hushmand Sohaili, Manager

By: 1966 BJW, LLC, a Delaware limited liability company

By: ______________________________
Richard Weintraub, Authorized Signatory

Lender:

______________________________
Robert Cohen, as trustee of the Cohen Family Trust dated March 13, 1986 as restated December 31, 2005, as amended

# EXHIBIT "C"

**This page is part of your document - DO NOT DISCARD**

# 20170581677

**Pages: 0008**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County, California**

**05/25/17 AT 08:00AM**

| | |
|---|---|
| FEES: | 61.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 61.00 |

LEADSHEET

201705250120029

**00013760704**

008351872

**SEQ:**
**03**

SECURE - 8:00AM

**THIS FORM IS NOT TO BE DUPLICATED**

E464772

E08_170525_5[illegible]91

FOR REFERENCE ONLY: 20170581677

RECORDED AT THE REQUEST OF
CHICAGO TITLE COMPANY
RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO

Robert Cohen
c/o Burton Way Hotels
2029 Century Park East, Suite 2200
Los Angeles, CA 90067

Accomodation

# LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

**APN NOS.** 4473-019-005; 4473-019-006 and 4473-019-007

**This Deed of Trust,** is made May 1, 2017, between 180 PCH, LLC, a California limited liability company, herein called Trustor, whose address is P.O Box 6528, Malibu, CA 90264, First American Title Company, herein called Trustee, and Robert Cohen, as trustee of the Cohen Family Trust dated March 13, 1986 as restated December 31, 2005, as amended, herein called Beneficiary,

**Witnesseth:** That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE,** that property in Los Angeles County, California, described as:

See Exhibit "A" attached hereto

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions herein to collect and apply such rents, issues and profits. **For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness due and owing under that certain promissory note dated February 26, 2013, and any extension or renewal thereof, in the original principal sum of $2,500,000.00 executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1) To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general

(2) To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto, all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof

RECORDED AT THE REQUEST OF
CHICAGO TITLE COMPANY
RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO

Robert Cohen
c/o Burton Way Hotels
2029 Century Park East, Suite 2200
Los Angeles, CA 90067

Accomodation

# LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

**APN NOS.** 4473-019-005; 4473-019-006 and 4473-019-007

**This Deed of Trust,** is made May 1, 2017, between 180 PCH, LLC, a California limited liability company, herein called Trustor, whose address is P.O Box 6528, Malibu, CA 90264, First American Title Company, herein called Trustee, and Robert Cohen, as trustee of the Cohen Family Trust dated March 13, 1986 as restated December 31, 2005, as amended, herein called Beneficiary,

**Witnesseth:** That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE,** that property in Los Angeles County, California, described as:

See Exhibit "A" attached hereto

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions herein to collect and apply such rents, issues and profits. **For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness due and owing under that certain promissory note dated February 26, 2013, and any extension or renewal thereof, in the original principal sum of $2,500,000.00 executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1) To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general

(2) To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto, all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof

Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto "Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person , by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder. Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires ,the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

**The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.**

Notwithstanding anything to the contrary in this Deed of Trust, this Deed of Trust shall be junior and subordinate to that certain Long Form Deed of Trust and Assignment of Rents dated as of December 15, 2015, recorded on January 6, 2016 as Instrument No. 20160011910 in the Official Records of Los Angeles County, California, among Trustor, as trustor, Astro Escrow, Inc., as trustee, and F Street CTY LLC, Parviz Kamali, Tsu Hua Tsai, Wen Bing Chen, and Mei Lin Chen Yang, as beneficiary.

180 PCH, LLC,
a California limited liability company

By: HS 270, LLC,
a California limited liability company,
its Member

By: ______________________
Hushmand Sohaili, its sole member

By: PCH 1000, LLC,
a California limited liability company,
its Member

By: WERWER One Thousand, LLC,
a California limited liability company
its Managing Member

By: ______________________
Richard Weintraub, its Manager

| |
|---|
| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document. |

State of California
County of LOS ANGELES
On MAY 1, 2017 before me GAIL ELEN, NOTARY PUBLIC, (here insert name and title of the officer), personally appeared HUSHMAND SOHAILI, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity(ies), and that by his/~~her/their~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Signature Gail Elen (Seal)

GAIL ELEN
Commission # 2067336
Notary Public - California
Los Angeles County
My Comm. Expires Jun 4, 2018

| |
|---|
| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document. |

State of California
County of Los Angeles
On 02 May 2017 before me Stephany Feinstein, Notary Public, (here insert name and title of the officer), personally appeared Richard Weintraub, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Signature ______________________ (Seal)

STEPHANY FEINSTEIN
Notary Public - California
Los Angeles County
Commission # 2192520
My Comm. Expires Apr 20, 2021

**EXHIBIT "A"**

**Legal Description**

Real property in the City of Malibu, County of Los Angeles, State of California, described as follows:

PARCEL 1:

THE MOST WESTERLY 85 FEET OF THAT PARCEL OF LAND BEING A PORTION OF RANCHO TOPANGA MALIBU SEQUIT, IN THE CITY OF MALIBU, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS CONFIRMED TO MATTHEW KELLER BY PATENT RECORDS IN BOOK 1, PAGE 407 ET SEQ., OF PATENTS, RECORD OF SAID COUNTY, PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE SOUTHERLY LINE OF THE 80 FOOT STRIP OF LAND DESCRIBED IN THE FROM T.R. CADWALADER, ET AL., TO THE STATE OF CALIFORNIA, RECORDED IN BOOK 15228, PAGE 342 OFFICIAL RECORDS OF SAID COUNTY, SAID POINT OF BEGINNING BEING SOUTH 9° 14' 30" WEST 40 FEET AND SOUTH 80° 45' 30" EAST 3774.72 FEET FROM ENGINEER'S CENTER LINE STATION 192 PLUS 85.81 AT THE WESTERLY EXTREMITY OF THAT CENTER LINE COURSE DESCRIBED IN SAID DEED AS SOUTH 80° 45' 30" EAST 7702.63 FEET, SAID POINT OF BEGINNING BEING ALSO IN THE NORTHERLY PROLONGATION OF THE WESTERLY LINE OF THE PARCEL OF LAND DESCRIBED IN A DEED FROM MARBLEHEAD LAND COMPANY TO GEORGE E. GORE AND WIFE, RECORDED IN BOOK 21461 PAGE 209 OFFICIAL RECORDS OF SAID COUNTY.

THENCE NORTH 80° 45' 30" WEST 125 FEET ALONG THE SOUTHERLY LINE OF SAID 80 FOOT STRIP; THENCE SOUTH 9° 14' 30" WEST TO A POINT IN THE ORDINARY HIGH TIDE OF THE PACIFIC OCEAN; THENCE EASTERLY ALONG SAID TIDE LINE TO THE INTERSECTION OF SAID TIDE LINE AND THAT LINE WHICH BEARS SOUTH 9° 14' 30" WEST FROM THE POINT OF BEGINNING; THENCE NORTH 9° 14' 30" EAST TO THE POINT OF BEGINNING, SAID LAST
MENTIONED COURSE BEING THE WESTERLY LINE OF SAID GORE PARCEL HERETOFORE MENTIONED AND THE PROLONGATION OF SAID WESTERLY LINE.

EXCEPT THEREFROM THAT PORTION OF THE 100 FEET STRIP OF LAND DESCRIBED IN A DEED FROM MARBLEHEAD LAND COMPANY TO THE STATE OF CALIFORNIA, RECORDED IN BOOK 20716, PAGE 385 OFFICIAL RECORDS OF SAID COUNTY, THAT LIES WITHIN THE PARCEL HEREIN DESCRIBED.

ALSO EXCEPT THEREFROM THE MOST NORTHERLY 250 FEET.

ALSO EXCEPT THEREFROM THE MOST WESTERLY 42.5 FEET OF THE REMAINDER. EXCEPTING

FROM ALL OF THE ABOVE DESCRIBED LAND, ALL MINERALS, OIL, PETROLEUM, ASPHALTUM, GAS, COAL, AND OTHER HYDROCARBONS SUBSTANCES AND WATER CONTAINED IN, ON WITHIN AND UNDER SAID LANDS AND EVERY PART THEREOF, WITHOUT THE RIGHT TO GO UPON SAID LANDS TO EXTRACT ANY OF SAID SUBSTANCES, AS EXCEPTED IN THE DEED RECORDED JUNE 08, 1944 AS INSTRUMENT NO. 46, BOOK 20892, PAGE 395 OF OFFICIAL RECORDS.

PARCEL 2:

THE MOST WESTERLY 42.5 FEET OF THAT PARCEL OF LAND BEING A PORTION OF RANCHO TOPANGA MALIBU SEQUIT, AS CONFIRMED TO MATTHEW KELLER, BY PATENT RECORDED IN BOOK 1, PAGE 407 ET SEQ., OF PATENTS, RECORDS OF SAID COUNTY PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE SOUTHERLY LINE OF THE 80-FOOT STRIP OF LAND DESCRIBED IN THE DEED FROM T.R. CADWALADER, ET AL., TO THE STATE OF CALIFORNIA, RECORDED IN BOOK 15228, PAGE 342, OFFICIAL RECORDS OF SAID COUNTY, SAID POINT OF BEGINNING BEING SOUTH 9° 14' 30" WEST 40 FEET AND SOUTH 80° 45' 30" EAST 3774.72 FEET FROM ENGINEER'S CENTERLINE STATION 192 PLUS 85.81 AT THE WESTERLY EXTREMITY OF THAT CERTAIN CENTER LINE COURSE

DESCRIBED IN SAID DEED AS SOUTH 80° 45' 30" EAST 7702.63 FEET, SAID POINT OF BEGINNING BEING ALSO IN THE NORTHERLY PROLONGATION OF THE WESTERLY LINE OF THE PARCEL OF LAND DESCRIBED IN A DEED FROM MARBLEHEAD LAND COMPANY TO GEORGE E. GORE AND WIFE, RECORDED IN BOOK 21461, PAGE 209, OFFICIAL RECORDS OF SAID COUNTY.

THENCE NORTH 80° 45' 30" WEST 125 FEET ALONG THE SOUTHERLY LINE OF SAID 80 FOOT STRIP; THENCE SOUTH 9° 14' 30" WEST TO A POINT IN THE ORDINARY HIGH TIDE LINE OF THE PACIFIC OCEAN; THENCE EASTERLY ALONG SAID TIDE LINE TO THE INTERSECTION OF SAID TIDE LINE AND THAT LINE WHICH BEAR SOUTH 9° 14' 30" WEST FROM THE POINT OF BEGINNING; THENCE NORTH 9° 14' 30" EAST TO THE POINT OF BEGINNING, SAID LAST MENTIONED COURSE BEING ALSO THE WESTERLY LINE OF SAID GORE PARCEL HERETOFORE MENTIONED AND THE PROLONGATION OF SAID WESTERLY LINE.

EXCEPT THEREFROM THAT PORTION OF THE 100-FOOT STRIP OF LAND DESCRIBED IN A DEED FROM MARBLEHEAD LAND COMPANY TO THE STATE OF CALIFORNIA, RECORDED IN BOOK 20716, PAGE 385, OFFICIAL RECORDS OF SAID COUNTY THAT LIES WITHIN THE PARCEL DESCRIBED HEREIN.

ALSO EXCEPT THEREFROM THE MOST NORTHERLY 250 FEET OF THE REMAINDER.

SAID LAND IS ALSO DESCRIBED ON THE ORIGINAL CERTIFICATE OF COMPLIANCE RECORDED DECEMBER 06, 1978 AS INSTRUMENT NO. 78-1357202.

PARCEL 3:

THE MOST EASTERLY 40 FEET OF THAT PARCEL OF LAND BEING A PORTION OF RANCHO TOPANGA MALIBU SEQUIT AS CONFIRMED TO MATTHEW KELLER, BY PATENT RECORDED IN BOOK 1, PAGE 407 ET SEQ., OF PATENTS, RECORDS OF SAID COUNTY, PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE SOUTHERLY LINE OF THE 80 FOOT STRIP OF LAND DESCRIBED IN THE DEED FROM T. R. CADWALADER, ET AL., TO THE STATE OF CALIFORNIA, RECORDED IN BOOK 15228, PAGE 342, OFFICIAL RECORDS OF SAID COUNTY, SAID POINT OF BEGINNING SOUTH 9° 14' 30" WEST 40 FEET AND SOUTH 80° 45' 30" EAST 3774.72 FEET FROM ENGINEER'S CENTER LINE STATION 192 PLUS 85.81 AT THE WESTERLY EXTREMITY OF THAT CERTAIN CENTER LINE COURSE DESCRIBED IN SAID DEED AS SOUTH 80° 45' 30" EAST 7702.63 FEET, SAID POINT OF BEGINNING BEING ALSO IN THE NORTHERLY PROLONGATION OF THE WESTERLY LINE OF PARCEL OF LAND COMPANY OF GEORGE E. GORE AND WIFE, RECORDED IN BOOK 21461, PAGE 209, OFFICIAL RECORDS OF SAID COUNTY.

THENCE NORTH 80° 45' 30" WEST 125 FEET ALONG THE SOUTHERLY LINE OF SAID 80 FOOT STRIP. THENCE SOUTH 9° 14' 30" WEST TO A POINT IN THE ORDINARY HIGH TIDE LINE OF THE PACIFIC OCEAN; THENCE EASTERLY ALONG SAID TIDE LINE TO THE INTERSECTION OF SAID TIDE LINE AND THAT LINE WHICH BEARS SOUTH 9° 14' 30" WEST FROM THE POINT OF BEGINNING; THENCE NORTH 9° 14' 30" EAST TO THE POINT OF BEGINNING, SAID LAST MENTIONED COURSE BEING ALSO THE WESTERLY LINE OF SAID GORE PARCEL HERETOFORE MENTIONED AND THE PROLONGATION OF SAID WESTERLY LINE.

EXCEPTING THEREFROM THAT PORTION OF THE 100 FOOT STRIP OF LAND DESCRIBED IN A DEED FROM MARBLEHEAD LAND COMPANY TO THE STATE OF CALIFORNIA, RECORDED IN BOOK 20716, PAGE 385 OFFICIAL RECORDS OF SAID COUNTY, THAT LINES WITHIN THE PARCEL HEREIN DESCRIBED.

ALSO EXCEPT THE WESTERLY THIRTY FEET OF THE MOST NORTHERLY 250 FEET.

PARCEL 4:

THOSE RIGHTS CONTAINED IN THAT CERTAIN ACCESS EASEMENT AGREEMENT RECORDED AUGUST 23, 2012 AS INSTRUMENT NO. 20121257928 OF OFFICIAL RECORDS.

# DO NOT RECORD

## REQUEST FOR FULL RECONVEYANCE

To be used only when note has been paid:

To Stewart Title of California, Inc., Trustee Dated ____________________

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

**MAIL RECONVEYANCE TO:**

By ____________________ ____________________

By ____________________ ____________________

____________________

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

# EXHIBIT "D"

ALLONGE TO PROMISSORY NOTE SECURED BY DEED OF TRUST

This Allonge to Promissory Note Secured by Deed of Trust is attached to and forms a part of that certain Promissory Note Secured by Deed of Trust (as amended, the "Note"), dated as of February 26, 2013, as amended by that certain Amendment to Promissory Note Secured by Deed of Trust, dated as of May 1, 2017, in the original principal amount of TWO MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($2,500,000.00) from S&W Blue Jay Way, LLC, a California limited liability company, in favor of Robert Cohen as trustee of the Cohen Family Trust dated March 13, 1986 as restated December 31, 2005 (as amended, "Lender"). For value received, Lender hereby absolutely assigns, transfers, endorses, negotiates and sets over and makes payable to the order of Blue Jay 180 LLC, a California limited liability company, (together with its successors, participants and assigns, "Assignee"), the Note, without any right of recourse and without any representation, covenant or warranty whatsoever.

Dated: as of April 25, 2023

Ellen Cohen Attorney in fact

ROBERT COHEN,
as trustee of the COHEN FAMILY TRUST
DATED MARCH 13, 1986 AS RESTATED
DECEMBER 31, 2005, AS AMENDED

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
RONALD RICHARDS, ESQ. (SBN 176246

THE LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, APC
PO BOX 11480
BEVERLY HILLS, CA 90213

TELEPHONE NO.: 310-556-1001 FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FOR COURT USE ONLY

**Electronically FILED by Superior Court of California, County of Los Angeles 9/21/2026 1:59 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Sam, Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 1725 MAIN STREET
MAILING ADDRESS: 1725 MAIN STREET
CITY AND ZIP CODE SANTA MONICA, CA 90401
BRANCH NAME: SANTA MONICA COURTHOUSE

PLAINTIFF/PETITIONER: BLUE JAY 180 LLC, A CALIFORNIA LIMITED LIABILITY COMPANY

DEFENDANT/RESPONDENT: HUSHMAND SOHAILI, AN INDIVIDUAL, ET AL.

CASE NUMBER: 26SMCV02555

ref No. or File No.

**PROOF OF SERVICE OF SUMMONS**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. 1 served copies of:
   a. ☑ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR)) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: AMENDMENT TO COMPLAINT; FIRST AMENDED COMPLAINT; EXHIBITS A-D

3. a. Party served *(specify name of party as shown on documents served)*:
   1966 BJW, LLC

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   PARACORP INCORPORATED, AS AGENT, ACCEPTED BY LEAH HAYLE (MANAGING AGENT EMPLOYED AT REGISTERED AGENT)

4. Address where the party *was* served:
   2140 S. DUPONT HWY, CAMDEN, DE 19934

5. I served the party (check proper box)
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 09/21/2026 (2) at *(time)*: 3:15 PM
   b. ☐ **by substituted service.** On *(date)*: at *(time)*.- I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served, I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). 1 mailed the documents on (date): from (city): or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration, **of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: BLUE JAY 180 LLC, A CALIFORNIA LIMITED LIABILITY COMPANY<br>DEFENDANT/RESPONDENT: HUSHMAND SOHAILI, AN INDIVIDUAL, ET AL. | CASE NUMBER<br>26SMCV02555 |
|---|---|

5. c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on (date): (2) from *(city)*:

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ by other means *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☒ On behalf of *(specify):* 1966 BJW, LLC

under the following Code of Civil Procedure section:

☐ 416. 1 0 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 Joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☑ other: LLC

7. Person who served papers

a. Name: FRANK PRITCHETT
b. Address: P.O. BOX 1360 WILMINGTON, DE 19899
c. Telephone number: 302-475-2600
d. The fee for service was: $
e. I am:

(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☐ a registered California process server:

(i) ☐ owner ☐ employee ☐ independent contractor.
(i i) Registration No.:
(iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foreqoinq is true and correct.

or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 09/21/2026

FRANK PRITCHETT
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ FKP
(SIGNATURE)

Language Access
English

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | |
|---|---|
| **CASE INFORMATION:** | 26SMCV02555 |
| **Case Title:** | BLUE JAY 180, LLC VS HUSHMAND SOHAILI, ET AL. |
| **Filing Courthouse:** | Santa Monica Courthouse |
| **Filing Date:** | 5/8/2026 |
| **Case Type:** | Other Promissory Note/Collections (General Jurisdiction) |
| **Status:** | Pending |

Click here to access document images for this case.

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

**Related** 23SMCV02921 5/27/2026

Print New Search

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | |
|---|---|
| 180 PCH LLC | Defendant |
| 1966 BJW LLC A DELAWARE LIMITED LIABILITY COMPANY | Defendant |
| BLUE JAY 180 LLC | Plaintiff |
| ERW ONE THOUSAND LLC A DELAWARE LIMITED LIABILITY COMPANY | Defendant |
| HS BLUE JAY WAY LLC A CALIFORNIA LIMITED LIABILITY COMPANY FORMERLY KNOWN AS RC/HS LLC | Defendant |
| LONG GEOFFREY S. | Attorney for Plaintiff |
| LVC ONE THOUSAND LLC AN ENTITY OF UNKNOWN STATE FORMATION AKA LA VILLA CONTENTA LLC A DELAWARE LIMITED LIABILITY COMPANY | Defendant |
| RICHARDS RONALD NEIL | Attorney for Plaintiff |
| SOHAILI HUSHMAND | Defendant |
| WEINTRAUB RICHARD | Defendant |

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | **Documents Filed** | Past Proceedings

| | | |
|---|---|---|
| **9/21/2026** | Proof of Personal Service | Filed by Blue Jay 180, LLC (Plaintiff) |
| **9/17/2026** | Amended Complaint (1st) | Filed by Blue Jay 180, LLC (Plaintiff) |
| **9/16/2026** | Amendment to Complaint (Fictitious/Incorrect Name) | Filed by Blue Jay 180, LLC (Plaintiff) |
| **9/14/2026** | Proof of Personal Service | Filed by Blue Jay 180, LLC (Plaintiff) |
| **5/27/2026** | Certificate of Mailing for (Court Order) of 05/27/2026 | Filed by Clerk |
| **5/27/2026** | Minute Order (Court Order) of 05/27/2026 | Filed by Clerk |
| **5/22/2026** | Notice of Related Case | Filed by Blue Jay 180, LLC (Plaintiff) |
| **5/21/2026** | Association of Attorney | Filed by Blue Jay 180, LLC (Plaintiff) |
| **5/8/2026** | Alternative Dispute Resolution Packet | Filed by Clerk |
| **5/8/2026** | Civil Case Cover Sheet | Filed by Blue Jay 180, LLC (Plaintiff) |
| **5/8/2026** | Clerks Certificate of Service By Electronic Service | Filed by Clerk |
| **5/8/2026** | Complaint | Filed by Blue Jay 180, LLC (Plaintiff) |
| **5/8/2026** | Notice of Case Assignment - Unlimited Civil Case | Filed by Clerk |
| **5/8/2026** | Notice of Case Management Conference | Filed by Clerk |
| **5/8/2026** | Summons on Complaint | Filed by Blue Jay 180, LLC (Plaintiff) |

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | **Past Proceedings**

| | | | |
|---|---|---|---|
| **9/8/2026 08:30 AM** | Department N | Case Management Conference | Not Held - Taken Off Calendar by Court |
| **5/27/2026 10:22 AM** | Department O | Court Order | Held |

## REGISTER OF ACTIONS

Case Information | **Register Of Actions** | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | |
|---|---|
| **9/21/2026** | Proof of Personal Service; Filed by: Blue Jay 180, LLC (Plaintiff); As to: 1966 BJW, LLC, a Delaware limited liability company (Defendant); Service Date: 09/21/2026; Service Cost: 0.00; Service Cost Waived: No |
| **9/18/2026** | Updated -- Amended Complaint (1st): Name Extension: (1st) |
| **9/17/2026** | Amended Complaint; Filed by: Blue Jay 180, LLC (Plaintiff); As to: Hushmand Sohaili (Defendant); Richard Weintraub (Defendant); 1966 BJW, LLC, a Delaware limited liability company (Defendant) et al. |
| **9/16/2026** | Amendment to Complaint (Fictitious/Incorrect Name); Filed by: Blue Jay 180, LLC (Plaintiff); As to: 180 PCH, LLC (Defendant) |

| | |
|---|---|
| **9/14/2026** | Proof of Personal Service; Filed by: Blue Jay 180, LLC (Plaintiff); As to: 1966 BJW, LLC, a Delaware limited liability company (Defendant); Service Date: 09/14/2026; Service Cost: 108.00; Service Cost Waived: No |
| **5/27/2026** | Case reassigned to Santa Monica Courthouse in Department O - Hon. Bradley S. Phillips |
| **5/27/2026** | Certificate of Mailing for (Court Order) of 05/27/2026; Filed by: Clerk |
| **5/27/2026** | Minute Order (Court Order) of 05/27/2026 |
| **5/27/2026** | Case numbers 23SMCV02921, 26SMCV02555 are related; case number 23SMCV02921 is the lead case. |
| **5/27/2026** | Case numbers 23SMCV02921, 26SMCV02555 are related; case number 23SMCV02921 is the lead case. |
| **5/27/2026** | Case Management Conference scheduled for 09/08/2026 at 08:30 AM in Santa Monica Courthouse at Department N Not Held - Taken Off Calendar by Court on 05/27/2026 |
| **5/26/2026** | Updated -- Notice of Related Case: Filed By: Blue Jay 180, LLC (Plaintiff); Result: Reviewed - No Action Required ; Result Date: 05/26/2026 |
| **5/22/2026** | Notice of Related Case; Filed by: Blue Jay 180, LLC (Plaintiff) |
| **5/21/2026** | Association of Attorney; Filed by: Blue Jay 180, LLC (Plaintiff) |
| **5/21/2026** | Address for Gregory E. Stone (Attorney) updated |
| **5/21/2026** | Address for Alisa Morgenthaler (Attorney) updated |
| **5/8/2026** | Case Management Conference scheduled for 09/08/2026 at 08:30 AM in Santa Monica Courthouse at Department N |
| **5/8/2026** | Clerks Certificate of Service By Electronic Service; Issued and Filed by: Clerk; As to: Alisa Morgenthaler (Attorney); Gregory E. Stone (Attorney); Ronald Neil Richards (Attorney) |
| **5/8/2026** | Notice of Case Management Conference; Filed by: Clerk |
| **5/8/2026** | Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk |
| **5/8/2026** | Alternative Dispute Resolution Packet; Filed by: Clerk |
| **5/8/2026** | Summons on Complaint; Issued and Filed by: Blue Jay 180, LLC (Plaintiff); As to: Hushmand Sohaili (Defendant); Richard Weintraub (Defendant); 1966 BJW, LLC, a Delaware limited liability company (Defendant) et al. |
| **5/8/2026** | Civil Case Cover Sheet; Filed by: Blue Jay 180, LLC (Plaintiff); As to: Hushmand Sohaili (Defendant); Richard Weintraub (Defendant); 1966 BJW, LLC, a Delaware limited liability company (Defendant) et al. |
| **5/8/2026** | Complaint; Filed by: Blue Jay 180, LLC (Plaintiff); As to: Hushmand Sohaili (Defendant); Richard Weintraub (Defendant); 1966 BJW, LLC, a Delaware limited liability company (Defendant) et al. |
| **5/8/2026** | Case assigned to Hon. Lisa K Sepe-Wiesenfeld in Department N Santa Monica Courthouse |

Back To Top