Anthony R. Bisconti, State Bar No. 269230
tbisconti@bienertkatzman.com
**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
360 E. 2nd Street, Ste. 625
Los Angeles, CA 90012
Telephone (213) 528-3400
Facsimile (949) 369-3701

Attorneys for S&W Blue Jay Way, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION**

| | |
|---|---|
| In re<br><br>S&W BLUE JAY WAY, LLC,<br><br>Debtor and<br>Debtor-in-Possession. | Case No. 9:23-bk-10672-RC<br><br>Chapter 11<br><br>Hon. Ronald A. Clifford III<br><br>**REORGANIZED DEBTOR'S MOTION TO REOPEN BANKRUPTCY CASE FOR LIMITED PURPOSE; DECLARATION OF HUSHMAND SOHAILI IN SUPPORT**<br><br>**[No Hearing Required]** |

**TO THE HONORABLE RONALD A. CLIFFORD III, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL PARTIES IN INTEREST:**

S&W Blue Jay Way, LLC ("S&W" or the "Reorganized Debtor") requests, pursuant to 11 U.S.C. § 350(b), Rule 5010 of the Federal Rules of Bankruptcy Procedure ("FRBP"), and Rule 5010-1 of this Court's Local Bankruptcy Rules ("LBR"), that the Court reopen the above-captioned bankruptcy case ("Bankruptcy Case") for the limited purpose of permitting the Court to hear and determine the Reorganized Debtor's concurrently filed *Motion for Order Interpreting, Enforcing*, *and/or Clarifying* the *Court's Order Conditionally Granting Blue Jay 180, LLC's Motion* to *Conditionally Withdraw Claim No. 2-1 [ECF 372]* (the "CWO Motion"). The order at issue is the Court's *Order Conditionally Granting Blue Jay 180, LLC's Motion to Conditionally Withdraw Claim No. 2-1*, entered July 28, 2025 [ECF 372] (the "Conditional Withdrawal Order" or "CWO"). This motion seeks no relief other than reopening of the Bankruptcy Case; the relief requested with respect to the Conditional Withdrawal Order is sought solely by the CWO Motion. This motion is supported by the below memorandum of points and authorities and the attached declaration of Hushmand Sohaili (the "Sohaili Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

As the Court will recall, in the Bankruptcy Case Blue Jay 180, LLC ("BJ180") filed Proof of Claim No. 2-1 (the "Claim") against the Reorganized Debtor based on a promissory note (the "Note") entered into by and between the Reorganized Debtor, on the one hand, and the Cohen Trust (BJ180's predecessor in interest) on the other hand. The Reorganized Debtor objected to the Claim and filed a motion for summary judgment; the sole issue was whether the Note was usurious. ECF 90.

In the face of the Reorganized Debtor's motion for summary judgment, and with trial scheduled to commence July 31, 2025, BJ180 filed a motion seeking to "conditionally withdraw" its Claim. ECF 301. The Reorganized Debtor opposed that motion. ECF 322. After several hearings, the Court ultimately entered the Conditional Withdrawal Order, which permitted BJ180 to withdraw its Claim on the express condition "that [BJ180] is to **waive its Claim** against [the Reorganized Debtor], **thereby releasing any future request to recover said claim** from [the Reorganized Debtor]." ECF 372 at 12:17–19 (emphasis

added). The Conditional Withdrawal Order further observed that BJ180 "has asserted that it is agreeable to a granting of the Motion with the condition that it will be **forever barred from asserting the Claim** against [the Reorganized Debtor] in the future." *Id.* at 8 (emphasis added).

The Court's Conditional Withdrawal Order therefore expressly required BJ180 to "waive" and "release" its claim based on the Note "forever." Section 101(5) of the Bankruptcy Code expressly defines "claim" as "(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured." 11 U.S.C. § 101(5)(A)-(B). Accordingly, by waiving and releasing its Claim, BJ180 knowingly and voluntarily waived and released its right to payment on the debt underlying the Notte or any equitable remedy based on the Note or alleged breach thereof.

After entry of the Conditional Withdrawal Order, the Reorganized Debtor filed suit against BJ180, the Cohen Trust, and others in state court, in the action tiled *S&W Blue Jay Way, LLC v. Blue Jay 180 LLC, et al.*, LASC Case No. 26STCV00779 (the "Cohen Action"). In connection with the Cohen Action, BJ180 and other defendants in that case have made various arguments regarding the meaning, scope, and impact of the Conditional Withdrawal Order, the Reorganized Debtor's Plan, and the impact of 11 U.S.C. § 524(e), among other issues addressed by this Court.

Additionally, on May 7, 2026, after the Bankruptcy Case closed, BJ180 filed a lawsuit in Los Angeles Superior Court, *Blue Jay 180 LLC v. Sohaili, et al.*, LASC Case No. 26SMCV02555 (the "Alter Ego Action"), against the Reorganized Debtor's principals and member entities on a single cause of action for "breach of promissory note by alter egos of [the Reorganized Debtor]," seeking payment from them for the Reorganized Debtor's alleged breach of the Note—the same right to payment or equitable remedy that BJ180 waived and released before this Court. BJ180 served the original complaint on September 14, 2026, and filed the operative First Amended Complaint ("FAC") on September 17, 2026. The FAC expressly pleads this Bankruptcy Case, the Conditional Withdrawal Order, and the Reorganized Debtor's confirmed Plan as part of BJ180's claim, and pleads the Court-approved sale of the Reorganized Debtor's real

property under the Plan as part of the facts supporting alter ego liability.

On October 14, 2026, defendants 1966 BJW, LLC, HS Blue Jay Way, LLC, ERW One Thousand, LLC, LVC One Thousand, LLC, and 180 PCH, LLC removed the Alter Ego Action to this Court under 28 U.S.C. § 1452 and FRBP 9027, where it is pending as Adv. Pro. No. 9:26-ap-01037-RC. Adv. Dkt. 1. On October 21, 2026, those defendants moved to dismiss the FAC; that motion is set for hearing on November 18, 2026.

BJ180 has placed the meaning and effect of this Court's Conditional Withdrawal Order at issue in multiple proceedings before other tribunals. Accordingly, consistent with LBR 5010-1, concurrently with the filing of this motion, the Reorganized Debtor is filing the CWO Mottion, which asks the Court to interpret, enforce, and, to the extent necessary, clarify the Conditional Withdrawal Order with respect to the scope of the waiver and release the Court required of BJ180 as a condition of withdrawal, BJ180's agreement to reduce the debt to zero, the function of the order's "without prejudice" designation, and the order's effect on the debt under the Note. The specific relief requested is set forth in the CWO Motion and is not requested by this motion. This motion requests only that the Bankruptcy Case be reopened so that the Court may consider the CWO Motion.

## II. SUMMARY OF RELEVANT BACKGROUND

### A. The Bankruptcy Case, Claim, and Claim objection.

The Reorganized Debtor filed its voluntary Chapter 11 petition on August 4, 2023. ECF 1. On October 13, 2023, BJ180, as purported assignee of the Cohen Family Trust, filed Proof of Claim No. 2-1 in the amount of $2,759,775.10, based on the Note. Claim No. 2-1. On November 10, 2023, the Reorganized Debtor objected to the claim on the ground that the underlying loan was usurious and the claim had been satisfied (the "Claim Objection"). ECF 90.

The Court confirmed the Reorganized Debtor's First Modified First Amended Chapter 11 Liquidating Plan (the "Plan") on May 24, 2024. ECF 180; ECF 188. The Plan provides that the Reorganized Debtor would not receive a discharge. ECF 180 at 26:6–7. The Plan and Confirmation Order retain this Court's jurisdiction over claims, the Plan, and related releases. *Id.* at 27:8–9, 28:7–9 & Art. X; ECF 188 ¶ 36. Under the Plan, the Blue Jay Property was sold free and clear of BJ180's lien, rendering BJ180 a general unsecured creditor. ECF 372 at 2. The Claim Objection was then litigated through discovery, a

motion in limine, a pre-trial stipulation, and the Reorganized Debtor's motion for summary judgment [ECF 236] and was set for evidentiary hearing on July 31, 2025. ECF 372 at 2–3.

**1. BJ180's withdrawal motion and representations to the Court.**

On May 13, 2025, in the face of the Reorganized Debtor's summary judgment motion and with trial scheduled, BJ180 moved to withdraw the Claim. ECF 301. The Reorganized Debtor's opposed. ECF 322.

At the June 25, 2025 hearing, BJ180 attempted to narrow its waiver and release of its claim, arguing "we're withdrawing our claim without prejudice if the Court sticks to its tentative not to get or receive another dividend ever from this estate again, and we will bring no further claim in this estate," and "We're never coming back." ECF 358 at 3, 86. BJ180's manager and counsel, Ronald Richards, told the Court that BJ180 was "okay with a condition," that it was "not opposed to any condition," and that the condition could be "reducing the claim to zero" or "a release." *Id.* at 86, 90.

The Court observed at the hearing that BJ180 had "already waived any claim as of the petition date. That's done." *Id.* at 62:16–18. The Court further stated that "if the motion is granted, they're walking away from any claim, and that by definition, would be a claim that arose as of the petition date." *Id.* at 63:15–20. When the Reorganized Debtor argued that a withdrawal on those terms was by definition with prejudice, the Court responded: "In effect, it's with prejudice." *Id.* at 60:22–25. And as discussed below, the Court's written Conditional Withdrawal Order was not limited in the manner advocated by BJ180.

**2. The Conditional Withdrawal Order.**

On July 28, 2025, the Court entered the Conditional Withdrawal Order. ECF 372. The Court observed that BJ180 "has asserted that it is agreeable to a granting of the Motion with the condition that it will be forever barred from asserting the Claim against the Debtor in the future," which "seems to meet all but the 'prevailing party' argument by the Debtor," because "Blue Jay is agreeing that the Claim is essentially being withdrawn with prejudice insofar as it is not to be refiled." *Id.* at 8. The Court held that loss of prevailing-party fee rights did not constitute plain legal prejudice and permitted withdrawal "without prejudice." *Id.* at 9–10. The Court then stated: "***The Claim, however, is resolved in full in terms of payment*** with the granting of the Motion," *id.* at 11 and imposed the operative condition: "The Court conditions approval of the Motion on the term that [BJ180] is to ***waive*** its Claim against [the Reorganized

Debtor], thereby ***releasing any future request to recover said claim*** from [the Reorganized Debtor]." *Id.* at 12:17–19 (emphasis added). BJ180 did not withdraw its motion in response to the Court's conditions and did not seek reconsideration or appeal. *See id.* at 9–10. The Reorganized Debtor appealed the Conditional Withdrawal Order but later stipulated to dismissal of the appeal. ECF 402.

**3. The Alter Ego Action.**

On May 7, 2026, BJ180 filed the Alter Ego Action against Hushmand Sohaili, Richard Weintraub, 1966 BJW, LLC, HS Blue Jay Way, LLC, ERW One Thousand, LLC, and LVC One Thousand, LLC. 1966 BJW, LLC and HS Blue Jay Way, LLC are S&W's two managing members. On September 17, 2026, BJ180 filed its FAC, naming 180 PCH, LLC as Doe 1. 180 PCH was scheduled as a general unsecured creditor of the Reorganized Debtor's estate. *See* ECF 82. The Alter Ego Action was removed to this Court on October 14, 2026, and the defendants' motion to dismiss is set for hearing on November 18, 2026. Adv. Pro. No. 9:26-ap-01037-RC, Adv. Dkt. 1. The Alter Ego Action:

- identifies the Reorganized Debtor as the "Borrower" whose alleged breach of the Note is at issue, and alleges that the Reorganized Debtor "defaulted on its obligations to Plaintiff . . . under the Note," leaving $1,950,000 in principal due, *id.* ¶¶ 28, 46;
- alleges that each defendant is "the alter ego[] of [the Reorganized Debtor]" and "therefore, [is] liable and responsible for its obligations under the Note," *id.* ¶¶ 15–19, 62;
- asserts that "the Conditional Withdrawal Order did not release non-debtor third parties" and that the "without prejudice" withdrawal has no preclusive effect, *id.* ¶¶ 51–52;
- disputes the Reorganized Debtor's usury defense and alleges estoppel, *id.* ¶ 24;
- seeks "attorneys' fees incurred enforcing the Note against [the Reorganized Debtor]," "including but not limited to in the S&W BK Action," *id.* ¶ 66 & Prayer ¶ 2; and
- claims damages of "no less than $3,000,000," *id.* ¶ 67, asserts that "[t]he Conditional Withdrawal Order only ordered the bankruptcy claim and debt released as to the bankrupt Debtor S&W LLC and its estate," *id.* ¶ 50; and invokes 11 U.S.C. § 524(e), *id.* ¶ 51.

## III. ARGUMENT

Federal Rule of Bankruptcy Procedure 5010 provides that a bankruptcy case may be reopened on motion of the debtor or other party in interest pursuant to 11 U.S.C. § 350(b). "A case may be reopened in

the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Pursuant to LBR 9013-1(q)(11) and LBR 5010-1(e), a request to reopen a bankruptcy case may be determined without additional notice and without a hearing. Reopening "is a ministerial act that 'lacks independent legal significance and determines nothing with respect to the merits of the case.'" *Cusano v. Klein*, 264 F.3d 936, 948 (9th Cir. 2001) (quoting *Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 913 (B.A.P. 9th Cir. 1999)); *People's Bail Bonds v. Dobos (In re Dobos)*, 603 B.R. 31 (B.A.P. 9th Cir. 2019). A bankruptcy court retains jurisdiction to interpret and enforce its own prior orders. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009). Courts reopen cases to protect their jurisdiction over their own orders where another forum is being asked to construe them. *See In re Mirchou*, 588 B.R. 555 (Bankr. D. Nev. 2018) (citing *McGhan v. Rutz (In re McGhan)*, 288 F.3d 1172 (9th Cir. 2002)).

The Reorganized Debtor asks the Court to reopen this chapter 11 case for the limited purpose of permitting the Court to hear and determine the CWO Motion. Cause to reopen for this purpose exists. The Plan and Confirmation Order retain this Court's jurisdiction over claims, the Plan, and related releases. Further, BJ180 has placed the construction of the Conditional Withdrawal Order at issue in the Alter Ego Action and elsewhere, and the motion to dismiss pending in the removed adversary proceeding likewise turns on the scope of BJ180's waiver and release under that order. Among other things:

- The Alter Ego Action requires adjudication of the Reorganized Debtor's alleged liability on the waived and released Claim. Alter ego is a derivative theory: an alter ego defendant has no liability independent of the primary obligor. *Hennessey's Tavern, Inc. v. Am. Air Filter Co.*, 204 Cal. App. 3d 1351, 1359 (1988). BJ180 cannot prevail without proving that the Reorganized Debtor breached the Note, that $1,950,000 in principal remains due by the Reorganized Debtor, and that the Note is not usurious. These are the precise issues the Reorganized Debtor litigated for nearly two years through the Claim Objection and its pending motion for summary judgment. ECF 90, 236, 372. BJ180 is therefore seeking to revive the debt it agreed to wive and release and release the Reorganized Debtor liability on Claim No. 2-1 in an action to which the Reorganized Debtor is not a party, in circumstances where this Court accepted BJ180's waiver and release as the price of avoiding that adjudication here. The Reorganized Debtor has incurred and continues to incur fees and costs responding to BJ180's position that this Court's Conditional Withdrawal Order was in

essence meaningless. Sohaili Decl. ¶ 7.

- The Alter Ego Action seeks to recover the Claim itself. BJ180 seeks the same $1,950,000 principal under the same Note, together with “attorneys’ fees incurred enforcing the Note against S&W LLC,” expressly "including . . . in the S&W BK Action.” FAC ¶¶ 63–66 & Prayer ¶¶ 1–2. Fees incurred litigating the Claim in this Court are a component of the Claim that BJ180 waived. The requested recovery is, in substance, a “future request to recover said claim,” which this Court made clear BJ180 had waived and released. ECF 372 at 12.
- BJ180 is continuing to try to recover on the Claim by mischaracterizing the Conditional Withdrawal Order and the scope and effect of BJ180’s waiver and release before this Court. In the FAC, BJ180 invokes the effect of discharge under 11 U.S.C. § 524(e) on the liability of others. FAC ¶¶ 50–52. However, S&W received no discharge, ECF 180 (RJN Ex. 7) at 26:6–7, and the Conditional Withdrawal Order addressed BJ180’s waiver and release, *not discharge.* ECF 372 (RJN Ex. 1) *at 12.* The construction of this Court’s order is properly determined by this Court on the CWO Motion.

## IV. CONCLUSION

Based on the foregoing, the Reorganized Debtor respectfully requests that the Court reopen Case No. 9:23-bk-10672-RC under 11 U.S.C. § 350(b), FRBP 5010, and LBR 5010-1 for the limited purpose of permitting the Court to hear and determine the CWO Motion.

Dated: October 27, 2026

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By: *<u>/s/Anthony R. Bisconti</u>*
Anthony R. Bisconti
*Attorneys for the Reorganized Debtor*

Anthony R. Bisconti, State Bar No. 269230
tbisconti@bienertkatzman.com
**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
360 E. 2nd Street, Ste. 625
Los Angeles, CA 90012
Telephone (213) 528-3400
Facsimile (949) 369-3701

Attorneys for S&W Blue Jay Way, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION**

| | |
|---|---|
| In re<br><br>S&W BLUE JAY WAY, LLC,<br><br>Debtor and<br>Debtor-in-Possession. | Case No. 9:23-bk-10672-RC<br><br>Chapter 11<br><br>Hon. Ronald A. Clifford III<br><br>**DECLARATION OF HUSHMAND SOHAILI** |

**DECLARATION OF HUSHMAND SOHAILI**

I, Hushmand Sohaili, declare as follows:

1. I am a managing member of HS Blue Jay Way, LLC, a managing member of S&W Blue Jay Way, LLC ("S&W" or the "Reorganized Debtor"). Unless otherwise noted, I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify to the matters stated herein.

2. I make this declaration in support of the Reorganized Debtor's *Motion to Reopen Bankruptcy Case for Limited Purpose* (the "Motion to Reopen"). Unless otherwise stated, capitalized terms used herein have the meanings ascribed to them in the Motion.

3. HS Blue Jay Way, LLC and 1966 BJW, LLC are the two managing members of the Reorganized Debtor. In my capacity as a managing member of HS Blue Jay Way, LLC, I have been involved in and am familiar with the Reorganized Debtor's Chapter 11 case, including the Reorganized Debtor's objection to Proof of Claim No. 2-1 filed by Blue Jay 180, LLC ("BJ180"), BJ180's motion to conditionally withdraw that claim, and the Court's Conditional Withdrawal Order entered July 28, 2025.

4. On or about May 7, 2026, BJ180 filed a complaint in the Superior Court of California, County of Los Angeles, captioned *Blue Jay 180 LLC v. Sohaili, et al.*, Case No. 26SMCV02555 (the "Alter Ego Action"). I am a named defendant in the Alter Ego Action, as are Richard Weintraub, 1966 BJW, LLC, HS Blue Jay Way, LLC, ERW One Thousand, LLC, and LVC One Thousand, LLC. The Reorganized Debtor is not named as a defendant in the Alter Ego Action. In sum, the Alter Ego Action asserts claims against the defendants, who BJ180 alleges are the alter ego of the Reorganized Debtor, for the Reorganized Debtor's alleged breach of the promissory note that formed the basis of BJ180's Proof of Claim 2-1 filed in the Bankruptcy Case, which BJ180 waived and released as part of the Court's Conditional Withdrawal Order. The Alter Ego Action therefore seeks to revive the debt that the Court required BJ180 to waive and release as a condition of being permitted to withdraw its Proof of Claim 2-1.

5. On or about September 17, 2026, BJ180 filed a First Amended Complaint in the Alter Ego Action naming 180 PCH, LLC as Doe 1. On October 14, 2026, the Alter Ego Action was removed to this Court, where it is pending as Adv. Pro. No. 9:26-ap-01037-RC.

6. The Reorganized Debtor is a plaintiff in *S&W Blue Jay Way, LLC v. Blue Jay 180 LLC, et al.*, Los Angeles Superior Court Case No. 26STCV00779 (the "Cohen Trust Action"), in which the Reorganized Debtor seeks affirmative relief and damages against BJ180, the Cohen Trust, and others. In the Cohen Trust Action, BJ180 has asserted that its withdrawal of Proof of Claim No. 2-1 did not impact the existence of the alleged debt underlying the Note, and that BJ180 only agreed to forgo any distribution from the Reorganized Debtor's bankruptcy estate and to not refile its claim against the Reorganized Debtor.

7. In taking these positions, which attempt to revive the debt that BJ180 waived and released under the Conditional Withdrawal Order, BJ180 has argued to other Courts regarding the meaning of this Court's Conditional Withdrawal Order, the applicability of the discharge under 11 U.S.C. § 524(e), and the meaning of the Court's decision to permit BJ180 to withdraw its claim "without prejudice." In light of the positions taken by BJ180 regarding the scope and meaning of this Court's Conditional Withdrawal Order, the Reorganized Debtor is seeking to reopen the case for the limited purpose of filing a motion asking the court to interpret, enforce, and/or clarify its conditional withdrawal order.

8. The Reorganized Debtor has incurred and continues to incur legal fees and costs to respond to BJ180's allegations concerning the Reorganized Debtor's alleged breach of and liability under the Note.

9. I understood, from my review of all of the pleadings and filings made in connection with BJ180's motion to withdraw its Proof of Claim 2-1, from the argument of the parties and the comments of the Court at the June 25, 2025 hearing at which I was personally present, from my review of the Conditional Withdrawal Order, and from speaking with counsel, that the Court ordered that BJ180 had waived and released its claim and that the debt was extinguished forever, and that BJ180 through its counsel and manager agreed to those conditions in order to be permitted to withdraw its claim. Based on this I understood that the debt was extinguished and that litigation over the debt being owed was precluded. In reliance on that, the Reorganized Debtor agreed to dismiss its appeal of the Conditional Withdrawal Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 27, 2026, at Los Angeles, California.

______________________________
Hushmand Sohaili